PROSKAUER ROSE LLP
Joseph Baumgarten
Pinchos Goldberg
Eleven Times Square
New York, New York 10036
(212) 969-3000
*jbaumgarten@proskauer.com*
*pgoldberg@proskauer.com*
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
DAVID A. JOFFE,                                              :
                                                             :   Civil Action No.: 17-cv-03392 (VEC)
                       Plaintiff,                            :
                                                             :   **ECF CASE**
         -- against --                                       :
                                                             :   **ANSWER TO COMPLAINT**
KING & SPALDING LLP,                                         :
                                                             :
                       Defendant.                            :
------------------------------------------------------------ X

Defendant King & Spalding LLP ("K&S" or "Defendant"), by its attorneys, Proskauer Rose LLP, answers the Complaint herein as follows:

## AS TO "NATURE OF THE ACTION"

1.   With respect to the allegations set forth in Paragraph 1 (1 of 2)[1] of the Complaint, admits that Plaintiff is an attorney and a former employee of K&S, that K&S is a law firm, and that Plaintiff purports to bring this action pursuant to the statute and common law theory referenced therein.

---

[1] The first two paragraphs in the Complaint are both enumerated as "1".

1

## AS TO "PARTIES"

1. Admits, upon information and belief, the allegations set forth in Paragraph 1 (2 of 2) of the Complaint.

2. Admits the allegations set forth in Paragraph 2 of the Complaint.

## AS TO "JURISDICTION AND VENUE"

3. Denies the allegations set forth in Paragraph 3 of the Complaint, except admits that Plaintiff purports to bring this action pursuant to the statutory sections referenced therein and that the Court has subject matter jurisdiction over such claims.

4. Denies the allegations set forth in Paragraph 4 of the Complaint, except admits that Plaintiff purports to assert supplemental jurisdiction over his state law claim.

5. With respect to the allegations set forth in Paragraph 5 of the Complaint, admits that venue in the Southern District of New York is proper.

6. With respect to the allegations set forth in Paragraph 6 of the Complaint, admits that venue in the Southern District of New York is proper.

## AS TO "FACTS COMMON TO ALL COUNTS"

7. Admits, upon information and belief, the allegations set forth in Paragraph 7 of the Complaint.

8. Admits, upon information and belief, the allegations set forth in Paragraph 8 of the Complaint.

9. Admits the allegations set forth in Paragraph 9 of the Complaint, except avers that Plaintiff started at K&S on January 30, 2012 and worked in K&S's Business Litigation practice group.

10. Denies the allegations set forth in Paragraph 10 of the Complaint.

11. Denies the allegations set forth in Paragraph 11 of the Complaint.

12. Admits the allegations set forth in Paragraph 12 of the Complaint.

13. Admits the allegations set forth in Paragraph 13 of the Complaint.

14. Admits the allegations set forth in Paragraph 14 of the Complaint.

15. Admits the allegations set forth in Paragraph 15 of the Complaint.

16. Admits the allegations set forth in Paragraph 16 of the Complaint.

17. Admits the allegations set forth in Paragraph 17 of the Complaint.

18. With respect to the allegations set forth in Paragraph 18 of the Complaint, admits that Mr. Straus made the quoted statement in good faith based on representations made to him and refers the Court to the referenced transcript for the full contents therein.

19. Admits the allegations set forth in Paragraph 19 of the Complaint, and avers that K&S was first hired by ZTE, which is based in China, on Thursday, July 3, 2014, that the TRO hearing was held on Monday, July 7, 2014, that any statements made by Mr. Straus at the TRO hearing were made in good faith based on information provided by the client during that short timeframe, and that Mr. Straus only first learned about potential inaccuracies many months later. Plaintiff was fully involved in all aspects of preparing for the TRO hearing, participated in fact-gathering communications with the client, and was present in the courtroom for the TRO hearing, and did not express any belief that the statement made by Mr. Straus was untrue.

20. Admits the allegations set forth in Paragraph 20 of the Complaint, and avers that neither Mr. Straus, Mr. Perry, nor Plaintiff was aware of any further dissemination of confidential information at the time or knowingly made any inaccurate statements to the Court.

21. With respect to the allegations set forth in Paragraph 21 of the Complaint, admits that the Court granted a more limited temporary restraining order on July 7, 2014 than Vringo had sought, avers that the memorandum opinion was dated August 12, 2015, and refers the Court to the referenced document for the full contents therein and to the transcript of the July 7, 2014 hearing for a statement of the Court's reasoning.

