```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/15/2017
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
DAVID A. JOFFE,

      Plaintiff,

   -- against --

KING & SPALDING LLP,

      Defendant.
----------------------------------------------------------- X

Civil Action No.: 17-cv-03392 (VEC)

**STIPULATION AND ORDER REGARDING CONFIDENTIAL INFORMATION**

 WHEREAS, the term "parties" as used throughout this Stipulation and Order refers to: Plaintiff David Joffe ("Plaintiff") and Defendant King & Spalding LLP ("K&S" or "Defendant");

 WHEREAS, the parties anticipate exchanging documents and information that may contain confidential, proprietary, trade secret, or personal information concerning the parties, current and former partners or employees of K&S, entities affiliated with the parties, clients of the parties or other third persons, and/or the events and occurrences forming the subject of this action; and

 WHEREAS, the parties have agreed on procedures to govern the use of such documents and information during this action that are designed to allow the presentation of evidence in a manner that preserves their respective interests in maintaining the confidentiality of such information and preserving applicable privileges and work product protection.

 The parties to this action, through their respective counsel of record, **HEREBY STIPULATE** to the following, and request that this Stipulation and Confidentiality Order (the "Confidentiality Order") be entered as an Order of the Court.

1. For the purposes of this Confidentiality Order, "Confidential Information" shall include:

    a. documents or information that contain any non-public, proprietary, private and/or business information of any party, entities affiliated with any party, or other third persons, such as, without limitation, financial, budgetary, commercial, and/or strategic information;

    b. documents or information concerning clients of any party or any entities affiliated with any party;

    c. any other type of information that any party determines reasonably and in good faith is confidential.

Any party who either objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

2. All information or material(s) that the producing party believes in good faith contains information that fits the definition of Confidential Information in Paragraph 1 above may be marked or designated to be treated in accordance with the provisions of this Confidentiality Order, as follows:

    a. The producing party of documents or information containing Confidential Information shall, in the case of documents, designate them as containing Confidential Information by stamping or otherwise clearly marking each page as

"Confidential – Subject to Protective Order" (hereinafter, "Confidential") in a manner that will not interfere with legibility, and with respect to any other form of information shall provide such designation in a separate writing, or on the record in the case of transcribed testimony, as per Paragraph 11 below.

3. If a producing party inadvertently fails to designate any document or information containing Confidential Information as "Confidential," such producing party may make the designation belatedly, so long as the designation is made promptly after learning of the oversight. Such disclosures shall be subject to the provisions set forth in Paragraph 15 below.

4. A party who is a recipient of documents or information containing Confidential Information may designate the documents or information as "Confidential" by notifying the producing party in writing of the need to so designate it. In that event, the party designating shall mark the material as "Confidential" as described in Paragraph 2(a) above, and distribute the marked material to each party. Copies of any such materials in the possession of any party that are not so marked shall be promptly destroyed.

5. A non-party may designate documents or information containing Confidential Information produced by such non-party in response to a subpoena as "Confidential" so as to make it subject to the terms of this Confidentiality Order. A party may also designate documents or information containing Confidential Information produced by a non-party in response to a subpoena as "Confidential" so as to make it subject to the terms of this Confidentiality Order.

6. Confidential Information produced in connection with this action may be used and retained for purposes of this action only, and may not be used in any other action, lawsuit, litigation, arbitration, mediation or other proceeding in any forum or tribunal of any kind. It may

not be used or in any way communicated to anyone, including, but not limited to, attorneys or other litigants, for any purpose other than to prosecute or defend against the claims asserted in this action.

7. Except as otherwise provided, Confidential Information shall not be shown, distributed, quoted, or summarized in any way to anyone other than (the "Designated Persons"):

   a. counsel for the parties in this action and secretarial, paralegal, technical, and clerical persons (including outside vendors or service providers) assisting them in the conduct of this litigation;

   b. the Court and its employees, the triers of fact, and court reporters transcribing testimony herein (whether during the course of deposition, hearing, or trial testimony) and notarizing officers;

   c. the parties to this action;

   d. current or former partners or employees of K&S, (i) who are involved in assisting the parties in their prosecution or defense of this action and/or the prosecution or defense of any counterclaims, and (ii) whom the respective party reasonably believes need access to such information in connection with providing that party with such assistance; provided, however, that the inclusion of this subparagraph 7(d) in no way limits the interpretation or application of subparagraphs 7(e) or (g) and the parties' rights to disclose Confidential Information to Designated Persons pursuant to those subparagraphs.

    e.    the authors, addressees, copy recipients, originators of the Confidential Information or other persons whom counsel reasonably and in good faith believes have previously seen or otherwise had access to it;

    f.    experts retained as either consultants or potential witnesses and any other litigation consultants retained;

    g.    witnesses in the course of deposition or trial testimony who are examined in good faith by counsel with respect to Confidential Information for legitimate discovery or trial purposes, counsel for such witnesses, and any person who counsel believes in good faith may be a witness in this action and whose examination with respect to Confidential Information may be necessary in connection with that testimony; and

    h.    any third-party mediator or neutral selected by the parties or assigned by the Court, including the administrative staff for the mediator or neutral.

