**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**DAVID A. JOFFE,**

      **Plaintiff,**

**v.**

**KING & SPALDING LLP,**

      **Defendants.**

Case No. 17-cv-3392 (VEC)

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**OF JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.**
**TO WITHDRAW AS COUNSEL FOR PLAINTIFF AND TO AFFIX A**
**CHARGING LIEN AND A RETAINING LIEN**

---

JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS, P.C.
505 Morris Ave.
Springfield, NJ 07081
(973) 379-4200

589 Eighth Avenue, 21st Floor
New York, NY 10018
(212) 596-7657

Attorneys for Plaintiff David A. Joffe

*Of Counsel and On the Brief:*
Andrew M. Moskowitz, Esq.

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...............................................................................................1

STATEMENT OF FACTS...................................................................................................1

A.      Mr. Joffe's breach of his retainer agreement ..................................................1

B.      Breakdown in the attorney-client relationship.................................................3

LEGAL ARGUMENT ........................................................................................................8

I.      JW'S MOTION TO WITHDRAW SHOULD BE GRANTED....................................9

A.      Bases for withdrawal .......................................................................................9

1.      Mr. Joffe's failure to pay fees and expenses ...................................................9

2.      Irreconcilable difficulties between JW and Mr. Joffe ...................................10

B.      Granting JW's motion should not affect the timing of the proceeding; to the
        extent that this possibility exists, Mr. Joffe's conduct should override this
        consideration ..................................................................................................12

II.     JW IS ENTITLED TO A CHARGING LIEN .............................................................13

III.    JW IS ENTITLED TO A RETAINING LIEN ............................................................15

CONCLUSION ..................................................................................................................16

**TABLE OF AUTHORITIES**

**Cases**                                                                                               **Page**


Allstate Insurance Co. v. Nandi,
258 F. Supp. 2d 309 (S.D.N.Y. 2003) ..................................................................15, 16

Benvenisti v. City of New York,
No. 04 Civ. 3166, 2006 U.S. Dist. LEXIS 396, 2006 WL 44039
(S.D.N.Y. Jan. 6, 2006) .................................................................................11, 13

Blunt v. Northern Oneida Count Landfill,
145 A.D.2d 913, 536 N.Y.S.2d 295 (4th Dep't 1988) ..................................................16

Bonnaig v. Nunez,
12 Civ. 1853 (HB), 2012 U.S. Dist. LEXIS 176876,
2012 WL 6200977 (S.D.N.Y. Dec. 11, 2012) ...........................................................14

Casper v. Lew Lieberbaum & Co.,
No. 97-CV-3016 (JGK) (RLE), 1999 U.S. Dist. LEXIS 7779, 1999 WL
335334 (S.D.N.Y. May 26, 1999), adhered to on reconsideration, 182 F.
Supp. 2d 342 (S.D.N.Y. 2002).............................................................................15

C.D.S. Inc. v. Zetler, 16-CV-3199 (VM) (JLC), 2017 U.S. Dist. LEXIS 43159,
2017 WL 1103004 (S.D.N.Y. March 23, 2017) .........................................................10

In re Chesley v. Union Carbide Corp.,
927 F.2d 60 (2d Cir. 1991)..................................................................................13

Itar-Tass Russian News Agency v. Russian Kurier, Inc.,
140 F.3d 442 (2d Cir. 1998)................................................................................13

Itar-Tass Russian News Agency v. Russian Kurier, Inc.,
No. 95 Civ. 2144, 1999 U.S. Dist. LEXIS 1101, 1999 WL 58680
(S.D.N.Y. Feb. 4, 1999) .....................................................................................14

Jackson v. Lowe's Cos., Inc.,
15-cv-4167 (ADS) (ARL), 2016 U.S. Dist. LEXIS 146159 (E.D.N.Y. Oct. 21, 2016) ..............11

Kahn v. Kahn,
186 A.D.2d 719, 588 N.Y.S.2d 658 (2d Dep't 1992)...................................................14

Karimian v. Time Equities, Inc.,
No. 10 Civ. 3773, 2011 U.S. Dist. LEXIS 51916, 2011 WL
190009 (S.D.N.Y. May 11, 2011) ...................................................................... passim

Klein v. Eubank,
87 N.Y.2d 459, 640 N.Y.S.2d 443, 663 N.E.2d 599 (1996)........................................16

