# DAVID A. JOFFE, ESQ.

155 Christopher Columbus Drive, # 4R, Jersey City, NJ 07302 • 516-695-7086 • davidajoffe@gmail.com

**VIA ECF**

July 24, 2018

The Honorable Valerie E. Caproni
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: <u>Joffe v. King & Spalding LLP</u>, No. 17-cv-3392

Dear Judge Caproni:

This letter responds to the Court's Order dated July 17, 2018 (Doc. No. 83).  As Your Honor knows, I am an attorney admitted to practice before this Court, but write in my capacity as the plaintiff in the above-captioned action.  I address the Court's questions in turn:

(i)     <u>Counsel's Motion to Withdraw</u>

Having seen counsel's motion papers (Doc. Nos. 79-81) for the first time after they were filed,[1] I now do not oppose Mr. Moskowitz's withdrawal.

As previously expressed to me, however, the reasons for counsel's withdrawal concerned solely settlement posture and willingness to go to trial.  Specifically, I had requested that counsel include a public, non-financial component—<u>i.e.</u>, an ethics-reporting program, of the sort contemplated by the attorney-conduct rules applicable to K&S—as part of any settlement proposal conveyed to the defendant.  Counsel strongly disagreed with this proposal for an ethics-reporting program, on the reasoning, as Mr. Moskowitz now states in his brief, that "the defendant is very unlikely to accept [it]."  Mot. to Withdraw at 4.

---

[1] Counsel's publicly-filed, redacted brief discloses potentially privileged and confidential information concerning, among other things, my personal involvement in the litigation.  While these disclosures was unconsented-to, the bell cannot be unrung.  Accordingly, the public version of this letter contains additional information that I believe ought in fairness to be considered together with these disclosures.

The sealed portion of Mr. Moskowitz's filing contains further potentially privileged disclosures, including attorney-client correspondence.  These materials, as well as certain related materials submitted with this letter for in-camera review, are not intended as a waiver of any applicable privilege.  <u>See</u> <u>Caputi v. Topper Realty Corp.</u>, No. 14-cv-2634(JFB)(SIL), 2015 WL 2453520, 2015 U.S. Dist. LEXIS 67050, at *14 (S.D.N.Y. May 22, 2015) (quoting <u>In re Grand Jury Subpoenas</u>, 318 F.3d 379, 386-87 (2d Cir. 2003) (collecting cases)) ("Where questions of the privilege's applicability arise, in camera review is 'a practice both long-standing and routine' for resolving them.").

The Honorable Valerie E. Caproni
July 24, 2018
Page 2

In an email on June 26, 2018, the day before he notified the Court of his intention to withdraw (Doc. No. 75), Mr. Moskowitz gave me the following written ultimatum:

> David- … It is clear to me that you have no interest in settling this case. That is the reason why you instructed me to make [a monetary demand] *along with a requirement that K&S adopt an ethics program*.
>
> I cannot represent a client who not only will not accept my recommendations regarding settlement, but does not want to entertain the possibility in a realistic manner. *Unless that changes, you will need to find new counsel.*

Attach. 1 at 1 (emphases added).

Mr. Moskowitz's email did not make any mention of unpaid bills or a deteriorating relationship.

Counsel's view that an ethics program reflects my lack of "interest in settling . . . in a realistic manner" is misplaced.  As the Court is aware, the issue of K&S's ethical infrastructure is germane to this case, and there is no reason why a clear, public ethics-reporting program of the sort described above should be beyond the scope of settlement discussions.

At bottom, I have insisted on proposing an ethics program both because it is personally important to me and—frankly—because it is the right thing to do.  I recognize that including such a program in any settlement does not inure to Mr. Moskowitz's direct financial benefit (nor, by the same token, to mine).  But that is not a basis for withdrawal.  Contrary to counsel's apparent expectations, the client is not a walking dollar sign.

    (ii)    <u>Counsel's Motion to Affix a Retaining Lien</u>

I do not contest counsel's motion to affix a retaining lien.

    (iii)    <u>Counsel's Motion to Affix a Charging Lien</u>

I oppose counsel's motion to affix a charging lien; to the extent a charging lien is affixed, I oppose counsel's request to defer determination of the amount of such lien until a later date, <u>see</u> Mot. to Withdraw (Doc. No. 81) at 15.[2]

"[A] charging lien is waived by an attorney who without just cause . . . refuses to proceed with the prosecution of the case."  <u>Klein v. Eubank</u>, 87 N.Y.2d 459, 463, 663 N.E.2d 599, 600 (N.Y. 1996); <u>accord</u> <u>Benvenisti v. City of N.Y.</u>, 04 Civ. 3166 (JGK) (RLE), 2006 WL 44039, 2006

---

[2] It is my understanding that Mr. Moskowitz has already discussed the fair and reasonable value of his fees with potential replacement counsel and is prepared to substantiate his claimed charging lien before the Court.  In addition, as further set forth below, it is my understanding that leaving counsel's charging lien unresolved will make it more difficult for me to retain new counsel.

