**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**DAVID A. JOFFE,**

**Plaintiff,**

**v.**

**KING & SPALDING LLP,**

**Defendants.**

Case No. 17-cv-3392 (VEC)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C. TO WITHDRAW AS COUNSEL FOR PLAINTIFF AND TO AFFIX A CHARGING LIEN AND A RETAINING LIEN**

JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS, P.C.
505 Morris Ave.
Springfield, NJ 07081
(973) 379-4200

589 Eighth Avenue, 21st Floor
New York, NY 10018
(212) 596-7657

Attorneys for Plaintiff David A. Joffe

*Of Counsel and On the Brief:*
Andrew M. Moskowitz, Esq.

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** .......... 1

**LEGAL ARGUMENT** .......... 8

**I. JW's MOTION TO WITHDRAW** .......... 1

**II. JW'S MOTION FOR A CHARGING LIEN** .......... 2

**A. JW's public disclosures did not concern confidential information** .......... 2

**B. JW conveyed Mr. Joffe's settlement demand** .......... 3

**C. JW has just cause to withdraw and should be granted a charging lien** .......... 3

**1. Deliberate disregard of payment obligations** .......... 3

**2. Irreconcilable differences** .......... 4

**i.** [redacted] .......... 4

**ii.** [redacted] .......... 6

**D. The Court should defer determination of the charging lien until the conclusion of the litigation** .......... 7

**CONCLUSION** .......... 8

# TABLE OF AUTHORITIES

**Cases** **Page**

Casper v. Lew Lieberbaum & Co.,
No. 97-CV-3016 (JGK) (RLE), 1999 U.S. Dist. LEXIS 7779, 1999 WL 335334 (S.D.N.Y. May 26, 1999), adhered to on reconsideration, 182 F. Supp. 2d 342 (S.D.N.Y. 2002)....7

Lake v. M.P.C Trucking Inc.,
279 A.D.2d 813, 718 N.Y.S.2d 903 (3d Dep't 2001)....7

Raji v. Societe Generale Ams. Sec. LLC,
15-CV-1144 (AT) (JLC), 2016 U.S. Dist. LEXIS 175919 (S.D.N.Y. Dec. 19, 2016)....7

In re Starbrite Props. Corp.,
Case No. 11-40748 (CEC), 2012 WL 2050745, 2012 Bankr. LEXIS 2599 (E.D.N.Y. June 5, 2012) ....2

Tops Mkts., Inc. v. Quality Mkts., Inc.,
No. 93-CV-0302, 2001 WL 392082, 2001 U.S. Dist. LEXIS 4238 (W.D.N.Y. Apr. 4, 2001) ....7

Universal Acupuncture Pain Servs, P.C. v. Quadrino & Schwartz,
370 F.3d 250 (2d Cir. 2003)....7

**Statutes and Rules**

INDIVIDUAL PRACTICES IN CIVIL CASES,
Valerie Caproni, United States District Judge, Rule 4(a) ....2

**Secondary Authorities**

ABA Formal Opinion 476,
Confidentiality Issues When Moving to Withdraw for Nonpayment of Fees in Civil Litigation (Dec. 19, 2016) ....2

## PRELIMINARY STATEMENT

Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C. ("JW") submits this brief in reply to the July 24, 2018 submission of Plaintiff David Joffe ("Plaintiff" or "Mr. Joffe") and in further support of its motion to withdraw as counsel for Plaintiff and to affix a retaining lien and a charging lien against any proceeds recovered by Plaintiff in this matter.

## LEGAL ARGUMENT

### I. JW'S MOTION TO WITHDRAW

Although Mr. Joffe states that he does not oppose JW's motion to withdraw, he seeks to characterize the reasons for this request as "solely [due] to settlement posture and willingness to go to trial." Letter from David Joffe dated July 24, 2018 ("Joffe Ltr.") at 1. To support this argument, he inserts an ellipsis and bracket in his citation to, and thereby mischaracterizes, the June 26, 2018 email exchange. See Joffe Ltr. at 2. The entire response to Mr. Joffe was as follows:

> David- I think it goes a little deeper than that. **When we met you could not even articulate an amount that you would accept**. It is clear to me that you have no interest in settling this case. That is the reason why you instructed me to make such **a large settlement demand**, along with a requirement that K&S adopt an ethics program.
>
> I cannot represent a client who not only will not accept my recommendations regarding settlement, but does not want to entertain the possibility in a realistic manner. Unless that changes, you will need to find new counsel.

Joffe Ltr. Attachment 1 (emphasis added).

Therefore, JW does not seek to withdraw because Mr. Joffe sought to require K&S to adopt an ethics program. Rather, the reasons include, inter alia, Mr. Joffe's unwillingness to inform his counsel what monetary figure he would accept and his refusal to entertain "the possibility [of settlement] in a realistic manner." In addition, as discussed infra, Mr. Joffe has deliberately disregarded his contractual obligations and [redacted]

## II. JW'S MOTION FOR A CHARGING LIEN

### A. JW's public disclosures did not concern confidential information

[redacted]

In adherence to Rule 4(a) of the Court's Individual Practices as well as the Court's Order entered on June 29, 2018 (Document No. 76), JW did not file its entire motion under seal. Nevertheless, in an effort to avoid prejudicing Mr. Joffe and to protect the disclosure of confidential information, JW redacted several pages of its publicly-filed brief, all or part of fourteen paragraphs of the 23-paragraph declaration, and all attorney-client communications. JW did not disclose any confidential information in its public filing.

