USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/2/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joffe, <br><br> Plaintiff, <br><br> -against- <br><br> King & Spalding LLP, <br><br> Defendant. | 1:17-cv-03392 (VEC) (SDA) <br><br> **OPINION AND ORDER** |

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is that part of a motion by Plaintiff's former counsel, Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins ("Javerbaum Wurgaft") (ECF No. 79), to affix a charging lien. For the following reasons, the motion by Javerbaum Wurgaft is GRANTED to the extent of affixing a charging lien in an amount to be determined.

## BACKGROUND

**I.     Procedural History**

In this case, which was filed on May 8, 2017, Plaintiff David A. Joffe ("Plaintiff" or "Joffe"), a former litigation associate at the law firm King & Spalding LLP ("King & Spalding"), contends that he was fired by King & Spalding for reporting ethical concerns regarding King & Spalding's representation of the Chinese telecommunications firm ZTE Corporation. (Compl., ECF No. 1; Opinion & Order on Mot. for Summ. J. ("SJ Opinion & Order"), ECF No. 74, at 1.) The law firm Javerbaum Wurgaft was counsel of record for Joffe. (*See* Compl. at 15.)

On June 8, 2018, King & Spalding's motion for summary judgment was denied. (SJ Opinion & Order at 24.) On June 27, 2018, Javerbaum Wurgaft first advised District Judge Caproni that it

would seek to withdraw as counsel for Joffe, and requested a stay of the case. (6/27/18 Letter, ECF No. 75.) On June 28, 2018, Judge Caproni declined to stay the case pending counsel's motion to withdraw, but stated that she would consider a stay or extension of the parties' deadlines if counsel were permitted to withdraw. (6/28/18 Endorsement, ECF No. 76.)

On July 13, 2018, Javerbaum Wurgaft filed its motion to withdraw as counsel for Plaintiff. As part of its motion, the firm sought to affix retaining and charging liens against Plaintiff. (Notice of Mot., ECF 79.) Javerbaum Wurgaft filed in support of its motion a Declaration of Andrew M. Moskowitz (ECF No. 80), and a memorandum of law (ECF No. 81).[1] On July 24, 2018, Joffe filed his response to the motion to withdraw (ECF No. 84), and on August 6, 2018, Javerbaum Wurgaft filed a reply memorandum (ECF No. 86) and reply declaration. (ECF No. 87.)

On September 11, 2018, District Judge Caproni granted the motion by Javerbaum Wurgaft to withdraw, and granted a stay of expert discovery until October 8, 2018, for Plaintiff to retain new counsel. (9/11/18 Order, ECF No. 90.) Judge Caproni found there to be "satisfactory reasons" for Javerbaum Wurgaft to withdraw as counsel for Jaffe. (*Id*.) Judge Caproni referred to me "the question of whether Plaintiff's counsel had 'good cause' to withdraw and is entitled to a charging lien, and if so, in what amount." (*Id.*; *see also* Am. Order of Reference, ECF No. 94.)[2]

---

[1] Judge Caproni granted the parties' motions to file certain information in redacted form and under seal in order to preserve the confidentiality of the attorney-client relationship (7/17/18 Order, ECF No. 83; 9/12/18 Endorsement, ECF No. 93), and I granted similar relief. (9/21/18 Endorsement, ECF No. 108.) Thus, many of the filings in connection with the pending motion have been redacted in part and the complete filings have been or will be filed under seal with the Court.

[2] On September 12, 2018, Judge Caproni granted Javerbaum Wurgaft's motion for a retaining lien. (9/12/18 Endorsement, ECF No. 93.) Thus, the issue of a retaining lien is not before me.

Subsequent to the referral to me, I granted leave to Joffe to file a five-page sur-reply. (9/20/18 Endorsement, ECF No. 106.) On September 28, 2018, Joffe filed a five-page sur-reply memorandum (ECF No. 110), as well as a declaration. (ECF No. 111.)

The Court held a closed hearing on October 1, 2018, at which Joffe and Andrew Moskowitz ("Moskowitz"), an attorney who is Of Counsel at Javerbaum Wurgaft, provided argument, as well as testimony. At the outset of the hearing, the Court placed both Joffe and Moskowitz under oath.

