# DAVID A. JOFFE, ESQ.

155 Christopher Columbus Drive, Jersey City, NJ 07302 • 516-695-7086 • davidajoffe@gmail.com

November 7, 2019

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**Re: Joffe v. King & Spalding, No. 17-cv-3392-VEC-SDA**

Dear Judge Caproni:

The undersigned is the plaintiff in the above-captioned action, proceeding pro se.

Pursuant to this Court's Orders dated September 24 and 26, 2019 (Doc. Nos. 183, 186), and in advance of the parties' status conference scheduled for November 15, 2019, the undersigned and Defendant King & Spalding LLP hereby submit the parties' joint pre-conference letter to the Court providing mutually-satisfactory trial dates before May 1, 2020.

Both parties are available for trial during the weeks of March 16, April 20 and April 27, 2020.

In addition, the parties' respective positions on two outstanding issues are set forth below:

I.      PLAINTIFF'S REVISED DAMAGES EXPERT REPORT

   A.      **Defendant's Position**

Plaintiff's revised damages expert report should be stricken. In her original report, Plaintiff's damages expert, Kristin Kucsma, applied a 4.8% increase to Plaintiff's predicted gross earnings for fringe benefits, *i.e.*, employer contributions to retirement and savings plans. In its September 24, 2019 Opinion and Order deciding, *inter alia*, Defendant's motion to preclude Kucsma's testimony (Doc. No. 183), the Court precluded Kucsma from including in her opinion an adjustment for fringe benefits because she had failed to "explain why [the 4.8%] nationwide figure is an appropriate estimate for fringe benefits earned by law-firm partners, or even attorneys generally, in the New York region." *See id.* at 16. The Court ruled that Kucsma's report "must be revised to remove the value of fringe benefits from her calculation before she testified." *See id.* at 20; *see also id.* at 37 ("K&S's motion to exclude the report and testimony of Plaintiff's expert, Kristin Kucsma, is GRANTED to the extent that Kucsma may not include in her opinion the value of fringe benefits … ."). Plaintiff was given until November 1, 2019 to serve a revised Kucsma report. *Id*.

On November 1, 2019, Plaintiff served Kucsma's revised report, a copy of which is attached as Exhibit A. However, in direct contravention of the Court's ruling that "Kucsma may not include

The Honorable Valerie E. Caproni
November 7, 2019
Page 2

in her opinion the value of fringe benefits," Kucsma's revised report applied a 4.0% increase to Plaintiff's predicted gross earnings for fringe benefits. *See id.* at 9.

Moreover, besides being improper, Kucsma's addition of fringe benefits in her revised report is also unsupported, as she does not support her 4.0% figure with data regarding "law-firm partners or even attorneys generally, in the New York region," which was the precise basis for the Court's exclusion of her fringe benefit opinion in the first place. *See* Doc. No. 183 at 16. Instead, she relied on data regarding the extremely broad category of jobs characterized as "Professional and related" (rather than law firm partners or attorneys generally) located in the larger "Northeast – Middle Atlantic" region (rather than the New York region). *See* Ex. A at 9.

Because Kucsma's revised report flagrantly contravenes this Court's ruling and is unsupported, the revised report should be stricken.

### B. Plaintiff's Position

Damages expert Kristin Kucsma's revised report ("Revised Kucsma Report") should be admitted. Contrary to Defendant's argument, the Revised Kucsma Report does not contravene the Court's Opinion and Order dated September 24, 2019 ("Order"), but, rather, fully comports with each of the relevant holdings set forth by the Court. Pursuant to the Order, see id. at 20, the Revised Kucsma Report removes the fringe-benefits figure in Ms. Kucsma's prior report—which, as this Court held, was unreliable because it reflected data "across all sectors tracked by the Bureau of Labor Statistics ['BLS']" and lacked any explanation "why this nationwide figure is an appropriate estimate for fringe benefits earned by law-firm partners, or even attorneys generally, in the New York region," id. at 16. In her revised report, Ms. Kucsma replaces the nationwide, all-occupation fringe-benefits figure (4.8%) with a lower, corrected figure (4.0%) that directly addresses and corrects the very deficiencies identified by this Court.[1]

In its Order, this Court did not hold that fringe benefits must be excluded from Ms. Kucsma's model categorically. Instead, while expressing skepticism about the admissibility of any fringe-benefits estimate based on nationwide, all-occupation data, the Court held that, to be admitted, any such estimate of fringe benefits: **(i)** must be based on sufficiently granular data; and **(ii)** must include an explanation of why such data provides an "appropriate estimate" of the values pertinent to the undersigned's professional and geographic circumstances. See Order at 16; see also id. at 20 (admitting estimate based on BLS wage data where such data is most granular

---

[1] Further contrary to Defendant's notion that the Revised Kuscma Report "flagrantly contravenes" the Order, Ms. Kucsma's report is also revised, in accordance with this Court's holding, to remove any suggestion of "the existence of a continuous range of damages." See Order at 37. Instead, the Revised Kucsma Report makes clear that Ms. Kucsma will testify as to the damages appraisals for three alternative scenarios. See Ex. A at 3 (listing, in the disjunctive, "the total present value of the economic loss, sustained by Mr. Joffe under the three alternative scenarios analyzed in this report"); accord id. at 2, 9.

The Honorable Valerie E. Caproni
November 7, 2019
Page 3

source available and Ms. Kucsma's reliance on this data "does not lack 'good grounds'"). The Revised Kucsma Report addresses all of these issues:

- *First*, and as specifically set forth in the Revised Kucsma Report, see Ex. 1 at 9, Ms. Kucsma's updated 4.0% fringe-benefits figure reflects, not a nationwide average, but rather a narrower, targeted average of the BLS figures for private-sector workers in **(a)** the specific occupational group (i.e., "Management, Professional, and Related—Professional and Related") that includes lawyers; and **(b)** the specific census division (i.e., "Northeast—Middle Atlantic") that includes New York.

