# DAVID A. JOFFE, ESQ.

155 Christopher Columbus Drive, Jersey City, NJ 07302 • 516-695-7086 • davidajoffe@gmail.com

January 31, 2020

**VIA EMAIL AND ECF**

The Honorable Valerie E. Caproni
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  01/31/2020
```

**Re: Joffe v. King & Spalding LLP, No. 17-cv-3392-VEC-SDA**



Dear Judge Caproni:

The undersigned is the plaintiff in the above-captioned action, proceeding pro se. Pursuant to this Court's Individual Rule of Practice 5(A), the undersigned respectfully requests permission to file Exhibit 1 to Plaintiff's Opposition to Defendant's Motion in Limine No. 9—which is a copy of the undersigned's letter to a former client in an unrelated matter, dated October 25, 2018 and bearing the Bates numbers DJ872 through DJ875—with redactions to protect identifying information concerning third parties.

As produced to Defendant in discovery, the undersigned's October 25, 2018 letter contained redactions to protect the attorney-client privileged communications therein, but it did not contain redactions to non-privileged confidential information that identifies the undersigned's former client and the entities involved in the former client's dispute. The undersigned requests permission to file the October 25, 2018 letter with this latter category redacted as well, because public disclosure of confidential identifying information relating to the former client implicates the legitimate privacy interests of innocent third parties.

Courts in this district have recognized that the presumption of access discussed by the Second Circuit in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119–20 (2d Cir. 2006) may be overcome by "a third party's personal privacy interests." See Under Seal v. Under Seal, 273 F. Supp. 3d 460, 467 (S.D.N.Y. 2017); e.g., Lown v. Salvation Army, Inc., 04-cv-1562, 2012 U.S. Dist. LEXIS 148701, 2012 WL 4888534, at *2 (S.D.N.Y. Oct. 12, 2012) (privacy interests of "innocent third-party …entitled to significant weight in the balancing against the public's right to access"); Doe v. City of N.Y., 15-CV-0117 (AJN), 2018 U.S. Dist. LEXIS 202534 (S.D.N.Y. Nov. 20, 2018) ("the Court will err on the side of caution to protect the interests of innocent third parties").

Public disclosure of the aforementioned identifying information would also implicate the undersigned's "sensitive communications [carried out] in furtherance of [his] business relationships with non-parties." Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmbH, 14-CV-585 (AJN), 2017 U.S. Dist. LEXIS 127255, at *22 (S.D.N.Y. July 26, 2016). In its January 8, 2018 order in this case (Doc. No. 45), this Court permitted Defendant to file under seal "documents contain[ing] sensitive, internal information with a direct bearing on Defendant's business decisions … [and] confidential information regarding Defendant's clients." The

The Honorable Valerie E. Caproni
January 31, 2020
Page 2

aforementioned identifying information reflects the same interests as the documents considered by this Court in its January 8, 2018 order.

Finally, the requested redactions are narrowly tailored. In its February 13, 2019 order in this case (Doc. No. 161), the Court rules that information implicating the privacy interests of third parties may be redacted if it is "limited to names of persons, entities, and places, as well as unique job titles or other personal details that would clearly disclose a subject's identity." The requested redactions to the as-produced-in-discovery version of the undersigned's October 25, 2018 letter are specifically limited to the items identified in this Court's February 13, 2019 order.

The undersigned has conferred with Defendant concerning this request, and Defendant does oppose the filing of the October 25, 2018 letter with the requested redactions.

In accordance with this Court's Individual Rule of Practice 5(A)(i), a copy of the as-produced-in-discovery version of the undersigned's October 25, 2018 letter with the requested redactions highlighted in yellow is being provided to Chambers via email.

Thank you for your consideration of the foregoing.

Respectfully submitted,

    /s/ David A. Joffe

David A. Joffe, Esq. (pro se)
155 Christopher Columbus Drive
Jersey City, NJ 07302
516-695-7086
davidajoffe@gmail.com

CC (via email and ECF): All counsel

---

In light of the foregoing and the parties' subsequent statements that there is in fact no dispute as to redactions (Ex. A), the request is GRANTED.

SO ORDERED.          Date: 01/31/2020

*/s/ Valerie Caproni*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

Ex. A

## Caproni NYSD chambers

| | |
|---|---|
| **From:** | David Joffe <davidajoffe@gmail.com> |
| **Sent:** | Friday, January 31, 2020 12:45 PM |
| **To:** | Goldberg, Pinchos |
| **Cc:** | Caproni NYSD chambers; Baumgarten, Joseph |
| **Subject:** | Re: Joffe v. King & Spalding LLP, No. 17-cv-3392 (VEC) (SDA) |

Further to the below, I write to confirm that the statement in the letter-motion (Doc. No. 208) excerpted below was the result of a typographical error; the statement should have read "Defendant does <u>not</u> oppose..."

I regret this error, and would be happy to file a corrected version of the letter-motion if the Court so requests.

Respectfully,
David A. Joffe

On Jan 31, 2020, at 12:29 PM, Goldberg, Pinchos <pgoldberg@proskauer.com> wrote:

> We write on behalf of Defendant King & Spalding LLP to correct the record.
>
> Plaintiff's letter motion (Dkt. 208) states that "The undersigned has conferred with Defendant concerning this request, and Defendant <u>does oppose</u> the filing of the October 25, 2018 letter with the requested redactions." (Emphasis added.)
>
> However, as reflected in the attached email exchange with Plaintiff, we informed Plaintiff yesterday that "Defendant has no objection to your proposed redactions."
>
> Respectfully submitted,
>
> **Pinchos (Pinny) Goldberg**
> Attorney at Law
>
> 
>
> Eleven Times Square
> New York, NY 10036-8299
> d 212.969.3074
> f  212.969.2900
> pgoldberg@proskauer.com
> www.proskauer.com