

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/04/2020
```

Pinchos Goldberg
d 212.969.3074
f 212.969.2900
pgoldberg@proskauer.com
www.proskauer.com

June 3, 2020

**Via Email**

Hon. Valerie Caproni
United States District Judge
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007



Re:  *David A. Joffe v. King & Spalding LLP*
     17 Civ. 3392 (VEC)(SDA)

Dear Judge Caproni:

As counsel for defendant and non-parties Meredith Moss and David Fine, we are writing on behalf of both parties to request a telephone conference with Your Honor regarding a discovery dispute.

**Defendant's Position**

The discovery dispute concerns the format of the depositions of former King & Spalding partners Ms. Moss and Mr. Fine, which must be completed by July 15, 2020.  *See* Dkt. No. 238.  As we previously advised the Court, *see* Dkt. No. 235, these witnesses are no longer with King & Spalding.  Ms. Moss lives in Utah and Mr. Fine lives in New York City and Plaintiff has subpoenaed them and noticed their respective in-person depositions for Salt Lake City, Utah, and Bethlehem, Pennsylvania, for the week of July 13.  Plaintiff continues to insist on conducting these depositions in-person, notwithstanding that courts in this District now routinely require depositions to be conducted remotely.[1]  The witnesses remain unwilling to spend up to seven hours testifying in an enclosed indoor space with non-family members due to the ongoing

---

[1] *See*, *e.g.*, COVID-19 Emergency Individual Practices of Judge Lewis J. Liman § 3.A (standing order providing that "all depositions may be taken via telephone, videoconference, or other remote means"); *Mogollan v. La Abundancia Bakery & Restaurant Inc. et al*, No. 18-cv-03202 (GBD)(SDA), Dkt. No. 190 (May 21, 2020) (Aaron, M.J.) (granting motion to compel remote depositions); *Argentum Risk Partners LLC v. Schaeffer*, No. 19-cv-01622 (OTW) (directing the parties to prepare for remote depositions) (May 12, 2020) (Wang, M.J.); *see also* COVID-19 Notice of Procedures of Magistrate Judge Katharine H. Parker ("encourag[ing] parties to take depositions by telephonic or video conference"); SDNY web pages for Magistrate Judges Sarah L. Cave and Robert W. Lehrburger (providing sample protocols for remote depositions).

Case 1:17-cv-03392-VEC-SDA   Document 239   Filed 06/04/20   Page 2 of 6



Hon. Valerie Caproni
June 3, 2020
Page 2

pandemic.[2] Likewise, K&S believes that the depositions should be conducted remotely in light of the current public health guidelines, which discourage in-person meetings and unnecessary travel and encourage the wearing of face coverings.[3] Bethlehem, Pennsylvania is approximately 90 miles from Mr. Fine's residence in New York City, thus imposing an obvious additional burden, particularly given that Mr. Fine does not have a car. This case is venued in New York City, counsel resides in the New York City area, and Mr. Fine is a non-party witness who also lives and works in New York City. There is no legitimate basis to hold Mr. Fine's deposition in Bethlehem. Moreover, counsel would obviously also have to travel to attend a deposition of Ms. Moss in Utah, contrary to current public health guidance.

Mr. Joffe and I conferred about this matter on May 19. We did not reach agreement but agreed to confer again the first week of June in light of current and anticipated circumstances related to the ongoing pandemic. We conferred again on June 1 and did not reach agreement. In light of the July 15 deadline for completing these depositions, we are writing to request a telephone conference so that we can ask the Court to order that the depositions be conducted remotely. For the reasons previously discussed during the telephone conference conducted on May 7, *see* Dkt. No. 236, plaintiff will not be prejudiced by proceeding in this manner.

**Plaintiff's Position**

Pursuant to § 3.B.ii of this Court's Individual Rules of Practice in Civil Cases, Plaintiff sets forth the following:

(a) Brief Synopsis of the Dispute

At the May 7, 2020 conference, K&S requested that Ms. Moss's and Mr. Fine's depositions be held remotely because both witnesses were categorically unwilling to appear in-person, anywhere, before the end of that month. After thoroughly considering the parties' positions on the issue of remote vs. in-person testimony, this Court concluded: "***I think we all agree that in-person depositions are better***." May 7, 2020 Tr. (Doc. No. 236) ("Transcript") at 10:16-17 (emphasis added). Accordingly, the Court declined K&S's request, and, instead, extended Plaintiff's time to take Defendant's witnesses' depositions in-person until July 15, 2020, noting: "Let's see if things ease up [by then]." Id. at 1-2.

