# DAVID A. JOFFE, ESQ.
155 Christopher Columbus Drive, Jersey City, NJ 07302 • 516-695-7086 • davidajoffe@gmail.com

June 19, 2020

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/23/2020
```



Re: **Joffe v. King & Spalding LLP**, No. 17-cv-3392-VEC-SDA

Dear Judge Caproni:

The undersigned is the plaintiff in the above-captioned action, proceeding pro se.

On June 4, 2020, this Court issued a Memo Endorsed Order quashing the deposition subpoenas served on third-party witnesses Meredith Moss and David M. Fine and ordering that their depositions be conducted remotely. (See Doc. No. 239 at 6 ("Memo Endorsed Order").) On June 18, 2020, the undersigned moved for reconsideration of the Memo Endorsed Order and for a hearing on matters of judicial notice pursuant to Federal Rule of Evidence ("FRE") 201(e). (See Doc. No. 240 ("Motion for Reconsideration").)

Pursuant to this Court's Order dated May 20, 2020 (Doc. No. 238 ("Scheduling Order")), all remaining depositions in the above-captioned action currently must be completed by July 15, 2020, or twenty-six days from the date of the instant request (the "Deposition Period"). Pursuant to Federal Rule of Civil Procedure ("FRCP") 16(b)(4), the undersigned respectfully requests that this Court stay the Deposition Period pending adjudication of the Motion for Reconsideration.

**Plaintiff's Position**

The information required by this Court's Individual Rule 2.C is as follows:

1. FRCP 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The undersigned respectfully submits that his request to stay the Deposition Period pending adjudication of the Motion for Reconsideration meets the good-cause standard under FRCP 16(b)(4) for the following reasons[1]:

---

[1] The undersigned observes that "Defendant's Position," set forth below, does not address the good cause standard for schedule modification under FRCP 16(b)(4), nor does it respond directly to the undersigned's "reason[s] for the proposed adjournment or extension," which have been set forth herein pursuant to this Court's Individual Rule 2.C.

Instead, defense counsel's compulsion to immediately supplement its right of response with a three-point preview of why it believes (at least a selection of) the undersigned's jurisdictional, procedural, and substantive arguments in the underlying motion "lack[] merit" only seems to highlight the wisdom of granting all parties an appropriate chance to be fully heard and giving their merits arguments due consideration without unnecessary time constraints.

The Honorable Valerie E. Caproni                                                                                      Page 2
June 19, 2020

*First*, staying the Deposition Period would ensure that this Court can consider the jurisdictional and evidentiary questions raised in the Motion for Reconsideration—which, as set forth therein, the undersigned did not have an opportunity to raise previously—at the threshold, before the relief ordered in the Memo Endorsed Order takes full effect. With respect to jurisdiction, the Motion for Reconsideration argues that this Court currently lacks subject-matter jurisdiction over Ms. Moss's and Mr. Fine's subpoenas, which is a threshold issue at any stage of the proceeding. In turn, with respect to the evidence rules, the Motion for Reconsideration requests, pursuant to FRE 201(e), a hearing on matters of judicial notice. FRE 201(e) (emphasis added) specifically contemplates that, where, as here, judicial notice is taken <u>sua sponte</u>, "[a] party, on request, is <u>still</u> entitled to be heard." Because "[t]he requirement that jurisdiction be established as a threshold matter ... is inflexible and without exception," see <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 94-95 (1998) (quotation omitted), and because FRE 201(e) entitles a party to be heard on the propriety of taking judicial notice before a judicially-noticed fact becomes a basis for the issuance of relief, staying the Deposition Period pending consideration of these questions would ensure that both the jurisdictional and evidentiary horses are put before the cart.

*Second*, staying the Deposition Period pending adjudication of the Motion for Reconsideration will not delay trial. At the May 7, 2020 teleconference at which the Court proposed the July 15, 2020 deadline, this Court expressed the concern that, if the Deposition Period is delayed further, "once we decide we can do trials again, I don't want the holdup to be that we have got this hanging chad of two depositions. I want this case as one of the ones that should be trial ready as soon as we are in a position to do trials." May 7, 2020 Tr. (Doc. No. 236) at 12:19-23. In its Scheduling Order entered thirteen days later, however, this Court directed the parties "to file a joint status report by August 7, 2020, proposing possible trial dates in the fall." The undersigned respectfully submits that this Court's directive in the May 20, 2020 Scheduling Order automatically removes any possibility of a "hanging chad" in the following manner:

When the parties submit their joint status report on August 7, 2020, then, in the event the Motion for Reconsideration remains <u>sub judice</u>,[2] K&S and the ex-K&S partners will finally be put to a decision: Either **(i)** Ms. Moss and/or Mr. Fine, as of August 7, will be <u>willing</u> to testify in-person before the jury on the dates this fall proposed by the parties (assuming a civil jury trial in this District in the fall will be feasible), demonstrating that their currently professed COVID-related health concerns have been resolved; <u>or</u> **(ii)** Ms. Moss and Mr. Fine, as of August 7, will remain <u>unwilling</u> to appear in-person on the proposed fall dates for a civil jury trial in this District that the parties agree are otherwise feasible. If either or both witnesses are willing to testify in person this fall, then such witness(es) should in turn be willing to give deposition testimony in-person shortly after August 7 as well. And to the extent either witness is unwilling to attend trial in-person this fall, then K&S would have to either de-designate such witness(es) as trial witnesses, in which case their depositions will be rendered unnecessary, or K&S would have to request permission for such witness(es) to testify before the jury remotely. In this latter case (as set forth in the Motion for

---

[2] If the Motion to Reconsider does not remain <u>sub judice</u> but rather is adjudicated before the August 7, 2020 status report deadline, then the remaining twenty-six days of the Deposition Period is a long enough period to accommodate two depositions (whether they are in-person or remote) yet short enough to assure that trial scheduling will not be adversely affected.

The Honorable Valerie E. Caproni                                                                                          Page 3
June 19, 2020

Reconsideration), the undersigned would not oppose taking their deposition testimony remotely shortly after the Court grants (should it do so) that such witness(es) trial testimony at the proposed fall jury trial would be via remote video link as well.  Under any of these eventualities, the August 7, 2020 status report deadline set by this Court guarantees both that the Deposition Period can be stayed pending adjudication of the Motion for Reconsideration and that this case nevertheless "will be trial ready as soon as we are in a position to do trials."

Finally, as Second Circuit has held, in applying its discretion to "the requirement[s] under Rule 16(b)" for modification of a scheduling order, the court's "finding of good cause depends on the diligence of the moving party" in attempting to comply with the schedule-in-place.  See Grochowski v. Phoenix Construction, Ypsilon Constructions Corp., 318 F.3d 80, 87 (2d Cir. 2003).  Here, the Memo Endorsed Order stated that the undersigned exercised "extraordinary" diligence in addressing Ms. Moss's and Mr. Fine's health-and-safety concerns relating to in-person testimony.  Thus, this is clearly not a situation in which an attorney asks for more time in the hopes the Court will rescue him from a deadline that he was too lackadaisical to meet.  Rather, the undersigned's purpose in seeking a stay of the Deposition Period in to ensure that his (newly-raised) grounds set forth in the Motion for Reconsideration are addressed by the Court before the relief set forth in the Memo Endorsed Order fully takes effect.  The undersigned respectfully submits that, because he has shown no lack of diligence in pursuing discovery—and because, as set forth supra, the requested stay will not affect trial scheduling, yet will allow for the issues raised in the Motion for Reconsideration to be considered—the instant request fully satisfies FRCP 16(b)'s good-cause requirement, and, more broadly, is also fully consistent with the federal rules' goal of "just, speedy, and inexpensive determination of every action and proceeding," FRCP 1.

2. The original due date for the completion of out-of-time depositions was May 15, 2020. This deadline was subsequently extended from May 15, 2020 to May 29, 2020; and again from May 29, 2020 to July 15, 2020.

3. The undersigned has made one previous request to adjourn the deadline for the completion of out-of-time depositions, from May 15, 2020 to May 29, 2020, which request was granted by this Court.  Subsequently, the May 29, 2020 deadline was adjourned to July 15, 2020 at the Court's suggestion during the May 7, 2020 teleconference.

4. The position of Defendant King & Spalding and the third-party witnesses, Ms. Moss and Mr. Fine, are set forth infra.

5. The alternative deadline proposed for the completion of out-of-time depositions is twenty-six days after the adjudication of the Motion for Reconsideration, that being the period remaining between the date of instant request and the current deposition deadline of July 15, 2020.

* * *

**<u>Defendant's Position</u>**

Defendant King & Spalding and non-parties Meredith Moss and David Fine oppose any further adjournments of the depositions of Ms. Moss and Mr. Fine. This Court has already directed the parties to proceed by remote deposition, Dkt. 239, and the depositions of Ms. Moss and Mr. Fine have already been scheduled for the week of July 13, 2020.

Plaintiff's recently-filed motion for reconsideration lacks merit and therefore does not justify a further delay of the depositions. Although we will respond to Plaintiff's 25-page motion in full in due course should the Court not deny the motion outright, we briefly note the following points:

1. Plaintiff mischaracterizes this Court's June 4 order as having "quashed" the deposition subpoenas. Ms. Moss and Mr. Fine remain willing to sit for videoconference depositions pursuant to the subpoenas that were served on them, and those subpoenas remain effective and in force.

2. Plaintiff's motion impermissibly raises a new argument for the first time. Plaintiff has already had three separate opportunities to present his arguments to the Court regarding remote depositions: (i) in a May 6, 2020 joint letter to the Court (Dkt. 235); (ii) during a May 7, 2020 conference with the Court (Dkt. 236); and (iii) in a June 3, 2020 joint letter to the Court (Dkt. 239). In none of those communications did Plaintiff argue, as he argues for the first time in his motion for reconsideration, that this Court lacks jurisdiction to direct the parties to proceed by remote deposition. *See* Dkt. 240 at 12-15. To the contrary, he agreed to submit this question to this Court without raising any objection regarding the Court's jurisdiction to decide this issue.

3. Plaintiff fails to offer any argument that would support reconsideration of this Court's previous order directing remote depositions. Plaintiff's obsessive insistence on in-person depositions during a pandemic is based on nothing more than his own subjective "belief" that he cannot adequately assess witness credibility on a videoconference. *See* Dkt. 240 at 7 n.7 and 21. Revealingly, Plaintiff does not identify a single case endorsing his view that depositions by videoconference present an impediment to assessing witness credibility. This is unsurprising, because courts have ***repeatedly*** rejected this argument, both before and during the current pandemic. *See, e.g., Sec. & Exch. Comm'n v. Aly*, 320 F.R.D. 116, 119 (S.D.N.Y. 2017) (rejecting argument that deposition by videoconference "would deprive the [plaintiff] the opportunity to adequately evaluate the credibility of defendant"); *Tangtiwatanapaibul v. Tom & Toon Inc.*, No. 17-cv-00816 (LGS)(KHP), 2017 WL 10456190, at *3 (S.D.N.Y. Nov. 22, 2017) (rejecting argument that deposition by videoconference "would not provide an adequate opportunity to evaluate credibility" because "[v]ideoconferencing technology will permit observation of the deponent" and noting that "courts routinely permit depositions by videoconference") (citing cases); *Lundquist v. First Nat'l Ins. Co. of Am.*, No. 18-5301 RJB, 2020 WL 3266225, at *2 (W.D. Wash. June 17, 2020) ("Since credibility is at issue, the depositions should occur by videoconference."); *Learning Res., Inc. v. Playgo Toys Enterprises Ltd.*, No. 19-cv-00660,

The Honorable Valerie E. Caproni Page 5
June 19, 2020

2020 WL 3250723, at *3 (N.D. Ill. June 16, 2020) (noting that "many courts have held that remote videoconference depositions offer the deposing party a sufficient opportunity to evaluate a deponent's nonverbal responses, demeanor, and overall credibility") (citing cases).

Because, as we will explain in detail if necessary, Plaintiff's motion for reconsideration is devoid of merit and should be denied, there is no reason to further delay the depositions of Ms. Moss and Mr. Fine.

* * *

Thank you for your consideration of the foregoing.

Respectfully submitted,

_/s/ David A. Joffe_
David A. Joffe, Esq. (pro se)
155 Christopher Columbus Drive
Jersey City, NJ 07302
516-695-7086
davidajoffe@gmail.com

CC (via ECF): All counsel

---

The motion to stay is DENIED. The Court anticipates ruling on the pending motion for reconsideration in short order.

SO ORDERED. Date: 06/23/2020

*[signature: Valerie Caproni]*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE