19-3516-cv
*Joffe v. Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

    At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of September, two thousand twenty.

PRESENT:
        JOHN M. WALKER, JR.,
        ROBERT A. KATZMANN,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Oct 02 2020

---

DAVID A. JOFFE,

        *Plaintiff-Appellant*,

        v.                                  19-3516-cv

JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.,

        *Appellee*,

KING & SPALDING LLP,

        *Defendant*.

---

For Appellant:                            DAVID A. JOFFE, pro se, Jersey City, NJ.

1

|   |   |
|---|---|
| For Appellee: | ANDREW M. MOSKOWITZ, Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C., Springfield, NJ. |

Appeal from an order entered September 25, 2019 in the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellee Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins ("JW"), formerly counsel to Plaintiff-Appellant David A. Joffe in this wrongful termination action, moved in the district court to affix an attorney's lien to any recovery Joffe might obtain. The magistrate judge to whom the matter was referred (Aaron, *M.J.*) granted the motion to affix the lien, *see Joffe v. King & Spalding LLP*, 337 F. Supp. 3d 366, 371 (S.D.N.Y. 2018), and the district judge (Caproni, *J.*) denied Joffe's motion to vacate that order, *see Joffe v. King & Spalding LLP*, No. 17-CV-3392 (VEC), 2019 WL 4722673, at *1 (S.D.N.Y. Sept. 25, 2019). Joffe now appeals. We have jurisdiction over this interlocutory appeal pursuant to the collateral order doctrine. *Sutton v. N.Y.C. Transit Auth.*, 462 F.3d 157, 160 (2d Cir. 2006). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

New York Judiciary Law § 475 provides that "the attorney who appears for a party has a lien upon his or her client's cause of action." The lien survives the attorney's withdrawal from the action so long as there was good cause to withdraw. *Klein v. Eubank*, 87 N.Y.2d 459, 464 (1996). The district court found that JW had good cause to withdraw because Joffe was "an unreasonably difficult client[] who repeatedly fired off demeaning remarks, failed to make timely payments, questioned JW's competence, disagreed on strategy while doggedly micromanaging the case, and dangled termination as a threat to win arguments." *Joffe*, 2019 WL

4722673, at *5.[1] Our review is for abuse of discretion, "which occurs when (1) a District Court's decision rests on an error or law or clearly erroneous factual finding, or (2) its decision cannot be located within the range of permissible decisions." *Chabad Lubavitch of Litchfield Cty., Inc. v. Litchfield Historic Dist. Comm'n*, 934 F.3d 238, 243 (2d Cir. 2019).

Although Joffe argues that his behavior was not so bad as to justify withdrawal, we find no abuse of discretion in the district court's determination that Joffe's behavior caused an irreparable breakdown in the attorney-client relationship. The record confirms that Joffe was, indeed, "an unreasonably difficult client." *Joffe*, 2019 WL 4722673, at *5. He deliberately withheld payment for fees and expenses, taunting JW with the knowledge that JW could not enforce its contract against him without withdrawing from the case and losing its contingency fee. He belittled and insulted JW attorneys, frequently resorting to the use of profanity. He repeatedly threatened to fire JW when his demands were not met and invited JW to withdraw.

Joffe argues that the true reason for JW's withdrawal was its disagreement with Joffe over settlement posture—which, according to Joffe, can never provide good cause for withdrawal.[2] We have previously observed that a client's "refusal to accept a settlement offer is

---

[1] Unless otherwise indicated, case quotations omit all internal quotations marks, alterations, footnotes, and citations.

[2] This and other sections of Joffe's brief contain a number of misrepresentations regarding the record. *See, e.g.*, Appellant's Br. at 20–21 (misstating that the district court found the parties' disagreement over settlement to "constitute[] the true reason for Mr. Moksowitz's withdrawal"); *id.* at 40 (inaccurately claiming that the district court "acknowledged that the Magistrate Judge 'failed to consider counsel's true reason for withdrawal'" (alterations omitted)). The district court likewise made mention of "repeated[]," "severe[] misrepresent[ations]" in Joffe's motion to vacate the magistrate judge's order. *Joffe*, 2019 WL 4722673, at *4. Candor to the court is a "basic" and "important" precept to ensuring integrity and functioning of the judicial process. *In re Gordon*, 780 F.3d 156, 161 (2d Cir. 2015) (per curiam). We remind appellant that there is no excuse for making misrepresentations to the court, particularly given his experience as an attorney and officer of the court.

3

not a sufficient basis for a withdrawal of representation," *Jones v. Parmley*, 714 F. App'x 42, 47 (2d Cir. 2017), and that it is inappropriate for an attorney to "s[eek] to control the amount of [the client's] settlement demand," *Holcombe v. Matsiborchuk*, 747 F. App'x 875, 878 (2d Cir. 2018). And it is true that, the day before JW sought to withdraw, Andrew Moskowitz, the lead attorney on the case, "told Joffe that he would need to hire new counsel unless he was willing to at least entertain realistic settlement outcomes." *Joffe*, 2019 WL 4722673, at *6. But, crucially, the district court did not find that this settlement dispute was the only, or even the predominant, reason for JW's withdrawal. Rather, the district court found that "Joffe's purportedly unrealistic settlement demand was the straw that broke the camel's back—not only was Joffe not paying his bills on time; and not only was Joffe an extremely difficult client; but there was no foreseeable prospect of resolving either the case or the differences between JW and Joffe." *Id.*

Joffe argues that, because it is the client who determines what settlement will be acceptable, a disagreement over settlement strategy can never play any role in the good cause determination. We disagree. We have previously acknowledged the distinction "between a request for withdrawal because of a refusal to settle and a request to withdraw because the attorney-client relationship has broken down due to the refusal to settle." *Jones*, 714 F. App'x at 47. Here, the breakdown of the relationship was not predominantly due to Joffe's settlement position, but to his months-long pattern of unreasonable behavior. Thus, even assuming Joffe is correct that he had the right to insist on this particular settlement demand, we find no abuse of discretion in the district court's decision to take account of the impact this had on the already-strained working relationship between Joffe and JW.

For similar reasons, we reject Joffe's argument that JW engaged in misconduct when it provided Joffe with notice that it would withdraw if Joffe did not consider reasonable alternative

4

settlement options. When, as here, the client's behavior has caused a breakdown in the attorney-client relationship, an acknowledgement by the attorney that he cannot continue the representation unless something changes is not inappropriate. Nor do we agree that JW improperly attempted "to control the amount of [Joffe's] settlement demand." *Holcombe*, 747 F. App'x at 878. To the contrary: Joffe repeatedly threatened to replace JW or invited JW to withdraw if it did not agree with his every decision. Joffe can scarcely have been surprised when JW took him up on the offer.

Finally, Joffe argues that JW has, as a matter of equity, forfeited its lien by filing its motion to withdraw in redacted form on the public docket, rather than under seal.[3] This argument, however, is premature. "[T]he overriding criterion for determining the amount of a charging lien is that it be fair." *Sutton*, 462 F.3d at 161. But the determination of the amount of JW's lien has been deferred "until the amount to be recovered by [Joffe], if any, has been finally determined." *Joffe*, 337 F. Supp. 3d at 371. If Joffe believes that the filing of redacted documents justifies a reduction in JW's share, he should make that argument to the district court in the first instance at the appropriate time. For now, we are not persuaded that the *de minimis* harm suffered by Joffe from his attorney's choice to file redacted rather than sealed documents justifies the complete extinguishment of JW's lien. JW successfully litigated this case through summary judgment, and it would not be "fair," *Sutton*, 462 F.3d at 161, to deny it any stake in Joffe's eventual recovery, even if it erred slightly too far on the side of public access to judicial documents. *Cf. Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (discussing the presumption of access to judicial documents).

---

[3] Joffe concedes that JW was permitted to reveal privileged communications to the district court. He does not contend that any privileged material was filed publicly.

5

For similar reasons, we reject Joffe's argument that JW unjustifiably prejudiced his interests by filing, under seal, additional attorney-client communications in reply to Joffe's opposition to the motion to withdraw. The additional communications were reasonably necessary to fully contextualize the state of the attorney-client relationship and to rebut Joffe's argument that the relationship had not broken down.

We have considered Joffe's remaining arguments and find in them no basis for reversal. Accordingly, the order of the district court is **AFFIRMED.**

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit