USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/23/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
DAVID A. JOFFE,                                      :
                                                     :
                              Plaintiff,      :        17-CV-3392 (VEC)
            -against-                                :
                                                     :        ORDER
KING & SPALDING LLP,                                 :
                                                     :
                              Defendant.     :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

       WHEREAS on October 22, 2020, the parties appeared before the Court for a hearing on their motions *in limine*;

       IT IS HEREBY ORDERED that, for the reasons stated at the conference:

1. Defendant's motion to preclude Plaintiff from introducing evidence concerning back pay and front day damages after September 11, 2018, Dkt. 204, is DENIED.

2. Plaintiff's motion to exclude testimony about media coverage surrounding his separation from his former counsel, Dkt. 195, is DENIED. As Plaintiff withdrew his motion for briefing on recusal, the Court does not consider this request. Plaintiff clarified during the hearing that he was also moving to exclude Magistrate Judge Aaron and this Court's opinions on the lien issue, Dkts. 113, 184. While media articles are relevant as part of the analysis of whether Defendant is responsible for Plaintiff's inability to find comparable employment, or whether Plaintiff brought continued unemployment upon himself by triggering an ugly, public separation from his prior counsel, prospective employers are unlikely to review the opinions themselves as part of diligence associated with a decision to hire Mr. Joffe. Moreover, the opinions discuss at length Mr. Joffe's untoward conduct vis-à-vis his attorney, conduct that has nothing to do with whether King & Spalding

discharged him for an improper purpose, but which could be confusing to a jury. In short, the probative value of these opinions would be substantially outweighed by their prejudicial impact. Accordingly, the motion to exclude the opinions discussing his prior counsel's charging lien (Dkts. 113, 184) is GRANTED.

3. Plaintiff's motion to bifurcate the trial into liability and damages phases, Dkt. 197, is DENIED.

4. Defendant's motion to exclude evidence regarding the relative size of the parties' legal teams and resources, Dkt. 193, is DENIED.

5. Defendant's motion to exclude evidence regarding King and Spalding's size and profitability, Dkt. 193, is DENIED.

6. Defendant's motion to exclude evidence regarding other claims or lawsuits against King & Spalding implicating professional liability issues, Dkt. 193, is GRANTED.

7. Defendant's motion to exclude evidence regarding communication with King & Spalding's professional liability insurance carrier, Dkt. 193, is GRANTED.

8. Defendant's motion to exclude King & Spalding's policy entitled "Claims, Situations That Might Lead to Claims, And Subpoenas/Discovery Directed To The Firm and Its Lawyers,' Dkt. 193, is GRANTED.

9. Defendant's motion to exclude the privilege log produced by King & Spalding, Dkt. 193, is GRANTED.

10. Defendant's motion to exclude statements made by Judge Lewis Kaplan about King & Spalding's conduct during the *Vringo v. ZTE* lawsuit, Dkt. 193, is DENIED.

11. Defendant's motion to preclude Plaintiff from using the terms "Sanctions Order" and "Red Flags Email," Dkt. 193, is GRANTED.

IT IS FURTHER ORDERED that the parties must brief the issue of whether Plaintiff is entitled to a jury trial on his ERISA claim.  Defendant, which objected to a jury trial with respect to the ERISA claim, Dkt. 224 at 3, must file a brief in support of this contention by no later than **Friday, November 13, 2020**.  Plaintiff's response in opposition is due no later than **Friday, December 4, 2020**.  Defendant's reply in support is due no later than **Friday, December 11, 2020**.

IT IS FURTHER ORDERED that the parties may file updated trial materials, including their joint pretrial order, requests to charge, joint proposed *voir dire* questions, and pre-marked exhibits, by no later than **Friday, February 26, 2021**.  The updated joint pretrial order should include the circumstances of each proposed witness, including whether the witness is expected to testify in person or remotely and whether the witness lives outside the tri-state area.  The parties should confer and include in their updated joint pretrial order their proposed format for remote testimony, including the desired technological platform and method for handling exhibits.

IT IS FURTHER ORDERED that the trial is scheduled to begin on **Monday, April 26, 2021, at 10:00 A.M.**  The final pre-trial conference is scheduled for **Thursday, April 15, 2021, at 2:30 P.M.**

IT IS FURTHER ORDERED that if the parties want a referral for a settlement conference with Magistrate Judge Aaron or to the Court-annexed Mediation Program, they may submit a joint letter requesting such a referral at any time.

The Clerk of Court is respectfully directed to terminate the open motions at docket entries 193, 195, 197, and 204.

**SO ORDERED.**

Date:  October 23, 2020
       New York, New York

_____
VALERIE CAPRONI
United States District Judge