22. Denies the allegations set forth in Paragraph 22 of the Complaint and refers the Court to Judge Kaplan's orders and transcripts from proceedings held before him for the full contents therein.

23. With respect to the allegations set forth in Paragraph 23 of the Complaint, admits that the quoted words are incomplete excerpts of statements made by Judge Kaplan and refers the Court to the referenced transcript for the full contents therein.

24. With respect to the allegations set forth in Paragraph 24 of the Complaint, admits that the quoted words are an incomplete excerpt from Judge Kaplan's August 6, 2014 Memo Endorsement and refers the Court to the referenced document for the full contents therein.

25. With respect to the allegations set forth in Paragraph 25 of the Complaint, admits that the quoted words are an incomplete excerpt from K&S's December 1, 2014 Reply Memorandum of Law, refers the Court to the referenced document for the full contents therein, and denies the remaining allegations. Defendant further avers that K&S's representations were made in good faith based on representations made to its attorneys, including Plaintiff.

26. Denies the allegations set forth in Paragraph 26 of the Complaint, and avers that Plaintiff was one of the authors of the referenced Reply Memorandum of Law, and that the

authors of this submission were unaware at the time that any of the statements contained therein were inaccurate.

27.     Denies the allegations set forth in Paragraph 27 of the Complaint, except admits that K&S sought to obtain a declaration from a witness in connection with responses to Vringo's discovery requests and avers that K&S never intended to submit the referenced declaration to the Court, that Plaintiff was specifically asked to review all of K&S's submissions to the Court to confirm that K&S's representations to the Court were accurate, and that Plaintiff conducted this review and then confirmed that K&S had not made any inaccurate statements in any of its submissions to the Court.

28.     Denies the allegations set forth in Paragraph 28 of the Complaint, except admits that the referenced draft declaration was prepared at Mr. Straus's direction.

29.     Denies the allegations set forth in Paragraph 29 of the Complaint, and avers that while Plaintiff did make a comment about filing an ethics complaint in the context of a discussion regarding the language in a draft declaration, Plaintiff subsequently told Mr. Straus that he did not really mean that he would make such a report and that Plaintiff's comment had been made rhetorically.

30.     Denies the allegations set forth in Paragraph 30 of the Complaint, and avers that K&S never intended to file the referenced declaration with the Court and that Plaintiff was well aware of this at all times.

31.     No response is required to Paragraph 31 of the Complaint because it is a hypothetical statement and contains no factual allegations.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32.     With respect to the allegations set forth in Paragraph 32 of the Complaint, admits that the quoted words are an incomplete excerpt from Judge Kaplan's June 3, 2015 Memorandum Opinion and refers the Court to the referenced document for the full contents therein.

33.     Denies the allegations set forth in Paragraph 33 of the Complaint, except admits that Plaintiff, and Messrs. Perry and Straus, discussed the need to ensure compliance with ZTE's disclosure obligations.

34.     Denies the allegations set forth in Paragraph 34 of the Complaint, except admits that the quoted words are an incomplete excerpt from Judge Kaplan's May 14, 2015 Memorandum and Order and refers the Court to the referenced document for the full contents therein.

35.     With respect to the allegations set forth in Paragraph 35 of the Complaint, admits that the quoted words are incomplete excerpts of statements made by Judge Kaplan and refers the Court to the referenced transcript for the full contents therein.

36.     Admits the allegations set forth in Paragraph 36 of the Complaint and refers the Court to the referenced documents for the full contents therein.

37.     Denies the allegations set forth in Paragraph 37 of the Complaint and incorporates by reference Defendant's responses to Paragraphs 19 and 20 of the Complaint.

38.     Denies the allegations set forth in Paragraph 38 of the Complaint, except admits that a dispute arose in June 2015 concerning the deposition of ZTE's chief counsel.

39.     Denies the allegations set forth in Paragraph 39 of the Complaint that it made false statements and refers the Court to Judge Kaplan's orders for the full contents therein.

40. Denies the allegations set forth in Paragraph 40 of the Complaint, except admits that Judge Kaplan issued a July 24, 2015 Order to Show Cause and refers the Court to the referenced document for the full contents therein.

41. With respect to the allegations set forth in Paragraph 41 of the Complaint, admits that the July 24, 2015 Order to Show Cause was not directed to Plaintiff and refers the Court to the referenced document for the full contents therein.

42. Denies the allegations set forth in Paragraph 42 of the Complaint, except admits that K&S retained Patterson Belknap partner Philip R. Forlenza to represent K&S in connection with the July 24, 2015 Order to Show Cause issued by Judge Kaplan.

43. Admits the allegations set forth in Paragraph 43 of the Complaint.

44. Admits the allegations set forth in Paragraph 44 of the Complaint.

45. With respect to the allegations set forth in Paragraph 45 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff supposedly believed and avers that Plaintiff never communicated his alleged belief to any person at K&S that there had been attorney misconduct required to be reported.

46. Denies the allegations set forth in Paragraph 46 of the Complaint, and avers that Plaintiff provided information to Messrs. Thornton and Forlenza concerning the ZTE litigation and participated in the preparation of K&S's response to Judge Kaplan's Order to Show Cause in which K&S argued that sanctions were not warranted.

47. Denies the allegations set forth in Paragraph 47 of the Complaint.

48. Denies the allegations set forth in Paragraph 48 of the Complaint, and avers that Mr. Tetrick informed Plaintiff in December 2015 that he would be removed from the partnership

track due to his failure to comply with directives and expectations that apply to all firm associates in general, and to associates of Plaintiff's seniority in particular.  In accordance with the Business Litigation practice group's standard practice for all associates who are removed from the partnership track, Plaintiff's salary was not reduced but was frozen at its then current level pending Plaintiff's demonstration that he had improved his performance and deserved to be placed back on the partnership track.

49. Admits the allegations set forth in Paragraph 49 of the Complaint, and avers that Mr. Tetrick also discussed Plaintiff's lack of engagement, lack of a meaningful chance of being promoted, and complaints about poor quality work product submitted by Plaintiff, among other things.

50. Admits the allegations set forth in Paragraph 50 of the Complaint, except denies that Plaintiff had billed more than 700 hours in the first three months of 2016.

51. With respect to the allegations set forth in Paragraph 51 of the Complaint, admits that Mr. Tetrick made the quoted statements in a May 4, 2016 e-mail to Plaintiff and that Plaintiff did not receive a bonus for 2015 and refers the Court to the referenced email for the full contents therein.

52. Denies the allegations set forth in Paragraph 52 of the Complaint.

53. Denies the allegations set forth in Paragraph 53 of the Complaint.

54. With respect to the allegations set forth in Paragraph 54 of the Complaint, admits that Plaintiff forwarded his email exchange with Mr. Tetrick to Mr. Thornton in August 2016, that Plaintiff's cover email to Mr. Thornton noted that the email to Mr. Tetrick "relate[d], among other things, to the ZTE matter"; that Plaintiff asked Mr. Thornton to advise what Plaintiff, could

do "to ensure that the issues raised… are addressed", and refers the Court to the referenced emails for the full contents therein.

55. Denies the allegations set forth in Paragraph 55 of the Complaint, except admits that Mr. Thornton informed Plaintiff that he had spoken with Mr. Tetrick about the issues Plaintiff had raised with Mr. Tetrick and that Mr. Tetrick informed Plaintiff, among other things, that he was evaluating his 2015 bonus and expected to make a decision by October 31, 2016, and refers the Court to the referenced emails for the full contents therein.

56. Denies the allegations set forth in Paragraph 56 of the Complaint, except admits that Plaintiff received his annual performance review on or about October 14, 2016.

57. Denies the allegations set forth in Paragraph 57 of the Complaint, except admits that Plaintiff defended depositions and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 of the Complaint relating to Plaintiff's litigation experience.

58. Denies the allegations set forth in Paragraph 58 of the Complaint, and avers that Mr. Tetrick advised Plaintiff during Plaintiff's October 2016 annual performance review, among other things, that Plaintiff had received mixed reviews, that his career had plateaued, that he had failed to meaningfully participate in his own career development and that his overall performance was inconsistent with the firm's expectations.

59. Denies the allegations set forth in Paragraph 59 of the Complaint, and avers that Plaintiff asked how to address his work on the ZTE matter in a self-evaluation.

60. Denies the allegations set forth in Paragraph 60 of the Complaint, except admits that Mr. Tetrick told Plaintiff that he could discuss his performance on the ZTE matter but to

place a "ring" around confidential information concerning the ZTE matter in order to maintain K&S's privileged communications, and to discuss any questions about what could be divulged with Mr. Thornton.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 of the Complaint, except admits that Mr. Tetrick told Plaintiff to speak with him again in December 2016.

62. Admits the allegations set forth in Paragraph 62 of the Complaint.

63. Denies the allegations set forth in Paragraph 63 of the Complaint, except admits that Plaintiff was not given advance notice of his termination, and avers that Plaintiff served as local counsel of record on certain client matters in New York that were primarily handled by K&S attorneys based in Atlanta.

64. Denies the allegations set forth in Paragraph 64 of the Complaint.

65. Admits the allegations set forth in Paragraph 65 of the Complaint.

66. Admits the allegations set forth in Paragraph 66 of the Complaint.

67. Admits the allegations set forth in Paragraph 67 of the Complaint as to the email sent to Plaintiff in April 2016, and refers the Court to the referenced document for the full contents therein.

68. Admits the allegations set forth in Paragraph 68 of the Complaint.

## AS TO "FIRST CAUSE OF ACTION"
### (ERISA § 510 (29 U.S.C. § 1140) — Wrongful Termination)

69. With respect to the allegations set forth in Paragraph 69 of the Complaint, Defendant hereby incorporates by reference its responses to Paragraphs 1 through 68 of the Complaint.

70. With respect to the allegations set forth in Paragraph 70 of the Complaint, Defendant refers the Court to the referenced statute for the full contents therein.

71. Respectfully declines to respond to Paragraph 71 of the Complaint, on the ground that it contains a legal conclusion.

72. Denies the allegations set forth in Paragraph 72 of the Complaint.

73. Denies the allegations set forth in Paragraph 73 of the Complaint.

74. Denies the allegations set forth in Paragraph 74 of the Complaint.

### AS TO "SECOND CAUSE OF ACTION"
**(Claims pursuant to *Wieder v. Skala*, 80 N.Y.2d 628 (1992))**

75. With respect to the allegations set forth in Paragraph 75 of the Complaint, Defendant hereby incorporates by reference its responses to Paragraphs 1 through 74 of the Complaint.

76. Respectfully declines to respond to Paragraph 76 of the Complaint, on the ground that it does not contain allegations of fact and refers the Court to the referenced case for the full contents therein.

77. Denies the allegations set forth in Paragraph 77 of the Complaint, and specifically denies that Plaintiff ever raised any objection to K&S's adherence to ethical standards or that he was prevented or discouraged from doing so.

78. Denies the allegations set forth in Paragraph 78 of the Complaint.

79. Denies the allegations set forth in Paragraph 79 of the Complaint, and specifically denies that Plaintiff ever raised any objection to K&S's adherence to ethical standards or that he was prevented or discouraged from doing so.

80. With respect to the allegations set forth in Paragraph 80 of the Complaint, admits that the quoted words are incomplete excerpts from the referenced rules, and refers the Court to the referenced rules for the full contents therein.

81. Denies the allegations set forth in Paragraph 81 of the Complaint.

82. Denies the allegations set forth in Paragraph 82 of the Complaint.

83. Denies the allegations set forth in Paragraph 83 of the Complaint.

84. Denies the allegations set forth in Paragraph 84 of the Complaint.

## AS TO "WHEREFORE" CLAUSE

Denies that Plaintiff is entitled to any of the relief set forth in the WHEREFORE clause and its subparts.

Denies every allegation in the Complaint that has not otherwise been specifically addressed in this Answer.

## DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, Defendant asserts the following defenses:

## FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not engage in any protected activity.

**THIRD DEFENSE**

Defendant's actions with respect to Plaintiff were taken for legitimate, non-prohibited reasons and/or for good cause.

**FOURTH DEFENSE**

Even if impermissible considerations were a factor in the alleged employment actions, which Defendant denies, such considerations were not the "but for" cause of the employment decisions Plaintiff complains of.

**FIFTH DEFENSE**

Upon information and belief, Plaintiff has failed to make reasonable and diligent efforts to mitigate his alleged damages.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by equitable defenses, including the doctrines of equitable estoppel, laches, waiver and/or unclean hands.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot prove a specific intent to interfere with his benefits.

**WHEREFORE**, Defendant respectfully requests that this Court:

a. Dismiss Plaintiff's Complaint in its entirety, with prejudice;

b. Deny each and every request for relief contained in Plaintiff's Complaint;

c. Award Defendant its reasonable attorney's fees and legal expenses;

d. Award Defendant its costs and disbursements incurred in defense of this action; and

  e. Award Defendant any other relief the Court deems just and proper.

Dated: June 16, 2017             PROSKAUER ROSE LLP
   New York, New York

                    By: /s/ Joseph Baumgarten

                    Joseph Baumgarten
                    Pinchos Goldberg
                    Eleven Times Square
                    New York, New York 10036
                    (212) 969-3000
                    *jbaumgarten@proskauer.com*
                    *pgoldberg@proskauer.com*
                    *Attorneys for Defendant*