8.    Each person described in subparagraphs 7(d), 7(f), and 7(g) above receiving Confidential Information shall execute a copy of the Certification annexed as Exhibit A to this Confidentiality Order (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court). If any of the Designated Persons to whom access to Confidential Information is permitted fails or refuses to agree in writing to comply with the terms of this Confidentiality Order as to any particular Confidential Information, disclosure of such Confidential Information shall not be permitted to that person. The parties, or any of them, may then seek relief from the

Court as to, among other things, whether or not such person is one to whom the Confidential Information should be disclosed.

9. In making copies of Confidential Information, reasonable precautions shall be taken to ensure that all copies remain within the possession of counsel for the parties or those Designated Persons entitled to access to the Confidential Information as per Paragraph 7 above.

10. This Confidentiality Order shall not alter the parties' rights and obligations with respect to any person who, notwithstanding disclosure pursuant to this Confidentiality Order, currently has access to, or possession of, Confidential Information, nor shall it alter the parties' rights and obligations pursuant to K&S' policies and procedures and other applicable law. Nothing in this Confidentiality Order shall prevent the producing party from using or disclosing its own Confidential Information in any way it deems appropriate.

11. If Confidential Information is disclosed at a deposition, only those persons may be present who are authorized by the terms of this Confidentiality Order to have access to such material. The disclosing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed or disclosed, any person not authorized by this Confidentiality Order to receive the Confidential Information. If requested by any party, the portions of the deposition transcripts which refer to Confidential Information shall be marked or designated as **"Confidential – Subject to Protective Order"** and treated in accordance with the terms of this Confidentiality Order. Unless the parties mutually agree otherwise, **"Confidential"** designations with respect to depositions must be made within thirty (30) days after that party receives the court reporter's transcript for that deposition.

12. No modification or other change to this Confidentiality Order shall be effective unless it is in writing and signed by counsel of record, or has been reduced to an order of the Court.

13. By agreeing to the procedures set forth in this Confidentiality Order, none of the parties agree to produce any documents or waive or prejudice any objection he, she or it may have, or that any of the parties' clients may have, with respect to the production or non-production of any documents or information, or the admissibility of same into evidence. Nothing contained herein shall prejudice the right of a party or non-party to object to the production or non-production of any document or information. In addition, the fact that a party has entered into this Confidentiality Order is not, and shall not be argued or deemed to constitute, a waiver of any objections they or their clients may have to the production or non-production of documents (including any objections based upon the attorney-client or attorney work-product privileges, or upon the waiver of same). Nor shall the disclosure of the identity of any K&S client be deemed a waiver of the attorney-client or attorney work-product privileges with respect to any documents or information concerning such client. This Confidentiality Order does not prejudice the right of any party or non-party to apply to the Court for an Order compelling production of documents or to apply to the Court for:

   a. a further or modified Confidentiality Order relating to any discovery in this action; or

   b. an order declaring that documents or information designated as **"Confidential"** should not be subject to this Confidentiality Order. This Confidentiality Order

likewise does not prejudice the right of any party to object to any such application or motion.

14. Pending a determination by the Court, material designated as **"Confidential"** by a party shall be treated as Confidential Information, respectively, as provided in this Confidentiality Order.

15. If any Confidential Information is inadvertently produced or disclosed without being designated as **"Confidential"** in accordance with this Confidentiality Order ("Inadvertently Disclosed Information"), the failure to so designate the document or other disclosure shall not be deemed a waiver or forfeiture of any claim of privilege or work product protection or any other privilege or protection that the producing party would otherwise be entitled to assert with respect to Inadvertently Disclosed Information and its subject matter in this proceeding or in any other federal or state proceeding. In addition, the following conditions shall apply with respect to Inadvertently Disclosed Information:

  a. A good-faith representation by the producing party that such production was inadvertent or mistaken shall be sufficient to establish that the production was inadvertent.

  b. The producing party may assert in writing attorney-client privilege or work product protection with respect to Inadvertently Disclosed Information promptly following the discovery of the inadvertent disclosure of such information. The receiving party must – unless it contests the claim of attorney-client privilege or work product protection in accordance with sub-paragraph (c) below – within five business days of

receipt of that writing, (i) return or destroy all copies of the Inadvertently Disclosed Information, and (ii) provide a certification of counsel that all of the Inadvertently Disclosed Information has been returned or destroyed.

c. If the receiving party contests the claim of attorney-client privilege or work product protection, the receiving party must – within 10 days of receipt of notice from the producing party – move this Court for an Order compelling disclosure of the Inadvertently Disclosed Information (a "Disclosure Motion"). The receiving party must seek to file the Disclosure Motion under seal in accordance with the Local Rules of the Southern District of New York and Judge Caproni's Individual Practices and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure, and may not disclose, rely on or refer to any of the Inadvertently Disclosed Information. If leave is granted, the party shall file such document or papers under seal. Pending an order from the Court, the party seeking leave to file documents containing Confidential Information may file by ECF a copy from which all Confidential Information has been redacted (a placeholder for an entire page or document may be included) in such a way that the redaction cannot be altered. A copy of a party's application to seal or redact shall be contemporaneously served on all other parties.

d. The parties may stipulate to extend the time periods set forth in sub-paragraphs (b) and (c) above.

9

e. Inadvertently Disclosed Information that is sought to be reclaimed by the parties to this case pursuant to this Confidentiality Order shall not be used as grounds by any party or non-party to argue that any waiver of privilege or protection has occurred by virtue of any disclosure in this action.

f. The producing party retains the burden of establishing the privileged or protected nature of the Inadvertently Disclosed Information. Nothing in this sub-paragraph shall limit the right of any party to petition the Court for an *in camera* review of the Inadvertently Disclosed Information.

16. If any disclosure of Confidential Information that a party has obtained in discovery in this litigation is required by subpoena or order of any court or administrative agency, or is otherwise required by any law or regulation of any governmental authority of any kind, the party that is the subject of the subpoena or order or law or regulation shall give prompt written notice to counsel for the other party, but in no event later than five (5) business days after receiving the subpoena or order or notice of the requirement under law or regulation, and in any event before the date of production or other disclosure set forth in the subpoena or order or as required by such law or regulation. The designating party may then notify the person receiving the subpoena in writing of the designating party's intent to move or intervene to quash or otherwise oppose or object to such subpoena, order or claimed requirement under law or regulation. Should the designating party give notice of such an intent, the person receiving the subpoena shall take reasonable and necessary steps to withhold such production or disclosure for as long as may be permitted under law while the intervening person pursues its effort to quash, oppose or object, provided, however, that nothing in this Confidentiality Order shall be construed

to require a party to violate or refuse to comply with valid orders of any court, or with the rules of procedure of any court or any applicable law or regulation.

17.  Designated Persons obtaining access to Confidential Information designated under this Confidentiality Order shall use the material obtained in discovery only for preparation and trial of this litigation (including appeals and retrials) and shall not use the material for any other purpose.

18.  All Confidential Information produced in this action during discovery, and all copies, digests, or summaries made thereof, including copies, digests, or summaries distributed to experts or consultants, and those, appended to depositions, shall either be: (1) returned to the producing party within sixty (60) days after final determination of this action; or (2) destroyed by the non-producing party possessing such Confidential Information within sixty (60) days after final determination of this action.  In the event a party chooses the latter option, the party shall provide the other party with a written statement attesting to such destruction within ten (10) business days after such destruction occurs.  Notwithstanding the foregoing, counsel for the parties may maintain in their files customary copies of all pleadings, motion papers, transcripts, exhibits, expert reports, orders, briers, legal memoranda, and correspondence with opposing counsel and the Court, and its customary attorney work product, correspondence, and other case files including document production.

19.  This Confidentiality Order shall not apply to the submission or filing of documents containing Confidential Information, or to testimony where Confidential Information is requested or disclosed, at a hearing or trial. The parties agree that they will, in advance of a hearing or trial, negotiate in good faith concerning an appropriate procedure to propose to the

Court for the treatment of Confidential Information at such hearing or trial. In the event the parties cannot agree to such a procedure to propose to the Court, each party shall be free to apply to the Court for the entry of an order concerning the treatment of Confidential Information at hearing and/or trial. Nothing in this Confidentiality Order shall be construed to affect the admissibility of any document or information at a hearing and/or trial.

20. Nothing in this Confidentiality Order shall prevent any party from seeking from the Court modification of this Confidentiality Order or from objecting to discovery in accordance with the Federal Rules. Nothing in this Confidentiality Order shall prevent the Court from ordering any appropriate relief with respect to the matters addressed in this Confidentiality Order.

Dated: September 14, 2017
New York, New York

PROSKAUER ROSE LLP

By: /s/

Joseph Baumgarten
Pinchos Goldberg
Eleven Times Square
New York, New York 10036
(212) 969-3000
jbaumgarten@proskauer.com
pgoldberg@proskauer.com
*Attorneys for Defendant*

Dated: September 14, 2017
New York, New York

JAVERBAUM WURGAFT HICKS KAHN WIKSTROM SININS, P.C.

By: /s/

Andrew Moskowitz
505 Morris Ave
Springfield, NJ 07081
(973) 379-4200
amoskowitz@lawjw.com
*Attorneys for Plaintiff*

SO ORDERED.

/s/ Valerie Caproni

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

9/15/2017

12

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
DAVID A. JOFFE,

                  Plaintiff,

      -- against --

KING & SPALDING LLP,

                  Defendant.
------------------------------------------------------------- X

Civil Action No.: 17-cv-03392 (VEC)

## ACKNOWLEDGMENT OF STIPULATION AND ORDER REGARDING CONFIDENTIAL INFORMATION

        I have read the Stipulation and Order Regarding Confidential Information in the above-captioned action. I hereby acknowledge that I understand the terms thereof, and that I consent to be bound by such terms.

Date: _____

_____
Signature

_____
Print Name