Lake v. M.P.C Trucking Inc.,
279 A.D.2d 813, 718 N.Y.S.2d 903 (3d Dep't 2001)..............................................10, 14

Markakis v. S.S. Mparmpa Christos,
267 F.2d 926 (2d Cir. 1959).......................................................................................13

Quinones v. Police Dep't of City of N.Y.,
No. 10-CV-6195 (JGK) (JLC), 2012 U.S. Dist. LEXIS 51697,
2012 WL 2148171 (S.D.N.Y. Apr. 12, 2012), adopted by, 2012 U.S. Dist. LEXIS 82051,
2012 WL 2149572 (S.D.N.Y. June 13, 2012) .............................................................13

Raji v. Societe Generale Ams. Sec. LLC,
15-CV-1144 (AT) (JLC), 2016 U.S. Dist. LEXIS 175919
(S.D.N.Y. Dec. 19, 2016).............................................................................10, 13, 14, 15

Rivkin v. A.J. Hollander & Co.,
No. 95 Civ. 9314, 1996 U.S. Dist. LEXIS 16202, 1996 WL
633217 (S.D.N.Y. Nov. 1, 1996) .................................................................................15

Schneider, Kleinick, Weitz, Damashek & Shoot v. City of New York,
302 A.D.2d 183, 754 N.Y.S.2d 220 (1st Dep't 2002).................................................15

Stair v. Calhoun,
722 F. Supp. 2d 258 (E.D.N.Y. 2010) ..........................................................................9

Star Funding, Inc. v. Vault Minerals, LLC,
15-CV-03026 (GBD)(SN), 2017 U.S. Dist. LEXIS 218629
(S.D.N.Y. Aug. 31, 2017) ..........................................................................................9, 15

Stephen Eldridge Realty Corp. v. Green,
174 A.D.2d 564, 570 N.Y.S.2d 677 (2d Dep't 1991).................................................10

Thekkek v. LaserSculpt, Inc.,
No. 11-CV-4426 (HB) (JLC), 2012 U.S. Dist. LEXIS 7646,
2012 WL 225924 (S.D.N.Y. Jan. 23, 2012) .................................................................9

Tops Mkts., Inc. v. Quality Mkts., Inc.,
No. 93-CV-0302, 2001 WL 392082, 2001 U.S. Dist. LEXIS
4238 (W.D.N.Y. Apr. 4, 2001) ............................................................................... 14-15

United States v. Lawrence Aviation Indus.,
CV 06-4818 (JFB)(ARL), 2011 U.S. Dist. LEXIS 13777 (E.D.N.Y. 2011) ...............................10

Universal Acupuncture Pain Servs, P.C. v. Quadrino & Schwartz,
370 F.3d 250 (2d Cir. 2003)...........................................................................................................15

Whiting v. Lacara,
187 F.3d 317 (2d Cir. 1999)...........................................................................................................12

**Statutes and Rules**

Local Civil Rule 1.4...........................................................................................................................8

New York Judiciary Law § 475 ...................................................................................................1, 13

RPC 1.16..........................................................................................................................................8-9

## PRELIMINARY STATEMENT

Pursuant to Local Civil Rule 1.4, Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C. ("JW") seeks leave to withdraw as counsel for Plaintiff David Joffe ("Plaintiff" or "Mr. Joffe").  It also respectfully requests that the Court affix a charging lien against any proceeds recovered by Plaintiff in this matter as well as a retaining lien for expenses incurred.

As set forth infra, JW has multiple bases for its application to withdraw.  First, Mr. Joffe has deliberately disregarded his obligation to pay fees and expenses as required under his agreement with JW.  In addition, ███████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████ he has made it "unreasonably difficult" for JW to continue to represent him.

As set forth below, because JW has good cause for its application to withdraw, it should be granted a charging lien pursuant to New York Judiciary Law § 475.  With regard to the amount of this lien, JW asks that the Court exercise its discretion and defer this determination until the conclusion of the litigation.  Finally, JW has incurred $38,475.85 in expenses in this matter.  JW respectfully requests that the Court permit it to affix a retaining lien for this amount.

## STATEMENT OF FACTS

**A.      Mr. Joffe's breach of his retainer agreement**

On or about January 25, 2017, Mr. Joffe retained JW to represent him.  See Declaration of Andrew Moskowitz ("Moskowitz Decl.") ¶ 2; id., Exhibit A.  JW agreed to attempt to negotiate a settlement for Mr. Joffe, and if unsuccessful, to file a lawsuit on his behalf.  During the negotiation phase, Mr. Joffe paid a fee of $2,500.  Id.  When the parties were unable to reach an agreement, JW filed suit.  Id.  Mr. Joffe agreed to make an initial payment of $5,000 prior to the filing of suit, and thereafter,

"monthly payments of $1,250 for twelve (12) months on the first day of each month."   Retainer Agreement ¶ 1(B) at 1 (Moskowitz Decl., Exhibit A).

The Retainer Agreement also required Mr. Joffe "[to] pay the following costs and expenses: investigator fees, court reporting costs, expert fees, filing/recording fees, messenger services, court costs, photocopying charges, postage and any other necessary expenses in this matter."   Retainer Agreement ¶ 2 at 2 (Moskowitz Decl., Exhibit A).  Mr. Joffe agreed to "pay all bills as required by this Agreement.  If you do not comply with these requirements, the Law Firm may ask the Court for permission to withdraw from representing you."  Id. ¶ 3 at 2.

Mr. Joffe has failed to pay the fees required under the Retainer Agreement.  Specifically, he has made only seven (7) of the twelve (12) monthly payments of $1,250, leaving a balance of $6,250.  Moskowitz Decl. ¶ 4.  The final fee payment was made on December 1, 2017.  Despite due demand, he has not resumed making these payments.  Id.

In addition, JW has incurred $38,475.85 in expenses in this matter.  Moskowitz Decl. ¶ 5; id., Exhibit B (itemization of expenses).  In or about the end of October 2017, Mr. Joffe agreed to begin making monthly payments of $1,250 to be applied against the expenses that had been incurred.  Moskowitz Decl. ¶ 5.  Specifically, in an email on October 24, 2017, he represented that he would "continue making these monthly payments until they fully cover the incurred costs or until the case is resolved, at which point any unpaid portion will become due immediately."  Id.  Accordingly, on or about January 3, 2018, Mr. Joffe made a payment of $1,250.  Id.

Thereafter, Mr. Joffe refused to make any additional payments for expenses.  Moskowitz Decl. ¶ 6.  In a February 7, 2018 email, JW attorney Andrew Moskowitz, Esq. summarized the situation to Mr. Joffe as follows:

Paragraph 2 holds you responsible for paying all costs and expenses.  Paragraph 3 states, "You must also <u>pay all bills</u> as required by this Agreement."  You initially paid all costs as they were incurred.

 When your finances became tight you asked for some relief.  Accordingly, we agreed (as the email you just forwarded me confirms) that 'after the end of the monthly payment periods in our original engagement letter, I will continue to make, on the same terms, payments of $1,250 per month towards outstanding costs incurred by JW.  I will continue making these monthly payments until they fully cover the incurred costs or until the case is resolved, at which point any unpaid portion will become due immediately.' … Last month you made your first payment for $1,250 to be credited toward expenses.  Now you have told me that you were no longer [going to] do that.

Therefore, you are in breach of our agreement.

Email dated February 7, 2018 (Moskowitz Decl., Exhibit C).

Mr. Joffe responded ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

█████████████████████████     ██████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

**B.      Breakdown in the attorney-client relationship**

As the Court is aware, Mr. Joffe is a lawyer with litigation experience.  From the outset, he has sought to work as co-counsel and to involve himself in absolutely every aspect of this case.  In February 2018, the relationship began deteriorating.  Moskowitz Decl. ¶ 8. ████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████

During the period in which defendants' summary judgment motion was pending—February to May 2018—Mr. Joffe and JW had very little contact.  Moskowitz Decl. ¶ 9.  After the Court announced at the hearing on May 22, 2018 that it was denying defendant's summary judgment motion, Mr. Joffe and JW began discussing the retention of experts and preparation for trial.  Id.  Over the next month, the relationship between Mr. Joffe and JW deteriorated to the point where the firm concluded it could no longer represent him.  Id.

Throughout this case, Mr. Joffe has refused to accept JW's recommendations regarding

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██

      An additional disagreement that developed between Mr. Joffe and JW concerned the staffing of

this matter.   Moskowitz Decl. ¶ 12.   ███████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████

      ████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████

      ████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

████████████

An additional area of disagreement that developed concerned the retention of experts.

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████



████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██

Mr. Joffe has informed JW that, assuming he has an adequate opportunity to engage new counsel, he would consent to JW's withdrawal.  Moskowitz Decl. ¶ 22.  Since June 26, Mr. Joffe has actively sought new counsel to assume his representation.  JW has cooperated in this process and spoken to three (3) attorneys regarding the case.  In addition, because the Court declined to stay this case pending JW's motion to withdraw, JW has continued to work with economic damages and employability experts that were retained on Plaintiff's behalf.  Id.  Moreover, although the Court has set a deadline of August 3, 2018 for the completion of expert discovery, the parties had agreed to make a joint application to extend this deadline to September 7, 2018.  Id. ¶ 23.

## LEGAL ARGUMENT

This Court's rules provide that "[a]n attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order."  Loc. Civ. R. 1.4.  In determining whether to grant such an application, a court must "analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding."  Karimian v. Time Equities, Inc., No. 10 Civ. 3773, 2011 U.S. Dist. LEXIS 51916, 2011 WL 1900092, at *3-4 (S.D.N.Y. May 11, 2011).   Rule 1.16 of the Rules of Professional Conduct (RPC) provides that an attorney may seek to withdraw from representing a client for several reasons including when "the client deliberately disregards an agreement or obligation to the lawyer as to

expenses or fees;  ... [or] fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively."

## I.     JW'S MOTION TO WITHDRAW SHOULD BE GRANTED

## A.     Bases for withdrawal

## 1.     Mr. Joffe's failure to pay fees and expenses

"[I]t is firmly established that non-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Rule 1.4."  Star Funding, Inc. v. Vault Minerals, LLC, 15-CV-03026 (GBD)(SN), 2017 U.S. Dist. LEXIS 218629, at *3-4 (S.D.N.Y. Aug. 31, 2017) (citing Thekkek v. LaserSculpt, Inc., No. 11-CV-4426 (HB) (JLC), 2012 U.S. Dist. LEXIS 7646, 2012 WL 225924, at *2 (S.D.N.Y. Jan. 23, 2012)); Stair v. Calhoun, 722 F. Supp. 2d 258, 265 (E.D.N.Y. 2010) ("[f]ailure to pay legal fees has been found to be a legitimate ground for granting a motion to withdraw by several courts in this Circuit.") (citing cases).   In Star Funding, the court granted defendants' counsel's motion to withdraw after his clients had accumulated "unpaid attorneys' fees totaling approximately $36,000 over a period of eight months," and he had "made multiple requests to be paid the outstanding balance, yet continued to perform work upon the demands of [defendants]…"  Star Funding, Inc., 2017 U.S. Dist. LEXIS 218629, at *2-3.

As set forth supra, even after he was informed that he was in breach, Mr. Joffe has deliberately disregarded his obligation to pay fees and expenses as required under the Retainer Agreement. Moskowitz Decl. ¶¶ 4-6; Exhibits D-F. ██████████████████████████
████████████████████████████████████████████████

Accordingly, due to Mr. Joffe's deliberate disregard of his obligation, see RPC 1.16(5), JW should be permitted to withdraw.

2.      **Irreconcilable difficulties between JW and Mr. Joffe**

"[G]ood cause for withdrawal exists where there are 'irreconcilable differences ... with respect to the proper course to be pursued in the litigation,' where 'the client flatly challenge[s] [counsel's] loyalty and professional integrity,' or where 'the relationship between plaintiff[s] and [their] attorney ha[s] deteriorated to the point where further representation [is] inappropriate." <u>Karimian</u>, 2011 U.S. Dist. LEXIS 51916, at \*3, 2011 WL 1900092 (quoting <u>Lake v. M.P.C Trucking Inc.</u>, 279 A.D.2d 813, 718 N.Y.S.2d 903, 904 (3d Dep't 2001)).  Indeed, "[c]ourts have repeatedly found good reason for withdrawal when lawyers and their counsel have irreconcilable differences and when attorney-client relationships become acrimonious." <u>Raji v. Societe Generale Ams. Sec. LLC</u>, 15-CV-1144 (AT) (JLC), 2016 U.S. Dist. LEXIS 175919, at \*6 (S.D.N.Y. Dec. 19, 2016) (citing cases).  For example, in <u>Raji</u>, the court granted plaintiff's counsel's motion to withdraw after determining that his relationship with plaintiff "has deteriorated to the point that it is highly unlikely that they can collaborate effectively on this litigation going forward. Moreover, they have drastically different views of the case's value, which has led to fundamental disagreements about how to proceed." <u>Raji</u>,  2016 U.S. Dist. LEXIS 175919, at \*7.

"Further, courts have repeatedly found withdrawal to be appropriate when the client does not cooperate with the attorney in the litigation." <u>Raji</u>, 2016 U.S. Dist. LEXIS 175919, at \*6-7 (citing cases); <u>United States v. Lawrence Aviation Indus.</u>, CV 06-4818 (JFB)(ARL), 2011 U.S. Dist. LEXIS 13777 (E.D.N.Y. 2011) ("[i]t is well-settled that a lawyer may seek to withdraw when the client 'renders it unreasonably difficult for the lawyer to carry out [such] employment effectively.'" (quoting <u>Stephen Eldridge Realty Corp. v. Green</u>, 174 A.D.2d 564, 566, 570 N.Y.S.2d 677, 678 (2d Dep't 1991)); <u>C.D.S. Inc. v. Zetler</u>, 16-CV-3199 (VM) (JLC), 2017 U.S. Dist. LEXIS 43159, at \*17, 2017 WL 1103004 (S.D.N.Y. March 23, 2017) (granting application to be relieved as counsel where evidence demonstrated

an "obvious breakdown in the attorney-client relationship, as Plaintiffs and [withdrawing counsel] agreed on virtually nothing with respect to the past, present, or future course of the litigation," as well a lack of trust between the two parties; termination of the attorney-client relationship was ''in the best interest of both.'") (quoting <u>Benvenisti v. City of New York</u>, No. 04 Civ. 3166, 2006 U.S. Dist. LEXIS 396, at *1, 2006 WL 44039  (S.D.N.Y. Jan. 6, 2006); <u>Jackson v. Lowe's Cos., Inc.</u>, 15-cv-4167 (ADS) (ARL), 2016 U.S. Dist. LEXIS 146159 (E.D.N.Y. Oct. 21, 2016) (in granting application notwithstanding that final pretrial conference was scheduled for less than two weeks later, court noted that client's failure to cooperate was a valid basis to grant a motion to withdraw).

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████

In sum, the relationship between Mr. Joffe and JW "has deteriorated to the point that it is highly unlikely that they can collaborate effectively on this litigation going forward. Moreover, they have

drastically different views of the case's value, which has led to fundamental disagreements about how to proceed." <u>Raji</u>, 2016 U.S. Dist. LEXIS 175919, at *7.

**B.      Granting JW's motion should not affect the timing of the proceeding; to the extent that this possibility exists, Mr. Joffe's conduct should override this consideration**

Prior to JW determining that it could no longer represent Mr. Joffe, it had agreed to make a joint application with Defendant to extend the expert discovery deadline to September 7, 2018.  Moskowitz Decl. ¶ 23.  In addition, as noted <u>supra</u>, JW has cooperated with Mr. Joffe in his efforts to obtain new counsel and, in the interim, continued to work with economic damages and employability experts that were retained on Plaintiff's behalf.  <u>Id.</u> ¶ 22.  Assuming that Mr. Joffe is able to retain new counsel in the next thirty (30) days, this Court should still be able to schedule a trial in this matter for the fall.

Moreover, while a court must of course be mindful of "judicial economy ... there are some instances in which an attorney representing a plaintiff in a civil case might have to withdraw even at the cost of significant interference with the trial court's management of its calendar." <u>Whiting v. Lacara</u>, 187 F.3d 317, 321 (2d Cir. 1999).   In <u>Whiting</u>, the plaintiff's counsel Lacara sought to withdraw because, *inter alia*, the plaintiff Whiting insisted that counsel call witnesses who were detrimental to plaintiff's case.  <u>Id.</u> at 322.  The evidence before the panel also demonstrated that there was hostility between Whiting and Lacara and that the former was dissatisfied with Lacara's representation.   In reliance on the bases for permissive withdrawal set forth in DR 2-110(C)(1) (the predecessor to RPC 1.16), the Second Circuit determined that the attorney Whiting had demonstrated that Lacara had "'rendered it unreasonably difficult for [Lacara] to carry out employment effectively...'"  <u>Id.</u> at 321 (citing DR 2-110(C)(1)(d)).  The Court found that Whiting's "desire both to dictate legal strategies to his counsel and to sue counsel if those strategies are not followed places Lacara in so impossible a situation that he must be permitted to withdraw."  <u>Id.</u> at 322-23 (holding that District Court abused its discretion in denying Lacara's motion to withdraw).

Accordingly, even if the Court has concerns regarding its ability to manage its calendar, this concerns should be overridden by Mr. Joffe's actions, which have made JW's continued representation of him "unreasonably difficult."

## II.      JW IS ENTITLED TO A CHARGING LIEN

Pursuant to New York Judiciary Law § 475, "[f]rom the commencement of an action, . . . the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client's favor ... The court upon the petition of the client or attorney may determine and enforce the lien."  "New York Judiciary Law § 475 governs attorneys' charging liens in federal courts sitting in New York."  Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 447 (2d Cir. 1998) (citing Markakis v. S.S. Mparmpa Christos, 267 F.2d 926, 927 (2d Cir. 1959).  "[T]he Second Circuit has 'long recognized that the lien created by section 475 … is enforceable in federal courts in accordance with its interpretation by New York courts.'"  Id. at 449 (quoting In re Chesley v. Union Carbide Corp., 927 F.2d 60, 67 (2d Cir. 1991)).

"'[I]t has long been held that attorneys who terminate their representation for just cause continue to be entitled to enforce their liens."  Itar-Tass Russian News Agency, 140 F.3d at 451 (quoting Klein v. Eubank, 87 N.Y.2d 459, 462, 640 N.Y.S.2d 443, 663 N.E.2d 599 (1996)); Karimian, 2011 U.S. Dist. LEXIS 51916, at *11 ("Counsel who withdraw voluntarily are entitled to enforce this charging lien, provided that the withdrawal is for 'good and sufficient cause.'") (quoting Benvenisti, 2006 U.S. Dist. LEXIS 396, 2006 WL 44039, at *2);  Raji, 2016 U.S. Dist. LEXIS 175919, at *9 (in awarding withdrawing counsel for plaintiff a charging lien, court noted that 'it is well-settled that an attorney who terminates his representation for good cause is entitled to enforce a charging lien under' New York Judiciary Law § 475..." (quoting Quinones v. Police Dep't of City of N.Y., No. 10-CV-6195 (JGK)

(JLC), 2012 U.S. Dist. LEXIS 51697, 2012 WL 2148171, at *7 (S.D.N.Y. Apr. 12, 2012), adopted by, 2012 U.S. Dist. LEXIS 82051, 2012 WL 2149572 (S.D.N.Y. June 13, 2012)).

Much like the criteria for granting a motion to withdraw, the "good cause" standard is met "where there are 'irreconcilable differences with respect to the proper course to be pursued in the litigation,' where 'the client flatly challenged counsel's loyalty and professional integrity,' or where 'the relationship between plaintiffs and their attorney has deteriorated to the point where further representation is inappropriate.'" Raji, 2016 U.S. Dist. LEXIS 175919, at *11 (quoting Karimian, 2011 U.S. Dist. LEXIS 2011 U.S. Dist. LEXIS 51916, 2011 WL 1900092, at *4 (quoting Lake v. M.P.C. Trucking Inc., 279 A.D.2d 813, 814, 718 N.Y.S.2d 903 (3d Dep't 2001)) (internal alterations omitted). As set forth in Point I(A)(2), supra, JW has demonstrated the existence of "irreconcilable differences" between it and Mr. Joffe.  As such, it should be entitled to enforce a charging lien.

"Under New York law, where an attorney withdraws for cause, he or she is entitled to be compensated based on *quantum meruit*." Bonnaig v. Nunez, 12 Civ. 1853 (HB), 2012 U.S. Dist. LEXIS 176876, 2012 WL 6200977, at *6 (S.D.N.Y. Dec. 11, 2012) (citing Itar-Tass Russian News Agency v. Russian Kurier, Inc., No. 95 Civ. 2144, 1999 U.S. Dist. LEXIS 1101, 1999 WL 58680, at *12 (S.D.N.Y. Feb. 4, 1999) (citing Kahn v. Kahn, 186 A.D.2d 719, 588 N.Y.S.2d 658, 659 (2d Dep't 1992)). "Recovery in *quantum meruit* is permitted even where the attorney and the client had previously agreed that the attorney was to be compensated on a contingency basis." Itar-Tass, 1999 U.S. Dist. LEXIS 1101, 1999 WL 58680, at *12 (citing Blunt v. Northern Oneida Count Landfill, 145 A.D.2d 913, 536 N.Y.S.2d 295, 297 (4th Dep't 1988)).

"[A] court 'has discretion to defer the determination of the fair and reasonable value of a discharged attorney's fees under *quantum meruit* until the conclusion of the litigation.'"  Universal Acupuncture Pain Servs, P.C., 370 F.3d at 264 (quoting Tops Mkts., Inc. v. Quality Mkts., Inc., No. 93-

CV-0302E(F), 2001 WL 392082, at *3, 2001 U.S. Dist. LEXIS 4238, at *10 (W.D.N.Y. Apr. 4, 2001));

Raji, 2016 U.S. Dist. LEXIS 175919, at *12 ("defer[ring] any decision on the amount of [plaintiff's

counsel's] charging lien until the conclusion of this case.") (citing Casper v. Lew Lieberbaum & Co.,

No. 97-CV-3016 (JGK) (RLE), 1999 U.S. Dist. LEXIS 7779, 1999 WL 335334, at *7 (S.D.N.Y. May

26, 1999), adhered to on reconsideration, 182 F. Supp. 2d 342 (S.D.N.Y. 2002)).

In the case at bar, because the case has not yet concluded, it is difficult for the Court to make a

determination of the "fair and reasonable" value of JW's fees.   Accordingly, pursuant to the authority

cited above, JW respectfully requests that the Court defer this determination until the conclusion of the

case.

## III.    JW IS ENTITLED TO A RETAINING LIEN

"'New York cases recognize 'a distinct common law 'retaining lien' that allows withdrawing

counsel to retain pleadings and other documents in counsel's possession until counsel is paid for his or

her work.''" Karimian, *16-17 (quoting Allstate Insurance Co. v. Nandi, 258 F. Supp. 2d 309, 311

(S.D.N.Y. 2003)  (quoting Rivkin v. A.J. Hollander & Co., No. 95 Civ. 9314, 1996 U.S. Dist. LEXIS

16202, 1996 WL 633217, at *2 (S.D.N.Y. Nov. 1, 1996))."  "The 'retaining lien' gives an attorney the

right to keep, with certain exceptions, all of the papers, documents and other personal property of the

client which have come into the lawyer's possession in his or her professional capacity as long as those

items are related to the subject representation." Universal Acupuncture Pain Servs, P.C. v. Quadrino &

Schwartz, 370 F.3d 250, 261 n. 3 (2d Cir. 2003) (citing Schneider, Kleinick, Weitz, Damashek & Shoot

v. City of New York, 302 A.D.2d 183, 186, 754 N.Y.S.2d 220, 223 (1st Dep't 2002)).  "'[T]he Second

Circuit has held that, absent exigent circumstances, it is an abuse of discretion to require withdrawing

counsel to turn over papers subject to a lien without conditioning it on payment or posting security for

payment of outstanding legal fees.'" Star Funding, Inc., 2017 U.S. Dist. LEXIS 218629, at *6 (quoting

<u>Allstate Ins. Co. v. Nandi</u>, 258 F. Supp. 2d 309, 312 (S.D.N.Y. 2003)); <u>Raji</u>, 2016 U.S. Dist. LEXIS 175919, at *9 (awarding withdrawing counsel for plaintiff "a retaining lien in the amount of $1,870," which represented expenses incurred in the litigation).

As noted <u>supra,</u> JW has incurred $38,475.85 in expenses in this matter.[1]  Pursuant to the precedent set forth above, JW respectfully requests that the Court affix a retaining lien for this amount.

<u>CONCLUSION</u>

Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C. requests that the Court granting it leave to withdraw as counsel for Plaintiff David Joffe ("Plaintiff"), affix a retaining lien and a charging lien against any proceeds recovered by Plaintiff in this matter, and grant such other relief as the Court deems proper.

Dated: July 13, 2018

**JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.**

By:   /s/ Andrew M. Moskowitz
      Andrew M. Moskowitz

505 Morris Ave.
Springfield, NJ 07081
(973) 379-4200

589 Eighth Avenue-21st Floor
New York, NY 10018
(212) 596-7656

Withdrawing Attorneys for Plaintiff David A. Joffe

---

[1] As noted <u>supra</u>, Mr. Joffe has also failed to pay $6,250 of the $15,000 in fees that he owes under the Retainer Agreement.  Moskowitz Decl. ¶ 4.  Nevertheless, JW has not sought to make the unpaid fees subject to a retaining lien.