The Honorable Valerie E. Caproni
July 24, 2018
Page 3

U.S. Dist. LEXIS 396, at *4 (S.D.N.Y. Jan. 5, 2006).  As noted above, counsel's disagreement with including a non-financial component in a settlement proposal is not just cause to withdraw.  See, e.g., Blackman v. Kaufman, No. 88 Civ. 796 (PNL), 1991 WL 156237, 1991 U.S. Dist. LEXIS 10886, at *1, *3 (S.D.N.Y. July 30, 1991) ("A client need not follow all of his lawyer's advice. . . .  [That] does not discharge the attorney from the obligation to continue to act in the client's behalf.").  Accordingly, on the basis of Mr. Moskowitz's own reasons for withdrawal as contemporaneously expressed to his client, counsel's motion for a charging lien should be denied.

Counsel's motion to affix a charging lien should be denied also for the following reasons:

(a) 

(b) *To the Extent Counsel Failed to Communicate the Client's Settlement Demand, the Charging Lien is Forfeited*

On June 4, 2018, three weeks before his notice of intent to withdraw, Mr. Moskowitz informed me—orally but not in writing—that he had conveyed my settlement demand, including the aforementioned ethics program, to the defendant's counsel.  Based on counsel's withdrawal motion, however, it is unclear whether this demand was in fact conveyed.

To the extent Mr. Moskowitz failed to convey the client's settlement demand as instructed, he has waived his right to a charging lien in this case.  See Louima v. City of N.Y., 98 CV 5083 (SJ), 2004 WL 2359943, 2004 U.S. Dist. LEXIS 13707, at *183 (E.D.N.Y. Oct. 5, 2004) ("counsel's interference with the client's right to settle . . . [may] warrant[] . . . forfeiture of its fee") (citation omitted); see also, e.g., Holcombe v. US Airways Grp., Inc., No. 08-CV-1593 (SLT) (JO), 2017 U.S. Dist. LEXIS 214656, at *23, *26, *42 (E.D.N.Y. July 31, 2017) (denying charging lien where attorney refused to convey client's settlement demand).

The Honorable Valerie E. Caproni
July 24, 2018
Page 4

(c) _There Was No "Deliberate[] Disregard" of Payment Obligations_

As set forth in Mr. Moskowitz's brief, over the yearlong course of the engagement I have made a total of $17,500 in payments to counsel, which were to be credited towards the amount ultimately due under counsel's contingency-fee percentage.  See Mot. to Withdraw (Doc. No. 81) at 1-2.  Throughout that period I have also paid out-of-pocket for various litigation expenses, including Mr. Moskowitz's travel to Atlanta, Georgia, for depositions.  I did not deliberately disregard my payment obligations.

However, as this case has progressed from pleadings to discovery to summary judgment, the scope of the work, combined with the lack of any support staff to assist Mr. Moskowitz, made it a matter of necessity (and not insistence) that I become substantively involved—

Thus, on this basis, in February 2018, I informed counsel that "I will resume making monthly $1,250 payments . . . which [] I had always timely made through January 2018—as soon as there is a dedicated associate assigned to the case."  Attach. 4 at 2.[3]  In June 2018, I reiterated my "willingness to [resume payments] going forward," stating: "I think we will resolve this issue soon."  Id. at 1.

At no point in the period prior to counsel's motion did I receive notice that my suspension of monthly payments was a reason for withdrawal.  Nor did I receive any bills or invoices tallying unpaid fees, nor any expense reports such as Exhibit B to counsel's motion, see Mot. to Withdraw (Doc. No. 80), Ex. B ("Value Code Report").

Counsel's basis for withdrawal, as set forth in Mr. Moskowitz's written ultimatum on the eve of his notice to the Court, was clear—either I change my settlement posture, or he withdraws.  The $1,250 monthly payments had nothing to do with it.

(d) _There Was No "Breakdown" in the Attorney-Client Relationship_

Through May 22, 2018, when the Court first set this case for jury selection and trial, the litigation was pursued in a collaborative, effective, and efficient manner.  The results speak for themselves—the parties completed extensive fact discovery and complex summary-judgment

---

[3]

The Honorable Valerie E. Caproni
July 24, 2018
Page 5

briefing[4] in full accordance with the deadlines set by the Court.  Indeed, as late as June 18, 2018, one week before he notified the Court of his intention to withdraw, Mr. Moskowitz expressed the position that, "I do like the case [and] I would like to continue to work on it."  See Attach. 5 at 1.

Thus, for example, counsel's contention that our "disagreement . . . concern[ing] the retention of experts" reflected "irreconcilable differences" in the attorney-client relationship, Mot. to Withdraw (Doc. No. 81) at 6, 10, cannot be right.  As Mr. Moskowitz's own papers show, id., Ex. B, experts were in fact retained—their fees are included in the $38,475.85 retaining lien now claimed by counsel, id. at 16.

Rather, as set forth above, the sole unreconciled disagreement between counsel and the client concerned my request that counsel "convey certain, non-monetary demands that," in counsel's own view, "the defendant is very unlikely to accept," Mot. to Withdraw at 4—i.e., an ethics-reporting program as described above.  On June 26, 2018, Mr. Moskowitz informed me of his conclusion that this request suggests "no interest in settling this case . . . in a realistic manner," and that, "[u]nless that changes," he would withdraw.  Attach. 1 at 1.  The next day, Mr. Moskowitz communicated his intention to withdraw to the Court.  Mr. Moskowitz's written ultimatum, and not any other disagreement, precipitated counsel's motion.

In short, the situation before the Court is quite far afield from the "relatively extreme situations" where good cause for withdrawal exists on grounds of irreconcilable differences.  See Karimian v. Time Equities, Inc., 10 Civ. 3773 (AKH) (JCF), 2011 WL 1900092, 2011 U.S. Dist. LEXIS 51916, at *12 (S.D.N.Y. May 11, 2011); cf., e.g., TufAmerica, Inc. v. Codigo Music LLC, No. 11 Civ. 1434 (ER), 2017 WL 3475499, 2017 U.S. Dist. LEXIS 128054, at *22 (S.D.N.Y. Aug. 11, 2017) ("Plaintiff . . . has stated that it no longer wishes to have any communication with [attorney] and has ceased responding to any of his communication attempts."); Naguib v. Pub. Health Solutions, No. 12-CV-2561 (ENV) (LB), 2014 WL 2002824, 2014 U.S. Dist. LEXIS 67125, at *1-3 (E.D.N.Y. May 15, 2014) (client failed to appear for her deposition against counsel's advice).  As the docket in this action attests, where differences arose between counsel and the client, they were always resolved in a prompt and constructive manner.  Counsel is not entitled to a charging lien on this basis.

---

4



The Honorable Valerie E. Caproni
July 24, 2018
Page 6

      (iv)    <u>New Counsel</u>

I have not yet retained and am currently seeking to retain new, able counsel; in light of current counsel's requested lien and the contents of Mr. Moskowitz's motion papers, I cannot now say with certainly the amount of time in which I expect to do so.

As Mr. Moskowitz states in his unredacted brief, after counsel notified me of his intention to withdraw on June 26, 2018, I have spoken with three attorneys about this case.  <u>See</u> Mot. to Withdraw (Doc. No. 81) at 8.  Two of these attorneys engaged in discussions with Mr. Moskowitz concerning the value of the latter's asserted lien, but did not come to agreement.  It is my understanding that, based on these discussions, potential new counsel would be substantially more likely to consider the engagement if the validity and amount of Mr. Moskowitz's claimed lien were resolved first.

Separately from counsel's requested lien, I am further uncertain about the time needed to retain new counsel in light of Mr. Moskowitz's publicly-filed moving papers.  Presumably they will not make the task easier.[5]

Accordingly, if the Court grants counsel's motion to withdraw, I would respectfully request a period of 30 days in order to allow me to retain new counsel.  If for any reason I am unable to do so in that period, I will promptly so inform the Court.

                             Respectfully,

                             */s/ David A. Joffe*
                             David A. Joffe, Esq.

Encl. (submitted <u>ex parte</u> and under seal (<u>see</u> Order (Doc. No. 83)))

---

[5] The public version of Mr. Moskowitz's brief includes lengthy discussion of a case in which the client "threatened to sue counsel if [the client's] strategies [were] not followed."  <u>See</u> Mot. to Withdraw (Doc. No. 81) at 12 (quoting and citing <u>Whiting v. Lacara</u>, 187 F.3d 317, 323 (2d Cir. 1999)).  That—very emphatically—is ***<u>not</u>*** the case here.