[redacted]

JW clearly did not disclose any confidential information in its public filing. Accordingly, JW's public disclosures do not provide a basis for denying its motion to affix a charging lien.

**B. JW conveyed Mr. Joffe's settlement demand**

Mr. Joffe states that any failure to convey his settlement demand would constitute a forfeiture of counsel's charging lien. Joffe Ltr. at 3. However, as reflected in the enclosed Declaration as well as the undersigned's time records, on June 4, 2018, Mr. Joffe's settlement demand was conveyed. See Reply Decl. ¶¶ 2, 3; id., Exhibit A (reflecting a "telephone call with opposing counsel[.]").

**C. JW has just cause to withdraw and should be granted a charging lien**

**1. Deliberate disregard of payment obligations**

In viewing the June 26th email in isolation, Mr. Joffe ignores the entire history of his relationship with JW. Mr. Joffe's posture at the meeting on June 26 was the final nail in the coffin. The relationship broke down, first, after he deliberately disregarded his contractual obligations. With regard to this issue, Mr. Joffe provides no response to the salient facts set forth in JW's moving papers: That, although the Retainer Agreement required him to make twelve (12) monthly fee payments of $1,250, he made only seven (7) payments, leaving a balance of $6,250. See Declaration of Andrew Moskowitz dated July 13, 2018 ("Moskowitz Decl.") ¶¶ 2-4. In addition, although he was contractually obligated to pay expenses as they were incurred, he failed to do so; he then subsequently reneged on his agreement to make monthly payments of $1,250 to be applied against the outstanding balance. Moskowitz Decl. ¶¶ 4-7.

Mr. Joffe states, "I did not deliberately disregard my payment obligations." Joffe Ltr. at 4. This statement is belied by the fact that, when told that he was in breach of the agreement, Mr. Joffe responded [redacted]

[redacted] Despite multiple requests that he cure same, Mr. Joffe deliberately disregarded his obligations under the Retainer Agreement.

**2. Irreconcilable differences**

[redacted]

Mr. Joffe states that it was "a matter of necessity (and not insistence) that [he] bec[a]me substantively involved…" Joffe Ltr. at 4. To the contrary, from the outset, Mr. Joffe insisted on maintaining control over every aspect of this matter. [redacted]

.

[redacted]

[redacted].

[redacted]

[redacted]. For all of these reasons, the relationship between Mr. Joffe and the firm "has deteriorated to the point where further representation is inappropriate.'" Raji v. Societe Generale Ams. Sec. LLC, 15-CV-1144 (AT) (JLC), 2016 U.S. Dist. LEXIS 175919, at *11 (S.D.N.Y. Dec. 19, 2016) (quoting Karimian v. Time Equities, Inc., No. 10 Civ. 3773, 2011 U.S. Dist. LEXIS 51916, 2011 WL 1900092, at *4 (S.D.N.Y. May 11, 2011) ((quoting Lake v. M.P.C. Trucking Inc., 279 A.D.2d 813, 814, 718 N.Y.S.2d 903 (3d Dep't 2001)) (internal alterations omitted).

**D.    The Court should defer determination of the charging lien until the conclusion of the litigation**

As noted in JW's moving papers, "a court 'has discretion to defer the determination of the fair and reasonable value of a discharged attorney's fees under *quantum meruit* until the conclusion of the litigation.'" Universal Acupuncture Pain Servs, P.C. v. Quadrino & Schwartz, 370 F.3d 250, 264 (2d Cir. 2003) (quoting Tops Mkts., Inc. v. Quality Mkts., Inc., No. 93-CV-0302E(F), 2001 WL 392082, at *3, 2001 U.S. Dist. LEXIS 4238, at *10 (W.D.N.Y. Apr. 4, 2001)); Raji, 2016 U.S. Dist. LEXIS 175919, at *12 ("defer[ring] any decision on the amount of [plaintiff's counsel's] charging lien until the conclusion of this case.") (citing Casper v. Lew Lieberbaum & Co., No. 97-CV-3016 (JGK) (RLE), 1999 U.S. Dist. LEXIS 7779, 1999 WL 335334, at *7 (S.D.N.Y. May 26, 1999), adhered to on reconsideration, 182 F. Supp. 2d 342 (S.D.N.Y. 2002)).

As also noted in JW's moving papers, because the case has not yet concluded, the Court will have difficulty making a determination of the "fair and reasonable" value of JW's fees. Although Mr. Joffe opposes this request, he provides no guidelines for how the Court would determine the amount of the lien. Accordingly, pursuant to the authority cited above, JW respectfully requests that the Court defer this determination until the conclusion of the case.

## CONCLUSION

Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C. respectfully requests that the Court grant its motion to withdraw as counsel for Plaintiff David Joffe ("Plaintiff"); that it affix a retaining lien[1] and a charging lien against any proceeds recovered by Plaintiff in this matter; and that it grant such other relief as the Court deems proper.

Dated: August 6, 2018

**JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.**

By: /s/ Andrew M. Moskowitz
Andrew M. Moskowitz

505 Morris Ave.
Springfield, NJ 07081
(973) 379-4200

589 Eighth Avenue-21st Floor
New York, NY 10018
(212) 596-7656

Withdrawing Attorneys for Plaintiff David A. Joffe

[1] Mr. Joffe has stated that he does "not contest counsel's motion to affix a retaining lien." Joffe Ltr. at 2.