II.  **Facts Regarding Attorney-Client Relationship**

In order to preserve the confidentiality of the attorney-client relationship, this Opinion and Order will not address details of the relationship between Joffe and Javerbaum Wurgaft. Suffice it to say, the record evidence reflects, and Joffe admits, that he directed unprofessional and inappropriate remarks at Moskowitz. In addition, in the lead-up to the decision by Javerbaum Wurgaft to seek to withdraw as counsel for Joffe, the evidence reflects several hostile emails sent by Joffe to Moskowitz, including threats made by Joffe to himself retain other counsel.

## DISCUSSION

I.  **Legal Standards**

Under New York law, an attorney who is discharged is statutorily entitled to a charging lien on any monetary recoveries obtained by the former client in the case in which the attorney rendered legal services. The relevant statute provides in part as follows:

> From the commencement of an action, special or other proceeding in any court . . ., the attorney who appears for a party has a lien upon his or her client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after

judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.

N.Y. Judiciary Law § 475.[3] The statutory lien "is predicated on the idea that the attorney has by [] skill and effort obtained the judgment, and hence 'should have a lien thereon for his compensation, in analogy to the lien which a mechanic has upon any article which he manufactures.'" *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 177 (2d Cir. 2001) (citing *Williams v. Ingersoll*, 89 N.Y. 508, 517 (1882)).

An attorney who is discharged for cause is not entitled to a charging lien:

> Courts typically find a discharge "for cause" where there has been a significant breach of legal duty. Discharge on account of personality conflicts, misunderstandings or differences of opinion having nothing to do with any impropriety by . . . the lawyer, does not amount to discharge "for cause." Without objective facts demonstrating that the strategic choices made . . . fell below those which could be characterized as an exercise of professional judgment, the discharge is not for cause.

*Kovach v. City Univ. of New York*, No. 13-CV-7198 (LGS), 2015 WL 3540798, at *6 (S.D.N.Y. June 4, 2015) (internal quotation marks and citations omitted).

An attorney who himself terminates his representation of a client still is entitled to enforce his charging liens, so long as the attorney does not withdraw without "good cause." *See Stair v. Calhoun*, 722 F. Supp. 2d 258, 267 (E.D.N.Y. 2010) (citations omitted).[4] The decision to fix

---

[3] Section 475 governs attorneys' charging liens in federal courts sitting in New York. *Itar–Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 449 (2d Cir. 1998).

[4] In the present case, Judge Caproni found "satisfactory reasons" for Javerbaum Wurgaft to withdraw as counsel for Joffe. (9/11/18 Order at 1.) Some courts have suggested that the "good cause" inquiry with respect to a charging lien reflects a higher standard than the "satisfactory reason" required to successfully withdraw as counsel under Local Civil Rule 1.4. *See Stair*, 722 F. Supp. 2d at 268. Here, as in *Stair*, "such a potential distinction would not defeat [Javerbaum Wurgaft]'s motion because the Court finds that the good cause threshold has been satisfied." *See id*.

a charging lien lies within the discretion of the Court. *See Allstate Ins. Co. v. Nandi,* 258 F. Supp. 2d 309, 311 (S.D.N.Y. 2003) (citation omitted).

The amount of a charging lien is grounded in principles of equity and fairness. "A charging lien, although originating at common law, . . . is equitable in nature, . . . and the overriding criterion for determining the amount of a charging lien is that it be 'fair.'" *Sutton v. New York City Transit Auth.*, 462 F.3d 157, 161 (2d Cir. 2006). Further,

> Under New York law, a lawyer's right to recover in *quantum meruit* accrues immediately upon discharge. As a result, New York courts ordinarily calculate *quantum meruit* compensation at that time. We do not think, however, that a court necessarily abuses its discretion by postponing the determination of the fair and reasonable value of an attorney's services either in order to avoid unnecessary delay in the underlying litigation, or if, under the particular circumstances of the case, a more accurate determination can be made later.

*Universal Acupuncture Pain Servs., P.C. v. Quadrino & Schwartz, P.C.*, 370 F.3d 259, 263-64 (2d Cir. 2004) (internal citations omitted).

II.    **Application**

    A.    **Counsel Has Good Cause to Withdraw**

Having considered all the evidence in the record and assessed the credibility of Joffe and Moskowitz, the Court finds that Javerbaum Wurgaft had good cause to withdraw as counsel for Joffe. While there were conflicts between Joffe and Moskowitz, as well as differences in strategy, there was no significant breach of a legal duty by Javerbaum Wurgaft.[5] Rather, the record reflects diligent work by Javerbaum Wurgaft on this case, including in defeating King & Spalding's

---

[5] In his response, Joffe suggests that Javerbaum Wurgaft failed to act properly in publicly filing certain information about him, rather than redacting such information. (7/24/18 Letter at n.1.) Such information does not appear to the Court to be of a privileged nature. In any event, any failures by Javerbaum Wurgaft in its redactions were *de minimis*.

summary judgment motion, which work was well above minimum standards.[6] The record also reflects unprofessional conduct by Joffe.

It certainly is true that the relationship between a client and his attorney is akin to that of master and servant, *In re Showcase*, 166 B.R. 205, 207 (E.D.N.Y. Bankr. 1994), and the client surely is the master. However, that role does not mean that a client may run roughshod over his attorney and engage in inappropriate behavior. Joffe's hostility and his threats to terminate the attorney-client relationship, taken alone, served as ample good cause for Javerbaum Wurgaft to withdraw. *See Matarrese v. Wilson*, 202 Misc. 994, 997, 118 N.Y.S.2d 5, 8 (Sup. Ct., Bronx Cty. 1952)[7] ("No honorable member of the Bar—sensitive to the esteem which a great, noble and learned profession deserves—could, under circumstances such as these, have continued to maintain the relationship of attorney and counsellor to this client.").

At the hearing before the Court, Joffe referenced in support of his argument the decision in *Eisenberg v. Brand*, 259 N.Y.S. 57 (Sup. Ct., Kings Cty. 1932), which states in relevant part, "The relation of attorney and client lacks mutuality. It favors the client. He may leave at any time without penalty. The attorney has a right to quit, too (although honor bound to stay), but he is severely penalized. When he withdraws, he breaks the charm that sustained his lien. He himself has destroyed the relationship necessary to support that equitable right that insured payment of his fee." *Id.* at 58. However, the New York Court of Appeals, in a case citing *Eisenberg*, has since

---

[6] Indeed, at the hearing, Joffe agreed that Javerbaum Wurgaft had provided valuable services to him.

[7] Section 475 charging liens are "enforceable in federal courts in accordance with its interpretation by New York courts." *Stair*, 722 F. Supp. 2d at 267.

recognized that attorneys who terminate representation for just cause are entitled to enforce their liens. *Klein v. Eubank*, 87 N.Y.2d 459, 462 (1996).[8]

        B.       **The Court Defers Decision On the Amount Of The Charging Lien**

Javerbaum Wurgaft asks the Court to defer its determination of the amount of the charging lien until the conclusion of the case. (Mem. of L., ECF No. 81, at 15.) Joffe admitted during the hearing that, if the Court decided to affix a charging lien, the Court had the discretion to defer ruling on the amount of the lien. The Court therefore exercises its discretion to defer ruling on the amount of the charging lien until the amount to be recovered by Plaintiff, if any, has been finally determined. *See Raji v. Societe Generale Ams. Sec. LLC*, 15-CV-1144 (AT) (JLC), 2016 U.S. Dist. LEXIS 175919, at *12 (S.D.N.Y. Dec. 19, 2016) (citation omitted).[9]

---

[8] Because the Court finds that Javerbaum Wurgaft had good cause to withdraw as counsel for Joffe due to the breakdown of the attorney-client relationship, the Court does not address the issue of whether withdrawal could have been based solely on Joffe's nonpayment of certain legal fees. *See United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006) ("Non-payment of legal fees, without more, is not usually a sufficient basis to permit an attorney to withdraw from representation." (citation omitted)).

[9] Of course, there is nothing to prohibit Joffe and Javerbaum Wurgaft from agreeing to the amount of the charging lien without further Court intervention.

## CONCLUSION

For the foregoing reasons, the Court GRANTS that part of the motion of Javerbaum Wurgaft to affix a charging lien on any verdict, settlement, judgment or final order in this case. The Court defers ruling on the amount of the lien until the amount to be recovered by Plaintiff, if any, has been finally determined.

**SO ORDERED.**

DATED: New York, New York
October 2, 2018

_____
STEWART D. AARON
United States Magistrate Judge