- *Second*, and as the Revised Kucsma Report also explains, the targeted average used to calculate the revised 4.0% fringe-benefits figure is based on the most granular source of data available with respect to employer costs of contributions to retirement and savings plans. As such, Ms. Kucsma's most-granular-source-available methodology used in her revised fringe-benefits calculation matches the analogous methodology endorsed by this Court in the context of estimated future earnings capacity on the basis of BLS wage data for lawyers in the New York region. See Order at 20.[2]

- *Finally*, because, as Ms. Kuscma further explains, each of the most-granular-available datasets used to calculate the revised 4.0% fringe-benefits figure fully overlaps with and includes the undersigned's specific geographic and occupational profile, see Ex. A at 9—and, accordingly, excludes the effects of occupations and geographies that are not pertinent to the undersigned's circumstances—Ms. Kucsma's reliance on the occupational-group and census-division data described above to estimate fringe benefits does not lack "good grounds."

Accordingly, because the Revised Kucsma Report specifically remedies—and fully explains why it remedies—each of the reliability issues with the fringe-benefits figure identified in the Court's Order, Ms. Kucsma's revised calculation is fully in accordance with the admissibility standards set forth by this Court. Any remaining issues that Defendant might take with this revised estimate only rise to the level of criticisms to be pressed on cross examination, or through rebuttal testimony, not to the level of rendering Ms. Kucsma's revised calculation fundamentally inadmissible. See Order at 4 (describing "liberal thrust of the Federal Rules" with respect to admissibility of expert opinions) (internal quotations omitted); id. at 19 ("K&S can criticize Kucsma's methodology on cross-examination, and if the jury credits Hubbard's testimony, it can appropriately reject or adjust Kucsma's estimates.")

---

[2] As noted in the Revised Kucsma Report, see Ex. 1 at 9, while BLS data on employer benefits contributions is available on a more granular basis than the all-employee, nationwide data used in Ms. Kucsma's original report, such fringe-benefits data is not available on a basis as granular as the BLS data on wages, which is broken down by occupation and metropolitan region. Rather, BLS data on fringe benefits is only available by occupation group and census division.

Finally, because the data and methodology in the Revised Kucsma Report comport in all respects with the standards for admissibility laid down in the Court's Order, granting Defendant's request to strike the revised report at this stage would represent an unduly harsh sanction. Courts in this circuit generally follow the "viewpoint that a motion to strike [updated expert testimony] should be granted when there is some demonstrated prejudice against the moving party." Arnold Chevrolet LLC v. Tribune Co., No. CV 04-3097 (DRH) (WDW), 2007 U.S. Dist. LEXIS 93996, at *6 (E.D.N.Y. Dec. 21, 2007); see also In re Kreta Shipping, S.A., 181 F.R.D. 273, 277 (S.D.N.Y. 1998) ("courts should, in my view, grant litigants' motions to amend their written reports where there is no prejudice to their opponent") (quoting Ferriso v. Conway Org., No. 93 Civ. 7962 (KMW), 1995 U.S. Dist. LEXIS 14328, at *7 (S.D.N.Y. Oct. 3, 1995)). Here, however, Defendant fails to offer any explanation whatsoever for why it would be prejudiced by the updated fringe-benefits calculation in Ms. Kucsma's revised report. With no articulated risk of prejudice to Defendant from the admission of the Revised Kucsma Report several months before the parties' proposed dates for trial (see supra), K&S's motion to strike the Revised Kucsma Report should be denied. See, e.g., Faulkner v. Arista Records LLC, 46 F. Supp. 3d 365, 378 (S.D.N.Y. 2014) (denying motion to strike supplemental expert disclosures where "the risk of prejudice is low, and the additional evidence would be useful to the trier of fact and this Court"); accord Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co., 769 F. Supp. 2d 269, 279 (S.D.N.Y. 2011) (admitting supplemental expert report where "the defendant is not unduly prejudiced by [its] admission … [b]ecause this supplemental submission is harmless, the report will not be precluded").

## II.   PRESENTATION OF PLAINTIFF'S TESTIMONY

### A.   Defendant's Position

During the December 7, 2018 status conference, the Court indicated that its previous practice in *pro se* cases was to permit the *pro se* party to offer narrative testimony. Defendant's counsel expressed concern that the presentation of testimony in a narrative, as opposed to the traditional question and answer format, would hinder Defendant's ability to interpose meaningful objections before evidence was heard by the jury.

Defendant proposes that the parties meet and confer regarding this issue prior to the November 15, 2019 status conference.

### B.   Plaintiff's Position

Heeding the Court's suggestion made at the December 7, 2018 status conference, the undersigned intends to seek the assistance of a nonlawyer or friend with his direct examination. In any case, however, the undersigned objects to any attempt by Defendant to stage-manage the undersigned's testimony at trial.

The undersigned accepts Defendant's proposal that the parties meet and confer regarding this issue prior to the November 15, 2019 status conference.

The Honorable Valerie E. Caproni
November 7, 2019
Page 5

Thank you for your consideration of the foregoing.

                                                Respectfully submitted,

                                                    */s/ David A. Joffe*
                                              David A. Joffe, Esq. (pro se)
                                              155 Christopher Columbus Drive
                                              Jersey City, NJ 07302
                                              516-695-7086
                                              davidajoffe@gmail.com

cc (via ECF): All counsel

Enclosure