---

[2] Should the Court request a formal motion, Ms. Moss and Mr. Fine are prepared to submit declarations setting forth their specific concerns with appearing in-person for their depositions.

[3] Utah's current guidelines state that businesses should "minimize face-to-face contact" and "limit unnecessary travel," and that the best practice is to "use online conferencing, email, or telephone in place of in-person meetings, even when people are in the same building" and "wear face coverings." See https://coronavirus-download.utah.gov/Health/Phased_Health_Guidelines_V4.4.3_05152020.pdf at 9, 19. Pennsylvania's current guidelines similarly state that businesses "must strive to minimize opportunities for personal interaction because such interactions provide greater opportunities for the transmission of COVID-19" and further provide that "even in the Green Phase, businesses are strongly encouraged to continue to employ remote or virtual methods of doing business whenever and wherever possible." See https://www.governor.pa.gov/wp-content/uploads/2020/06/20200504-COVID-19-Business-Guidance.pdf at 2, 4. These guidelines also require businesses to "make it mandatory to wear masks while on the work site." Id. at 4.



Hon. Valerie Caproni
June 3, 2020
Page 3

On May 15, 2020, Ms. Moss and Mr. Fine were duly served[4] with subpoenas for in-person depositions to take place the second week of July 2020; for the Court's reference, these subpoenas are attached as Exhibit 1 and Exhibit 2, respectively.

Things, as the Court suggested last month, indeed are easing up—even well before July 15.  Yet K&S's position has already hardened.  Defendant now reiterates its request that this Court rejected at the May 7, 2020 conference, predicated on the identical (unsworn) basis that Ms. Moss and Mr. Fine have both once again made the categorical determination, six weeks in advance, that they are unwilling to show up anywhere for an in-person deposition in mid-July, not even at a banquet-sized conference room in a large suburban facility.  Because K&S's unsubstantiated claim of undue burden is, if anything, now even weaker than it was when the Court rejected it last month, Defendant's instant request should be denied a fortiori.

*First*, current public-health guidelines in both locations expressly contemplate that in-person depositions—which, again, "we all agree … are better"—can be safely held by the July 15 deadline.  Thus, for Ms. Moss, see Ex. 1, Lehi, UT, in Utah County, is currently at that state's "Yellow (Low) Risk Level," under which all professional businesses such as conference facilities are permitted to maintain in-person operations (subject to "reasonable precautions") and hold gatherings for up to fifty people.[5]  In turn, with respect to Mr. Fine's deposition, see Ex. 2, Bethlehem, PA is similarly expected to move into the "Yellow Phase" of reopening this Friday, June 5, 2020, at which point all professional businesses will be permitted to open their offices (in accordance with the governor's health and safety guidelines) for meetings of up to twenty-five individuals.[6]  Indeed, even judged against the guidelines in place for New York City, Ms. Moss's and Mr. Fine's generalized refusal to appear in person six weeks from now "due to the ongoing

---

[4] In accordance with this Court's Memo Endorsed Order dated May 7, 2020 (Doc. No. 235), service of the subpoenas was effected via email to defense counsel.

[5] See Exec. Order [of Utah Gov. Gary R. Herbert] No. 2020-22, Moving the Utah COVID-19 Public Health Risk Status to Yellow With Certain Exceptions (May 15, 2020), available at https://rules.utah.gov/wp-content/uploads/Utah-Executive-Order-No.-22.pdf; see also Flyer, Office of the [Utah] Governor, Utah's Low Risk Phase: What does it mean and what can you do?, available at https://coronavirus-download.utah.gov/business/Yellow/Utahs_Low_Risk_Phase_Flyer_English.pdf (summarizing yellow-phase guidelines with respect to gatherings and businesses).  Plaintiff notes that K&S has thus far declined to share Ms. Moss's precise location in the State of Utah, but that Lehi is forty-one miles as the crow flies from Salt Lake City.

[6] See Press Release, Office of the [Pennsylvania] Governor, Gov. Wolf Adds Eight Counties to Yellow and 17 to Green on May 29, Remainder to Yellow on June 5 (May 22, 2020), available at https://www.governor.pa.gov/newsroom/gov-wolf-adds-eight-counties-to-yellow-and-17-to-green-on-may-29-remainder-to-yellow-on-june-5/; see also [Pennsylvania Gov.'s Office's] Guidance for Businesses [] (last updated June 1, 2020), available at https://www.governor.pa.gov/wp-content/uploads/2020/06/20200504-COVID-19-Business-Guidance.pdf at 2, 5 (yellow-phase guidance for business openings and gatherings).



Hon. Valerie Caproni
June 3, 2020
Page 4

pandemic"—no matter what size the facility or what precautions are taken—would seem to make Defendant's witnesses more Catholic than the Pope.[7]

*Second*, Plaintiff has, in his revised deposition arrangements, fully addressed the sole specific public-health concern that K&S has previously raised with this Court, and Defendant fails to raise any new ones. At last month's conference, Defendant questioned whether the twelve-person conference rooms then reserved by Plaintiff were sufficient to ensure proper social distancing, explaining that Ms. Moss and Mr. Fine plan to be joined at their deposition by one or both defense counsel as well as a K&S representative, for a total of five-to-six in-person attendees. See Tr. at 5:25-6:6. Taking K&S's estimate into account, for the rescheduled depositions Plaintiff has reserved banquet-sized rooms with U-shaped conference tables arranged to accommodate approximately thirty individuals in ordinary seating densities. Thus, however big a team K&S's witnesses show up with,[8] everyone will have ample personal space. Because Defendant does not provide any other specific reasons why an (otherwise-universally-preferable, see Tr. at 10:16-17) in-person deposition presents an undue burden for either of its witnesses, K&S's renewed request, like the one last month, should be denied.

*Third*, as Plaintiff explained to defense counsel when they met-and-conferred, Mr. Fine's deposition was scheduled in Bethlehem, PA[9] because that is where Plaintiff could find a facility that both meets K&S's size and remote-connectivity requirements ***and*** that is within Plaintiff's budget. Plaintiff, moreover, also proposed to defense counsel that Mr. Fine's deposition can be held closer to New York City (assuming that is what Mr. Fine prefers) if K&S agrees to bear the facility rental fees—but Defendant did not accept this proposal. In any case, Plaintiff respectfully submits that Mr. Fine cannot have it both ways: if his chief concern is really social

---

[7] New York City is expected to enter Phase 1 of its reopening on June 8, 2020, Press Release, Office of the [N.Y.] Governor, Governor Cuomo Announces New York City to Enter Phase 1 of Reopening on June 8 and Five Regions Enter Phase 2 of Reopening Today (May 29, 2020), available at https://www.governor.ny.gov/news/governor-cuomo-announces-new-york-city-enter-phase-1-reopening-june-8-and-five-regions-enter; and, under the two-week "rule of thumb" period between phases, would have several opportunities before the July 15, 2020 deposition deadline to enter Phase 2, when in-person meetings in office spaces are expressly permitted so long as participants socially distance and are "prepared to don a face covering if another person unexpectedly comes within 6 ft.," [N.Y. Gov.'s Office's] Office-Based Work Guidelines for Employers and Employees, available at https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/OfficesSummaryGuidelines.pdf at 1.

[8] If, as K&S states, Ms. Moss and Mr. Fine seek to minimize contact with non-family members, one would think they would have, at most, one defense lawyer accompanying them to any in-person deposition, with the rest participating remotely (an option Plaintiff has assured K&S will be made available via teleconferencing at any in-person deposition). As it stands, however, K&S's witnesses have taken the paradoxical position of (i) insisting on having physical contact with none of their lawyers at a remote deposition; yet, if that's not an option, (ii) planning on having physical contact with all of their lawyers at an in-person deposition.

[9] Bethlehem is not, as K&S states, ninety miles from New York City, but approximately seventy-two miles as the crow flies. See, e.g., Palazzo Ex Rel Delmage v. Corio, 204 F.R.D. 639, 639 (E.D.N.Y. 1998) (for purposes of Rule 45 "the proper measure [of distance] is as the crow flies—i.e., a straight line measurement"). In any case, Defendant does not contest that this location is within the 100-mile radius provided for in Federal Rule of Civil Procedure 45.

**Proskauer»**

Hon. Valerie Caproni
June 3, 2020
Page 5

distancing, then a suburban conference facility in the Lehigh Valley should set Mr. Fine's mind at ease, not increase his burdens.[10]

*Finally*, K&S's request, which is essentially a sub rosa motion to quash Plaintiff's validly-issued deposition subpoenas, should be denied in light of Defendant's failure to provide any evidence—such as sworn statements from its witnesses—describing with particularity the alleged undue burden imposed. See In re Cnty. of Orange, 208 B.R. 117, 121 (Bankr. S.D.N.Y. 1997) ("Merrill Lynch has not met its burden either as a party or a nonparty because they failed to offer evidence of why the depositions would be an undue burden."); see also 9 James Wm. Moore et al., Moore's Federal Practice § 45.51 (3d ed. 2009) ("A party objecting to a subpoena on the ground of undue burden generally must present an affidavit or other evidentiary proof. . . ."). This failure is particularly glaring here because, with Ms. Moss residing in Utah and Mr. Fine in New York City, one would expect these two witnesses' circumstances and concerns to be individualized and distinct from one another—yet Defendant attributes to both the identical blanket refusal, for the most generic of reasons (i.e., "due to the ongoing pandemic"), to be in any enclosed space with any non-family members both now and six weeks from now as well. As a matter of law, K&S's one-size-fits-all generalities cannot meet "its burden of proof on the issue of whether the subpoena[s] subject[] [Ms. Moss or Mr. Fine] to an 'undue burden' as provided for in Fed. R. Civ. P. 45(c)(3)(a)(iv)." In re Cnty. of Orange, 208 B.R. at 121. For this reason too, K&S's renewed request to compel remote depositions should once again be rejected.

(b) Convenient Times

Plaintiff is available anytime at the Court's convenience.

(c) Court Reporter

Plaintiff wishes to request a court reporter for the parties' teleconference with the Court.

\* \* \*

The parties have conferred and are available for a telephone conference at the Court's convenience.

Respectfully submitted,

PROSKAUER ROSE LLP

By: *s/s Pinchos Goldberg*

cc: David A. Joffe, Esq., *pro se*
Joseph Baumgarten, Esq.

---

[10] Defense counsel's assertion that Mr. Fine would be burdened by the trip to Bethlehem because he lives in New York City and "does not have a car" is difficult to credit. Mr. Fine is a former K&S partner; if he doesn't own a car, surely he has the means to rent one for the day.

Because the Court has already held a teleconference on this exact issue, the request for a second hearing is denied.  The parties are directed to proceed by remote deposition.

Although Plaintiff's diligence in attempting to find large conference rooms is extraordinary, evidence continues to accumulate that, depending on the length of time for which individuals share an indoor space, merely maintaining a distance of six feet is likely insufficient to prevent transmission.  Kimberly A. Prather et al., *Reducing transmission of SARS-CoV-2*, Science (May 27, 2020) ("Increasing evidence for SARS-CoV-2 suggests the 6 ft CDC recommendation is likely not enough under many indoor conditions where aerosols can remain airborne for hours, accumulate over time, and follow air flows over distances further than 6 ft."), https://science.sciencemag.org/content/early/2020/06/02/science.abc6197.1.  Plaintiff's proposal requires counsel or witnesses to travel across state lines from disparate places of origin, congregate for several hours in a confined space, and then disperse back to their homes.  And because Plaintiff is insisting that he needs to observe the witnesses' demeanor, face masks would presumably not be used.  Those conditions are undoubtedly a bad mix during a pandemic.  The burden on the witnesses, in the form of potential exposure and infection for them and their families, needs no further elaboration.  Indeed, for essentially those same reasons, the Court has not resumed in-person proceedings.  The fact that certain jurisdictions are beginning to relax their restrictions, a process based in part on political or economic considerations, does not mean that community spread has ceased or that individuals need not be concerned about potential exposure.

SO ORDERED.            Date: 06/04/2020

*[signature: Valerie Caproni]*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE