UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
DAVID A. JOFFE,                    :

                               :   Civil Action No.: 17-cv-3392
                 Plaintiff,   :   (VEC)(SDA)
                               :
        -- against --        :
                               :
                               :
KING & SPALDING LLP,      :
                               :
                 Defendant.   :
-------------------------------------------------------- X

### PROPOSED UPDATED JOINT PRETRIAL ORDER

Pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure, this Court's Individual

Practice 8.A, and this Court's Orders dated October 23, 2020 (Doc. No. 253), January 14, 2021

(Doc. No. 260) and February 18, 2021 (Doc. No. 264), Plaintiff David A. Joffe and Defendant

King & Spalding LLP ("K&S" or "the Firm") submit the following updated proposed joint

pretrial order.

**I.    FULL CAPTION OF THE ACTION**

*David A. Joffe v. King and Spalding LLP*, Civil Action No. 17-cv-3392 (VEC)(SDA).

**II.    TRIAL COUNSEL**

| **Plaintiff:** | **Defendant:** |
|---|---|
| David A. Joffe, Esq.[1] | Joseph Baumgarten, Esq. |
| 155 Christopher Columbus Drive | Pinchos Goldberg, Esq. |
| Jersey City, NJ 07302 | PROSKAUER ROSE LLP |
| (516) 695-7086 | Eleven Times Square |
| davidajoffe@gmail.com | New York, NY 10036 |
| | (212) 969-3000 |
| | jbaumgarten@proskauer.com |
| | pgoldberg@proskauer.com |

---

[1] Plaintiff David A. Joffe is proceeding *pro se*.

**III.   BASIS OF SUBJECT MATTER JURISDICTION**

The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) because Plaintiff has asserted a claim under Section 510 of ERISA, 29 U.S.C. § 1140.  This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 29 U.S.C. § 1367.

**IV.   CLAIMS AND DEFENSES TO BE TRIED**

**A.   Plaintiff's Claims:**

Plaintiff brings a claim for breach of contract under <u>Wieder v. Skala</u> on the basis of King & Spalding's actions in removing Plaintiff from the Firm's partnership track and/or subsequently terminating Plaintiff in an unusually harsh manner without the customary notice to seek new employment elsewhere while Plaintiff was still employed.  Plaintiff contends that King & Spalding took these actions in retaliation for Plaintiff's efforts to report, within the Firm, ethical concerns regarding how King & Spalding's representation of the Chinese telecommunications firm ZTE Corporation ("ZTE") was handled.

Plaintiff also brings a claim for interference with benefits under ERISA.  Plaintiff contends that the Firm deliberately timed the date of Plaintiff's firing in order to claw back certain unvested contributions it had previously made to Plaintiff's 401(k) account.

**B.   Defendant's Defenses:**

K&S denies that it terminated Plaintiff's employment to evade a standard profit-sharing contribution to his 401k account or to impede or discourage him from complying with his professional obligations.  Rather, K&S terminated Plaintiff's employment after it concluded that he was ill-equipped for long-term success at the Firm based on his lack of engagement in his own career development and repeated failure to comply with Firm policies and procedures.

Further, even if Joffe establishes that his termination was unlawful, he is not entitled to damages: (i) because he failed to make reasonable and diligent efforts to mitigate his alleged damages; and (ii) because the damages he seeks, which are based on the supposed derailment of his hypothetical ability to obtain a different position as a partner or counsel at some other firm, are not attributable to any conduct by K&S and are highly speculative.

## V.   LENGTH OF TRIAL; JURY/NON-JURY TRIAL

Plaintiff anticipates eight days of trial will be necessary.  Defendant anticipates five days of trial will be necessary.

Plaintiff's *Wieder* claim will be tried to a jury.  Plaintiff's ERISA claim will be decided by the Court after the jury returns a verdict on the *Wieder* claim.  *See* Doc. No. 259 (striking Plaintiff's request for a jury trial on his ERISA claim).

## VI.   MAGISTRATE CONSENT

The parties do not consent to trial by a magistrate judge.

## VII.   STIPULATIONS

See Section XII below regarding stipulated joint exhibits.

## VIII.   PLAINTIFF'S STATEMENT OF DAMAGES

With respect to his <u>Wieder</u> claim, Plaintiff seeks breach-of-contract damages for loss of past, present, and future earnings because of Defendant's adverse employment actions.

With respect to his ERISA claim, Plaintiff seeks damages for the benefits he would have received under the terms of Plaintiff's 401(k) account but for Defendant's interference.

## IX.   UNANIMOUS VERDICT

The parties do not consent to less than a unanimous verdict.

X.   **TRIAL WITNESSES**[2]

A.   **Plaintiff's Witnesses**

Plaintiff may call the following witnesses to testify in Plaintiff case in chief.  In addition, Plaintiff reserves the right to call any impeachment or rebuttal witnesses not listed below, and reserves the right to call custodian(s) of records, if necessary, with respect to exhibits.  Plaintiff also reserves the right to supplement or amend this list in light of the Court's rulings on motions *in limine* and other evidentiary rulings.

1.   **David A. Joffe (in person)**

David A. Joffe is the Plaintiff.  Plaintiff may testify about the terms and conditions of his employment agreement with Defendant; Plaintiff's work performance; K&S's involvement in the ZTE Matter; Plaintiff's good-faith, reasonable belief; Plaintiff's reporting efforts; the Firm's reason(s) for its adverse employment actions; and Plaintiff's past, present, and prospective future earnings and employment opportunities.

2.   **David Tetrick**

Mr. Tetrick is a K&S Partner in Atlanta, GA.  Mr. Tetrick may testify about K&S and industry policies, customs, and practices; Plaintiff's work performance; and the Firm's reason(s) for its adverse employment actions.

3.   **M. Robert Thornton**

Mr. Thornton is a K&S Partner in Atlanta, GA, and the Firm's General Counsel.  Mr. Thornton may testify about K&S and industry policies, customs, and practices; K&S's involvement in the ZTE Matter; and the Firm's reason(s) for its adverse employment actions.

4.   **Christopher W. Jackson**

Mr. Jackson is the Firm's Chief Human Resources Officer in Atlanta, GA.  Mr. Jackson may testify about K&S and industry policies, customs, and practices; and the Firm's reason(s) for its adverse employment actions.

---

[2] Whether witnesses other than Plaintiff will testify in person or remotely will depend on their unique circumstances at the time of trial, including their personal health situation and their ability to get vaccinated, which are uncertain as of the date of this filing.  The parties will update the Court closer to the trial date regarding which witnesses will testify in person or remotely.  The parties are separately submitting a proposed protocol for remote testimony together with this proposed Order.

5.      **Lisa S. Keyes**

Ms. Keyes is a K&S Partner in Atlanta, GA.  Ms. Keyes may testify about K&S and industry policies, customs, and practices; Plaintiff's work performance; and the Firm's reason(s) for its adverse employment actions.

6.      **Robert F. Perry**

Mr. Perry is a former K&S Partner in New York, NY.  Mr. Perry may testify about K&S and industry policies, customs, and practices; Plaintiff's work performance; and K&S's involvement in the ZTE Matter.

7.      **Paul A. Straus**

Mr. Straus is a K&S Partner in New York, NY.  Mr. Straus may testify about K&S and industry policies, customs, and practices; Plaintiff's work performance; and K&S's involvement in the ZTE Matter.

8.      **Richard T. Marooney**

Mr. Marooney is a K&S Partner in New York, NY.  Mr. Marooney may testify about K&S and industry policies, customs, and practices; Plaintiff's work performance; and the Firm's reason(s) for its adverse employment actions.

9.      **Wendy Waszmer**

Ms. Waszmer is a former K&S Partner in New York, NY.  Ms. Waszmer may testify about K&S and industry policies, customs, and practices; and the Firm's reason(s) for its adverse employment actions.

10.     **Phyllis B. Sumner**

Ms. Sumner is a K&S Partner in Atlanta, GA.  Ms. Sumner may testify about K&S and industry policies, customs, and practices; and the Firm's reason(s) for its adverse employment actions.

11.     **Meredith Moss**

Ms. Moss is a former K&S Partner in Washington, D.C.  Ms. Moss may testify about K&S and industry policies, customs, and practices; Plaintiff's work performance; and the Firm's reason(s) for its adverse employment actions.

12. **Kristin Kucsma**

Ms. Kuscma is Plaintiff's damages expert.  Ms. Kuscma may offer opinion testimony concerning the appraisal of Plaintiff's lost earnings under the principles of forensic economics.

Ms. Kucsma lives in the tri-state area.

13. **Gordon Kamisar**

Mr. Kamisar is Plaintiff's vocational expert.  Mr. Kamisar may offer opinion testimony concerning Plaintiff's employment prospects but for Defendant's adverse employment actions and Plaintiff's employment prospects now that Defendant's retaliatory conduct has taken place.

Mr. Kamisar lives in Washington.

B. **Defendant's Witnesses**

Defendant may call the following witnesses to testify in Defendant's case in chief.  In addition, Defendant reserves the right to call any impeachment or rebuttal witnesses not listed below or any witnesses identified by Plaintiff, whether called by Plaintiff or not, and reserves the right to call custodian(s) of records, if necessary, with respect to exhibits.  Defendant also reserves the right to supplement or amend this list in light of the Court's rulings on motions *in limine* and other evidentiary rulings.

1. **Philip R. Forlenza**

Mr. Forlenza is Of Counsel with the law firm Patterson Belknap Webb & Tyler LLP ("PBW&T").  Mr. Forlenza may testify about PBW&T's representation of K&S in the action entitled *Vringo v. ZTE Corp.*, No. 14-cv-4988 (the "ZTE Case").

Mr. Forlenza lives in Upstate New York.

2. **Lisa S. Keyes**

Ms. Keyes is the Firm's Professional Development Partner.  Ms. Keyes may testify about the Firm's professional development policies and practices, Plaintiff's removal from the partnership track, and the termination of Plaintiff's employment.

Ms. Keyes lives in Georgia.

**3.      Richard T. Marooney**

Mr. Marooney is a K&S Partner.  Mr. Marooney may testify about Plaintiff's work performance, Plaintiff's removal from the partnership track, and the termination of Plaintiff's employment.

Mr. Marooney lives in the tri-state area.

**4.      Meredith Moss**

Ms. Moss is a former K&S Partner.  Ms. Moss may testify about Plaintiff's work performance and Plaintiff's removal from the partnership track.

Ms. Moss lives in Utah.

**5.      Robert F. Perry**

Mr. Perry is a former K&S Partner.  Mr. Perry may testify about Plaintiff's work performance and K&S's representation of ZTE in the ZTE Case.

Mr. Perry lives in Virginia.

**6.      Paul A. Straus**

Mr. Straus is a K&S Partner.  Mr. Straus may testify about Plaintiff's work performance and K&S's representation of ZTE in the ZTE Case.

Mr. Straus lives in the tri-state area.

**7.      Phyllis B. Sumner**

Ms. Sumner is a K&S Partner.  Ms. Sumner may testify about Plaintiff's work performance.

Ms. Sumner lives in Georgia.

**8.      David Tetrick**

Mr. Tetrick is a K&S Partner.  Mr. Tetick may testify about the Firm's requirements and expectations of its attorneys and Plaintiff's compliance with same, Plaintiff's work performance, Plaintiff's compensation, Plaintiff's removal from the partnership track, and the termination of Plaintiff's employment.

Mr. Tetrick lives in Georgia.

9.      **M. Robert Thornton**

Mr. Thornton is a K&S Partner and the Firm's General Counsel.  Mr. Thornton may testify about his involvement with the ZTE Case.

Mr. Thornton lives in Georgia.

10.     **Christopher W. Jackson**

Mr. Jackson is the Firm's Chief Human Resources Officer. Mr. Jackson may testify about the Firm's human resources policies and practices, and the termination of Plaintiff's employment.

Mr. Jackson lives in Georgia.

11.     **David Fine**

Mr. Fine is a former K&S Partner.  Mr. Fine may testify about Plaintiff's work performance, Plaintiff's removal from the partnership track, and the termination of Plaintiff's employment.

Mr. Fine lives in the tri-state area.

12.     **Wendy Waszmer**

Ms. Waszmer is a former K&S Partner.  Ms. Waszmer may testify about Plaintiff's work performance, Plaintiff's removal from the partnership track, and the termination of Plaintiff's employment.

Ms. Waszmer lives in the tri-state area.

13.     **Thomas Hubbard**

Professor Hubbard is Defendant's damages expert.  Professor Hubbard may offer testimony to rebut the testimony of Plaintiff's damages expert, Kristin Kucsma.

Professor Hubbard lives in Illinois.

14.     **Carolyn Sweeney**

Ms. Sweeney is Defendant's vocational expert.  Ms. Sweeney may offer testimony to rebut the testimony of Plaintiff's vocational expert, Gordon Kamisar.

Ms. Sweeney lives in the tri-state area.

XI.    **REQUESTS TO CHARGE; PROPOSED *VOIR DIRE* QUESTIONS; PROPOSED VERDICT SHEET**

The Court is respectfully referred to the attached appendixes to this proposed Order.

**Exhibit A:  Joint Proposed Voir Dire Questions**

**Exhibit B:  Plaintiff's Proposed Jury Instructions**

**Exhibit C:  Plaintiff's Proposed Verdict Form(s)**

**Exhibit D:  Defendant's Proposed Jury Instructions**

**Exhibit E:  Defendant's Proposed Verdict Form**

XII.    **EXHIBITS**

A.    **Joint Exhibits**

The parties have stipulated to the admissibility of the following exhibits:

| **Ex.** | **Description** |
| --- | --- |
| J-1 | Criteria for Equity Partners, Partners and Counsel (K&S_0000108-09) |
| J-2 | Human Resources Manual (DJ019-83) |
| J-3 | 11/9/11 employment offer letter (K&S_0000856-59) |
| J-4 | 11/3/14 memorandum (K&S_0003131-41) |
| J-5 | 1/15/15 email (K&S_0001693-94) |
| J-6 | July 2014 – June 2015 Multiple Year Time Analysis (K&S_0003201) |
| J-7 | 2015 Lawyer Evaluation (K&S_0000386-89) |
| J-8 | 2015 Self-Evaluation (K&S_0000171-73) |
| J-9 | 12/15/15 email thread (K&S_0002414) |
| J-10 | 12/16/15 email thread (K&S_0002416) |
| J-11 | 12/23/15 memorandum (K&S_0000007) |
| J-12 | 4/12/16 memorandum (K&S_0000008) |
| J-13 | 6/30/16 email (K&S_0003274-75) |
| J-14 | 4/15/16 – 7/25/16 email thread (DJ002-07) |
| J-15 | 2016 Lawyer Evaluation (K&S_0000395-98) |
| J-16 | 4/15/16 – 9/23/16 email thread (K&S_0000508-17) |

| J-17 | 9/21/16 – 10/5/16 email thread (K&S_0000538-40) |
|------|--------------------------------------------------|
| J-18 | 10/14/16 notes (K&S_0002559) |
| J-19 | 10/14/16 email (K&S_0002554) |
| J-20 | 10/14/16 – 11/8/16 email thread (K&S_0002564-65) |
| J-21 | 11/9/16 email thread (K&S_0000693-94) |
| J-22 | 10/20/16 – 11/18/16 email thread (K&S_0002588-89) |
| J-23 | 12/7/16 notes (K&S_0002607-10) |
| J-24 | 12/7/16 draft separation agreement (K&S_0000701-07) |
| J-25 | Resume (DJ415) |
| J-26 | 2/15/17 – 3/2/17 email thread (DJ138-40) |
| J-27 | 2/1/17 – 3/14/17 notes (DJ119) |
| J-28 | 11/13/17 agreement (DJ802-03) |
| J-29 | 4/17/18 addendum to agreement (DJ801) |
| J-30 | 4/26/18 – 6/15/18 email thread (DJ845-47) |
| J-31 | 10/25/18 letter (DJ872-75) |

### B.    Plaintiff's Exhibits

| Ex. | Description | Objection | Response |
|-----|-------------|-----------|----------|
| P-1 | King & Spalding policy entitled "Claims, Situations That Might Lead to Claims, and Subpoenas/Discovery Directed to the Firm and its Lawyers" (undated) (K&S_0003544) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion | Relevant to Plaintiff's reporting efforts; Defendant's retaliatory motive; and Defendant's proffered reason(s) for adverse employment actions.  Any risk of unfair prejudice or jury confusion outweighed by probative value. |
| P-2 | New York City Bar Association's Professional Ethics Committee's Formal Opinion 82-79 (1982) | FRE 402 – irrelevant | Relevant to Plaintiff's reporting efforts and good-faith, reasonable belief. |
| P-3 | Hishon v. King & Spalding, 467 US 69 (1984) | FRE 402 – irrelevant; FRE 403 – unfair | Relevant to industry custom; foreseeability; |

| | | prejudice and jury confusion; FRE 802 – hearsay | proximate cause; and vocational expert testimony. Any risk of unfair prejudice or jury confusion outweighed by probative value.  Falls within hearsay exception for statements in periodicals called to attention of expert, <u>see</u> Fed. R. Evid. 803(18); and within residual exception as "supported by sufficient guarantees of trustworthiness … and more probative on the point … than any other evidence that the proponent can obtain," <u>see</u> Fed. R. Evid. 807. |
|---|---|---|---|
| P-4 | Luis Garicano & Thomas N. Hubbard, <u>Hierarchical sorting and learning costs: Theory and evidence from the law</u>, 58 J. Econ. Behavior & Org. 349-69 (2005) | FRE 402 – irrelevant | Relevant to amount of damages; foreseeability; and damages expert testimony. |
| P-5 | Debra Cassens Weiss, <u>King & Spalding Tops List of Partner Promotion Percentages</u>, ABA Journal (February 12, 2008) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion; FRE 602 – lacks foundation; FRE 802 – hearsay | Relevant to amount of damages; foreseeability; K&S custom and practice; and vocational expert testimony.  Any risk of unfair prejudice or jury confusion outweighed by probative value.  "[FRE 602] does not apply to a witness's expert testimony." <u>See</u> Fed. R. Civ. P. 602. Falls within hearsay exception for statements in periodicals called to attention of expert.  <u>See</u> Fed. R. Evid. 803(18). |
| P-6 | New York Rules of Professional Conduct | FRE 402 – irrelevant; FRE 403 – unfair | Document setting forth RPCs as they were available |

| | | | |
|---|---|---|---|
| | (effective April 1, 2009; with Commentary as amended through March 28, 2015 | prejudice and jury confusion | at the time in question is relevant to Plaintiff's good-faith, reasonable belief. Any risk of unfair prejudice or jury confusion outweighed by probative value. |
| P-7 | King & Spalding Associate Salary Scale (2012) (K&S_0000346) | *[N/A]* | |
| P-8 | Multiple Year Time Analysis (June 14, 2012) (K&S_0000928-29) | *[N/A]* | |
| P-9 | AEC Self-Evaluation (Aug. 1, 2012) (K&S_0000357) | *[N/A]* | |
| P-10 | AEC Summary Report – 2012 (Aug. 14, 2012) (K&S_0000354-56) | *[N/A]* | |
| P-11 | Paul Sullivan, <u>The Price Whistle-Blowers Pay for Secrets</u>, New York Times, September 21, 2012 | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion; FRE 602 – lacks foundation; FRE 802 – hearsay | Relevant to amount of damages; foreseeability; proximate cause; and vocational expert testimony. Any risk of unfair prejudice or jury confusion outweighed by probative value.  "[FRE 602] does not apply to a witness's expert testimony."  <u>See</u> Fed. R. Civ. P. 602.  Falls within hearsay exception for statements in periodicals called to attention of expert. <u>See</u> Fed. R. Evid. 803(18). |
| P-12 | Memorandum from K&S Human Resources (Dec. 21, 2012) (K&S_0000004) | *[N/A]* | |
| P-13 | King & Spalding Associate Salary Scale (2013) | *[N/A]* | |

| | | | |
|---|---|---|---|
| | (K&S_0000347) | | |
| P-14 | Memorandum from King & Spalding (Mar. 22, 2013) (K&S_0000001) | [N/A] | |
| P-15 | Multiple Year Time Analysis (through June 12, 2013) (K&S_0000035-39) | [N/A] | |
| P-16 | AEC Summary Report (Oct. 7, 2013) (K&S_0000363-67) | [N/A] | |
| P-17 | AEC PGL Evaluation (Oct. 7, 2013) (K&S_0000362) | [N/A] | |
| P-18 | AEC Self-Evaluation (Oct. 7, 2013) (K&S_0000368) | [N/A] | |
| P-19 | Memorandum from K&S Human Resources (Dec. 20, 2013) (K&S_0000005) | [N/A] | |
| P-20 | King & Spalding Associate Salary Scale (2014) (K&S_0000348) | [N/A] | |
| P-21 | Memorandum from King & Spalding (Mar. 25, 2014) (K&S_0000002) | [N/A] | |
| P-22 | Multiple Year Time Analysis (through June 10, 2014) (K&S_0000054-58) | [N/A] | |
| P-23 | Conference Transcript, Vringo v. ZTE, No. 15-cv-986 (S.D.N.Y.) (July 7, 2014) (K&S_0002658-87) | [N/A] | |
| P-24 | Declaration of Zhao Wang and Exhibits A-C thereto (July 17, 2014) (K&S_0003016-27) | [N/A] | |

| P-25 | Hearing Transcript, <u>Vringo v. ZTE</u>, No. 15-cv-986 (S.D.N.Y.) (July 24, 2014) (K&S_0002718-70) | FRE 403 – unfair prejudice, jury confusion and cumulative; FRE 802 – hearsay | Any risk of unfair prejudice or confusion outweighed by probative value with respect to good faith, reasonable belief.  Not cumulative because hearing transcript reflects unique facts and concerns unique trial testimony.  Not offered to prove truth of the matter asserted. |
| P-26 | Letter from P. Straus, <u>Vringo v. ZTE</u>, No. 15-cv-986 (S.D.N.Y.) (Aug. 4, 2014) (Doc. No. 58-3 at 2-3) | *[N/A]* | |
| P-27 | Letter from P. Straus, <u>Vringo v. ZTE</u>, No. 15-cv-986 (S.D.N.Y.) (Aug. 5, 2014) K&S_0002930-31) | *[N/A]* | |
| P-28 | Memo Endorsed Order, <u>Vringo v. ZTE</u>, No. 15-cv-986 (S.D.N.Y.) (Aug. 6, 2014) (K&S_0002688-89) | FRE 403 – unfair prejudice, jury confusion and cumulative; FRE 802 – hearsay | Any risk of unfair prejudice or confusion outweighed by probative value with respect to good faith, reasonable belief.  Not cumulative because Memo Endorsed Order reflects unique facts and concerns unique trial testimony.  Not offered to prove truth of the matter asserted. |
| P-29 | Letter from P. Straus, <u>Vringo v. ZTE</u>, No. 15-cv-986 (S.D.N.Y.)  (Aug. 7, 2014) (K&S_0003039-40) | *[N/A]* | |
| P-30 | Declaration of Patricia D. Cappuyns (Aug. 7, 2014) (K&S_0003035-38) | *[N/A]* | |
| P-31 | First Amended Complaint, <u>Vringo v. ZTE</u>, No. 15-cv- | FRE 403 – unfair prejudice, jury | Any risk of unfair prejudice or confusion outweighed by |

| | | | |
|---|---|---|---|
| | 986 (S.D.N.Y.) (Aug. 13, 2014) (Doc. No. 58-4) | confusion and cumulative; FRE 802 – hearsay | probative value with respect to good faith, reasonable belief.  Not cumulative because First Amended Complaint reflects unique facts and concerns unique trial testimony.  Not offered to prove truth of the matter asserted. |
| P-32 | Lawyer Report (Aug. 26, 2014) (K&S_0000375-77) | *[N/A]* | |
| P-33 | PGL Evaluation (Aug. 26, 2014) (K&S_0000374) | *[N/A]* | |
| P-34 | Self-Evaluation (Aug. 26, 2014) (K&S_0000378) | *[N/A]* | |
| P-35 | Reply Memorandum of Law in Further Support of ZTE's Motion for Judgment on the Pleadings, <u>Vringo v. ZTE</u>, No. 15-cv-986 (S.D.N.Y.) (Dec. 1, 2014) (K&S_0002780-93) | *[N/A]* | |
| P-36 | Memorandum from K&S Human Resources (Dec. 23, 2014) (K&S_0000006) | *[N/A]* | |
| P-37 | King & Spalding Associate Salary Scale (2015) (K&S_0000349) | *[N/A]* | |
| P-38 | Email from K. Geercken to P. Straus, copying R. Perry, D. Joffe, K. Geercken, and A. Wessels-Yen, and attachment thereto (Jan. 13, 2015) (K&S _0001690-91) | FRE 403 – unfair prejudice, jury confusion and cumulative; FRE 802 – hearsay | Any risk of unfair prejudice or confusion outweighed by probative value with respect to good faith, reasonable belief.  Not cumulative because K. Geercken email reflects unique facts and concerns unique trial testimony.  Not offered to prove truth of the matter |

| | | | asserted. |
|---|---|---|---|
| P-39 | Email from P. Straus to K. Geercken, copying R. Perry, D. Joffe, and A. Wessels-Yen (Jan. 14, 2015) (K&S_0001692) | *[N/A]* | |
| P-40 | Letter from K. Geercken (Jan. 15, 2015) (K&S_0002932-33) | FRE 403 – unfair prejudice, jury confusion and cumulative; FRE 802 – hearsay | Any risk of unfair prejudice or confusion outweighed by probative value with respect to good faith, reasonable belief.  Not cumulative because K. Geercken letter reflects unique facts and concerns unique trial testimony.  Not offered to prove truth of the matter asserted. |
| P-41 | Email from K. Geercken to P. Straus, copying R. Perry, D. Joffe, K. Geercken, and A. Wessels-Yen, and attachment thereto (Jan. 21, 2015) (K&S_0001751-52) | FRE 403 – unfair prejudice, jury confusion and cumulative; FRE 802 – hearsay | Any risk of unfair prejudice or confusion outweighed by probative value with respect to good faith, reasonable belief.  Not cumulative because K. Geercken email reflects unique facts and concerns unique trial testimony.  Not offered to prove truth of the matter asserted. |
| P-42 | Email from D. Joffe to K. Geercken, copying A. Wessels-Yen, R. Perry, and P. Straus, Vringo v. ZTE, No. 15-cv-986 (S.D.N.Y.) (Jan. 23, 2015) (K&S_0001753) | *[N/A]* | |
| P-43 | Email from K. Geercken to P. Straus, copying R. Perry, D. Joffe, K. Geercken, and A. Wessels-Yen, and attachment thereto (Feb. 2, | FRE 403 – unfair prejudice, jury confusion and cumulative; FRE 802 – | Any risk of unfair prejudice or confusion outweighed by probative value with respect to good faith, reasonable belief.  Not cumulative |

| | | | |
|---|---|---|---|
| | 2015) (K&S_0001754-56) | hearsay | because K. Geercken email reflects unique facts and concerns unique trial testimony.  Not offered to prove truth of the matter asserted. |
| P-44 | Declaration of Hu Xin, filed in <u>Vringo v. ZTE</u>, No. 15-cv-986 (S.D.N.Y.) (Feb. 6, 2015) (K&S _0001930-32) | *[N/A]* | |
| P-45 | Motion to Compel Evidence of Breach of Contract and TRO Violation, <u>Vringo v. ZTE</u>, No. 15-cv-986 (S.D.N.Y.) (Mar. 23, 2015) (K&S_0002938-42) | FRE 403 – unfair prejudice, jury confusion and cumulative; FRE 802 – hearsay | Any risk of unfair prejudice or confusion outweighed by probative value with respect to good faith, reasonable belief.  Not cumulative because Motion to Compel Evidence of Breach of Contract and TRO Violation reflects unique facts and concerns unique trial testimony.  Not offered to prove truth of the matter asserted. |
| P-46 | Memorandum of Law of Defendants ZTE Corporation and ZTE (USA) Inc. in Opposition to Plaintiff's Motion to Compel [REDACTED] and Exhibits 1-3 thereto, <u>Vringo v. ZTE</u>, No. 15-cv-986 (S.D.N.Y.) (Mar. 25, 2015) (Doc. No. 58-5 at 2-23) | *[N/A]* | |
| P-47 | Memorandum from King & Spalding (Mar. 31, 2015) (K&S_0000003) | *[N/A]* | |
| P-48 | Hearing Transcript, <u>Vringo v. ZTE</u>, No. 15-cv-986 (S.D.N.Y.) (Apr. 7, 2015) (K&S_0002794-815) | FRE 403 – unfair prejudice, jury confusion and cumulative; FRE 802 – | Any risk of unfair prejudice or confusion outweighed by probative value with respect to good faith, reasonable belief.  Not cumulative |

|  |  | hearsay | because hearing transcript reflects unique facts and concerns unique trial testimony.  Not offered to prove truth of the matter asserted. |
|---|---|---|---|
| P-49 | Opinion, <u>Vringo v. ZTE</u>, No. 15-cv-986 (S.D.N.Y.) (May 14, 2015) (K&S_0002816-24) | FRE 403 – unfair prejudice, jury confusion and cumulative; FRE 802 – hearsay | Any risk of unfair prejudice or confusion outweighed by probative value with respect to good faith, reasonable belief.  Not cumulative because Opinion reflects unique facts and concerns unique trial testimony.  Not offered to prove truth of the matter asserted. |
| P-50 | Motion to Compel, <u>Vringo v. ZTE</u>, No. 15-cv-986 (S.D.N.Y.) (June 1, 2015) (Doc. No. 58-6 at 31-36) | FRE 403 – unfair prejudice, jury confusion and cumulative; FRE 802 – hearsay | Any risk of unfair prejudice or confusion outweighed by probative value with respect to good faith, reasonable belief.  Not cumulative because Motion to Compel reflects unique facts and concerns unique trial testimony.  Not offered to prove truth of the matter asserted. |
| P-51 | Multiple Year Time Analysis (June 3, 2015) (K&S_0000110-14) | [N/A] | |
| P-52 | Memorandum of Law in Opposition to Vringo's Motion to Compel, <u>Vringo v. ZTE</u>, No. 15-cv-986 (S.D.N.Y.) (June 3, 2015) (K&S_0002862-67) | [N/A] | |
| P-53 | Email from M. Moss to R. Marooney (K&S_0002200) | [N/A] | |
| P-54 | Hearing Transcript, <u>Vringo v. ZTE</u>, No. 15-cv-986 | FRE 403 – unfair prejudice, jury | Any risk of unfair prejudice or confusion outweighed by |

| | | | |
|---|---|---|---|
| | (S.D.N.Y.) (June 23, 2015) (K&S_0002690-2717) | confusion and cumulative; FRE 802 – hearsay | probative value with respect to good faith, reasonable belief.  Not cumulative because hearing transcript reflects unique facts and concerns unique trial testimony.  Not offered to prove truth of the matter asserted. |
| P-55 | King & Spalding LLP Profit Sharing—401(k) Plan, <u>Summary Plan Description</u> (July 2015) (K&S_0000401-19) | [N/A] | |
| P-56 | Order, <u>Vringo v. ZTE</u>, No. 15-cv-986 (S.D.N.Y.) (July 24, 2015) (Doc. No. 56-2 at 2-3) | FRE 403 – unfair prejudice, jury confusion and cumulative; FRE 802 – hearsay | Any risk of unfair prejudice or confusion outweighed by probative value with respect to good faith, reasonable belief.  Not cumulative because Order reflects unique facts and concerns unique trial testimony.  Not offered to prove truth of the matter asserted. |
| P-57 | Letter from K. Geercken, <u>Vringo v. ZTE</u>, No. 15-cv-986 (S.D.N.Y.) (Aug. 5, 2015) (K&S_0002895-96) | FRE 403 – unfair prejudice, jury confusion and cumulative; FRE 802 – hearsay | Any risk of unfair prejudice or confusion outweighed by probative value with respect to good faith, reasonable belief.  Not cumulative because K. Geercken letter reflects unique facts and concerns unique trial testimony.  Not offered to prove truth of the matter asserted. |
| P-58 | Memorandum of Law in Support of ZTE's Motion to Modify the Court's July 24, 2015 Order, No. 15-cv-986 (S.D.N.Y.) (Aug. 5, 2015) (K&S_0002897-900) | [N/A] | |

| P-59 | Declaration of Paul A. Straus in Response to <u>Sua Sponte</u> Sanctions Order to Show Cause, <u>Vringo v. ZTE</u>, No. 15-cv-986 (S.D.N.Y.) (Aug. 7, 2015) (K&S_00002352-54 | *[N/A]* | |
| P-60 | Declaration of Robert F. Perry in Response to <u>Sua Sponte</u> Sanctions Order to Show Cause, <u>Vringo v. ZTE</u>, No. 15-cv-986 (S.D.N.Y.) (Aug. 7, 2015) (K&S_00002349-51) | *[N/A]* | |
| P-61 | Order, <u>Vringo v. ZTE</u>, No. 15-cv-986 (S.D.N.Y.) (Aug. 12, 2015) (K&S_0002901-27) | FRE 403 – unfair prejudice, jury confusion and cumulative; FRE 802 – hearsay | Any risk of unfair prejudice or confusion outweighed by probative value with respect to good faith, reasonable belief.  Not cumulative because Order reflects unique facts and concerns unique trial testimony.  Not offered to prove truth of the matter asserted. |
| P-62 | Email from M. Ciatti to M. Carter, copying M. Moss (Aug. 14, 2015) (K&S_0002377-78) | FRE 802 – hearsay | Not hearsay because opposing party's statement "made by the party in an individual or representative capacity" and/or "made by the party's agent or employee on a matter within the scope of that relationship."  <u>See</u> Fed. R. Evid. 801(d)(2). |
| P-63 | PGL Evaluation (Aug. 21, 2015) (K&S_0000385) | *[N/A]* | |
| P-64 | <u>Ray v. Ropes & Gray LLP</u>, 799 F.3d 99 ([Aug. 25,] 2015) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion; FRE 602 – lacks foundation; FRE | Relevant to industry custom; foreseeability; proximate cause; and vocational expert testimony.  Any risk of unfair prejudice |

| | | 802 – hearsay | or jury confusion outweighed by probative value.  "[FRE 602] does not apply to a witness's expert testimony."  See Fed. R. Civ. P. 602.  Falls within hearsay exception for statements in periodicals called to attention of expert, see Fed. R. Evid. 803(18); and within residual exception as "supported by sufficient guarantees of trustworthiness … and more probative on the point … than any other evidence that the proponent can obtain," see Fed. R. Evid. 807. |
|---|---|---|---|
| P-65 | Harrison Barnes, Legal Career Suicide: Quitting a Job without Having another Lined Up, BCG Attorney Search (Sept. 1, 2015) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion; FRE 602 – lacks foundation; FRE 802 – hearsay | Relevant to industry custom; foreseeability; proximate cause; and vocational expert testimony.  Any risk of unfair prejudice or jury confusion outweighed by probative value.  "[FRE 602] does not apply to a witness's expert testimony."  See Fed. R. Civ. P. 602.  Falls within hearsay exception for statements in periodicals called to attention of expert, see Fed. R. Evid. 803(18).. |
| P-66 | King & Spalding, Press Release: King & Spalding Elects 24 New Partners (Nov. 5, 2015) (Def.'s Dep. Ex. 53) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion | Relevant to K&S custom and practice; foreseeability; proximate cause; damages; and vocational expert testimony.  Any risk of unfair prejudice or jury confusion outweighed by probative value. |
| P-67 | Letter from K. Geercken, | [N/A] | |

| | | | |
|---|---|---|---|
| | Vringo v. ZTE, No. 15-cv-986 (S.D.N.Y.) (Dec. 7, 2015) (Doc. No. 58-6 at 38) | | |
| P-68 | Stipulation of Dismissal With Prejudice Vringo v. ZTE, No. 15-cv-986 (S.D.N.Y.) (Dec. 18, 2015) (Doc. No. 58-6 at 40-41) | [N/A] | |
| P-69 | Email from T. Grant, blind-copying multiple recipients (Dec. 21, 2015) (K&S_0000399) | [N/A] | |
| P-70 | King & Spalding Associate Salary Scale (2016) (K&S_0000351) | [N/A] | |
| P-71 | Hearing Transcript, Diawara v. Equifax, 16-cv-2503 (S.D.N.Y. May 19, 2016) (Pl.'s Dep. Ex. 38) | [N/A] | |
| P-72 | Multiple Year Time Report (June 13, 2016) (K&S_0000134-35) | [N/A] | |
| P-73 | Email from D. Joffe to D. Tetrick (June 23, 2016) (K&S_0002486) | [N/A] | |
| P-74 | 2016 Self-Evaluation [Confirmation] (July 27, 2016) (DJ010) | [N/A] | |
| P-75 | King & Spalding Associate Salary Scale (July 2016) (K&S_0000350) | [N/A] | |
| P-76 | Email from D. Joffe to M. Carter (Aug. 12, 2016) (K&S_0000537) | [N/A] | |
| P-77 | Self-Evaluation (Aug. 18, 2016) (K&S_0000390-94) | [N/A] | |

| P-78 | Email from M. Carter to L. Keyes (Aug. 26, 2016) (K&S_0003277) | [N/A] | |
|------|------|------|------|
| P-79 | Email from M. Carter to D. Tetrick and attachment thereto (Sept. 19, 2016) (K&S_0002507-11) | [N/A] | |
| P-80 | Email from L. Keyes to J. Schoolcraft (Sept. 23, 2016) (K&S_0002512) | [N/A] | |
| P-81 | Self-Evaluation 2016 (printed Sept. 26, 2016) (K&S_0000557-63) | [N/A] | |
| P-82 | Lawyer Evaluation 2015 (printed Oct. 6, 2016) (K&S_0000544-49) | [N/A] | |
| P-83 | Lawyer Evaluation 2016 (printed Oct. 6, 2016) (K&S_0000550-55) | [N/A] | |
| P-84 | Email from M. Carter to D. Tetrick, copying L. Keyes (Oct. 6, 2016) (K&S_0002545-48) | [N/A] | |
| P-85 | Email from C. Jackson to M. Carter (Oct. 6, 2016) (K&S_0002544) | [N/A] | |
| P-86 | Email from C. Jackson to C. Proctor and attachments thereto (Oct. 6, 2016) (K&S_0002528-43) | [N/A] | |
| P-87 | Handwritten Notes (Oct. 14, 2016) (DJ113) | [N/A] | |
| P-88 | King & Spalding, Press Release: King & Spalding Elects 14 New Partners Across Seven Offices (Nov. | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury | Relevant to K&S custom and practice; foreseeability; proximate cause; damages; and vocational expert |

| | | | |
|---|---|---|---|
| | 3, 2016) (Def.'s Dep. Ex. 52) | confusion | testimony.  Any risk of unfair prejudice or jury confusion outweighed by probative value. |
| P-89 | Email from C. Jackson to J. Schoolcraft (Nov. 8, 2016) (K&S_0000673-74) | [N/A] | |
| P-90 | Email from C. Jackson to J. Schoolcraft and B. Lloyd, copying D. Tetrick (Nov. 9, 2016) (K&S_0000695) | [N/A] | |
| P-91 | Email from C. Jackson to D. Allison (Nov. 9, 2016) (K&S_0002586) | [N/A] | |
| P-92 | Transaction Report (Nov. 9, 2016) (K&S_0000675-92) | [N/A] | |
| P-93 | David Lat, Associate Bonus Watch: Cravath Accounces Its 2016 Associate Bonuses!, Above the Law (Nov. 28, 2016) (Pl.'s Dep. Ex. 91) | FRE 402 – irrelevant | Relevant to industry custom and practice; terms and conditions of employment; reasonable, good-faith belief; and Defendant's proffered reason(s) for adverse employment actions. |
| P-94 | Email from C. Jackson to D. Tetrick (Nov. 29, 2016) (K&S_0002591) | [N/A] | |
| P-95 | Email from D. Tetrick to M. Johnston, copying C. Jackson (Dec. 1, 2016) (K&S_0002598) | No objection if details about top three emails are redacted in their entirety; otherwise: FRE 403 – unfair prejudice and jury confusion; FRE 501 – attorney/client privilege | Non-privileged, unredacted facts reflected in document relevant to industry custom and practice; terms and conditions of employment; Plaintiff's work performance; and Defendant's proffered reason(s) for adverse employment actions. |

| P-96 | Email from D. Tetrick to C. Jackson and J. Schoolcraft, copying M. Johnston and R. Marooney (Dec. 2, 2016) (K&S_0000697) | [N/A] | |
|------|------|------|------|
| P-97 | Email from T. Tetrick to D. Joffe, copying W. Waszmer (Dec. 2, 2016) (K&S_0002600) | [N/A] | |
| P-98 | Handwritten Notes (Dec. 7, 2016) (DJ114-17) | [N/A] | |
| P-99 | Email from C. Jackson to T. Grant (Dec. 8, 2016) (K&S_0002611) | FRE 402 – irrelevant | Relevant to Defendant's intent to interfere with pension benefits. |
| P-100 | Email from C. Jackson to J. Schoolcraft (Dec. 12, 2016) (K&S_0000718-19) | FRE 402 – irrelevant | Relevant to Plaintiff's work performance; Defendant's retaliatory motive; and Defendant's proffered reason(s) for adverse employment actions. |
| P-101 | Email from M. McAlister to W. Waszmer, copying J. Schoolcraft (Dec. 12, 2016) (K&S_0000720) | FRE 402 – irrelevant | Relevant to Plaintiff's work performance; Defendant's retaliatory motive; and Defendant's proffered reason(s) for adverse employment actions. |
| P-102 | Email from J. Schoolcraft to C. Jackson and attachment thereto (Dec. 20, 2016) (K&S_0000738-47) | FRE 402 – irrelevant | Relevant to Plaintiff's work performance; Defendant's retaliatory motive; and Defendant's proffered reason(s) for adverse employment actions. |
| P-103 | Email from J. Schoolcraft to C. Jackson and attachment thereto (Dec. 21, 2016) (K&S_0000762-75) | FRE 402 – irrelevant | Relevant to Plaintiff's work performance; Defendant's retaliatory motive; and Defendant's proffered reason(s) for adverse employment actions. |

| P-104 | Email from M. McAlister to W. Waszmer and J. McCullough, copying J. Schoolcraft and J. Murphy (Dec. 22, 2016) (K&S_0000776-79) | FRE 402 – irrelevant | Relevant to Plaintiff's work performance; Defendant's retaliatory motive; and Defendant's proffered reason(s) for adverse employment actions. |
| P-105 | Email from J. Ben-Asher to D. Joffe (Jan. 31, 2017) (DJ127-28) | [N/A] | |
| P-106 | Email from J. Schneider to D. Joffe (Jan. 31, 2017) (DJ129) | [N/A] | |
| P-107 | Email from J. Ben-Asher to D. Joffe (Feb. 27, 2017) (DJ130-31) | [N/A] | |
| P-108 | Email from J. Schneider to D. Joffe (Mar. 13, 2017) (DJ135-37) | [N/A] | |
| P-109 | Email from J. Schneider to D. Joffe (Mar. 28, 2017) (DJ180-85) | [N/A] | |
| P-110 | Notice of Motion to Withdraw David Joffe as Counsel for Defendant Equifax Information Services LLC and declaration attached thereto, Whyte v. Equifax Information Servs. LLC, 16-v-667 (E.D.N.Y) (Apr. 4, 2017) (DJ642-46) | FRE 402 – irrelevant | Relevant to Plaintiff's work performance; Defendant's retaliatory motive; and Defendant's proffered reason(s) for adverse employment actions. |
| P-111 | Notice of Motion to Withdraw David Joffe As Counsel for Defendant Equifax Information Services LLC and declaration attached thereto, Jordan v. Am. Express Co., No. 16-cv-7733 (S.D.N.Y.) (Apr. 4, | FRE 402 – irrelevant | Relevant to Plaintiff's work performance; Defendant's retaliatory motive; and Defendant's proffered reason(s) for adverse employment actions. |

| | | | |
|---|---|---|---|
| | 2017) (DJ545-48) | | |
| P-112 | Notice of Motion to Withdraw David Joffe As Counsel for Defendant Equifax Inc. and declaration attached thereto, <u>Kilpakis v. JPMorgan Chase Fin. Co. LLC</u>, 16-cv-2690 (E.D.N.Y.) (Apr. 25, 2017) (DJ574-79) | FRE 402 – irrelevant | Relevant to Plaintiff's work performance; Defendant's retaliatory motive; and Defendant's proffered reason(s) for adverse employment actions. |
| P-113 | Casey Sullivan, <u>Ex-Big Law Associate Claims His Ethical Concerns About Partners Got Him Fired</u>, Bloomberg Law (May 10, 2017) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion | Relevant to amount of damages; foreseeability; proximate cause; industry custom and practice; and vocational expert testimony. Any risk of unfair prejudice or jury confusion outweighed by probative value. |
| P-114 | Jason Le Miere, <u>How Much Does the FBI Director Make?  Christopher Wray Would Have to Take Big Salary Cut if Confirmed</u>, Newsweek (July 12, 2017) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion; FRE 602 – lacks foundation; FRE 802 – hearsay | Relevant to amount of damages; and damages expert testimony.  Any risk of unfair prejudice or jury confusion outweighed by probative value.  "[FRE 602] does not apply to a witness's expert testimony." <u>See</u> Fed. R. Civ. P. 602. Falls within hearsay exception for statements in periodicals called to attention of expert.  <u>See</u> Fed. R. Evid. 803(18). |
| P-115 | Docket Sheet, <u>Vringo v. ZTE</u>, No. 15-cv-986 (S.D.N.Y.) (as of July 26, 2017) (DJ256-302) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion | Relevant to good faith, reasonable belief.  Any risk of unfair prejudice or confusion outweighed by probative value. |
| P-116 | Docket Sheet, <u>Taffe v. Wells Fargo Bank</u>, 15-cv-949 (E.D.N.Y.) (as of Aug. 5, | FRE 402 – irrelevant | Relevant to Plaintiff's work performance; Defendant's retaliatory motive; and |

| | | | |
|---|---|---|---|
| | 2017) (Pl.'s Depo. Ex. 35) | | Defendant's proffered reason(s) for adverse employment actions. |
| P-117 | Docket Sheet, <u>Thurm v. Equifax Information Servs. LLC</u>, 16-cv-4094 (E.D.N.Y.) (as of Aug. 5, 2017) (Pl.'s Depo. Ex. 36) | FRE 402 – irrelevant | Relevant to Plaintiff's work performance; Defendant's retaliatory motive; and Defendant's proffered reason(s) for adverse employment actions. |
| P-118 | 2016 Self-Evaluation (printed Aug. 30, 2017) (K&S_0000164-70) | [N/A] | |
| P-119 | PACER Transactions Report [E.D.N.Y.] (as of Aug. 30, 2017) (DJ538-39] | FRE 402 – irrelevant | Relevant to Plaintiff's work performance; Defendant's retaliatory motive; and Defendant's proffered reason(s) for adverse employment actions. |
| P-120 | PACER Transactions Report [S.D.N.Y.] (as of Aug. 30, 2017) (DJ596-97] | FRE 402 – irrelevant | Relevant to Plaintiff's work performance; Defendant's retaliatory motive; and Defendant's proffered reason(s) for adverse employment actions. |
| P-121 | Docket Sheet, <u>Whyte v. Equifax Information Servs.</u>, 16-v-667 (E.D.N.Y) (as of Aug. 30, 2017) (DJ647-53) | FRE 402 – irrelevant | Relevant to Plaintiff's work performance; Defendant's retaliatory motive; and Defendant's proffered reason(s) for adverse employment actions. |
| P-122 | Docket Sheet, <u>Jordan v. Am. Express Co.</u>, No. 16-cv-7733 (S.D.N.Y.) (as of Aug. 30, 2017) (DJ549-60) | FRE 402 – irrelevant | Relevant to Plaintiff's work performance; Defendant's retaliatory motive; and Defendant's proffered reason(s) for adverse employment actions. |
| P-123 | Multiple Year Time Analysis (Aug. 31, 2017) | [N/A] | |

| | | | |
|---|---|---|---|
| | (K&S_0003033-34) | | |
| P-124 | Declaration of Lisa S. Keyes (Sept. 20, 2017) (Doc. No. 27-1) | FRE 402 – irrelevant | Relevant to Plaintiff's work performance; Defendant's retaliatory motive; and Defendant's proffered reason(s) for adverse employment actions. |
| P-125 | King & Spalding privilege log (Oct. 18, 2017) (Doc. No. 99-3) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion; FRE 501 – attorney/client privilege | Relevant to Plaintiff's reporting efforts; Plaintiff's good-faith, reasonable belief; Plaintiff's work performance; Defendant's retaliatory motive; and Defendant's proffered reason(s) for adverse employment actions,  Any risk of unfair prejudice or confusion outweighed by probative value.  Assertions in privilege log "inform the jury of the fact that counsel was consulted on the subject matter underlying this litigation—a fact that in and of itself is not privileged." Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams., 04 Civ. 10014 (PKL), 2009 U.S. Dist. LEXIS 89183, at *46 (S.D.N.Y. Sept. 28, 2009). |
| P-126 | King & Spalding, Press Release: King & Spalding Elects 17 New Partners and Promotes 12 Counsel Across Seven Offices (Nov. 30, 2017) (Def.'s Dep. Ex. 51) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion | Relevant to K&S custom and practice; foreseeability; proximate cause; damages; and vocational expert testimony.  Any risk of unfair prejudice or jury confusion outweighed by probative value. |
| P-127 | Letter from Kaplan, Inc. | [N/A] | |

| | | | |
|---|---|---|---|
| | (Dec. 8, 2017) (DJ804-05) | | |
| P-128 | Special Counsel, <u>2018 Salary Guide for Legal Professionals</u> (Doc. No. 155-11_ | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion; FRE 602 – lacks foundation; FRE 802 – hearsay; FRE 901 – lacks authentication | Relevant to amount of damages; industry custom and practice; and vocational expert testimony.  Any risk of unfair prejudice or jury confusion outweighed by probative value.  "[FRE 602] does not apply to a witness's expert testimony." <u>See</u> Fed. R. Civ. P. 602.  Falls within hearsay exception for statements in periodicals called to attention of expert.  <u>See</u> Fed. R. Evid. 803(18).  Will be authenticated by experts as facts or data relied upon in forming opinion.  <u>See</u> Fed. R. Evid. 703. |
| P-129 | Supplemental Declaration of David Tetrick (Doc. No. 66) (Feb. 15, 2018) | [N/A] | |
| P-130 | Debra Cassens Weiss, <u>$11M a year for a lateral hire?  Star partners are valued 'like Hollywood celebrities'</u>, ABA Journal (Apr. 30, 2018) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion; FRE 602 – lacks foundation; FRE 802 – hearsay | Relevant to amount of damages; and damages expert testimony.  Any risk of unfair prejudice or jury confusion outweighed by probative value.  "[FRE 602] does not apply to a witness's expert testimony." <u>See</u> Fed. R. Civ. P. 602.  Falls within hearsay exception for statements in periodicals called to attention of expert.  <u>See</u> Fed. R. Evid. 803(18). |
| P-131 | The American Lawyer, <u>The Am Law 100: A Special Report</u> (May 2018) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion; FRE 602 – | Relevant to amount of damages; industry custom and practice; and vocational expert testimony.  Any risk |

| | | | |
|---|---|---|---|
| | | lacks foundation; FRE 802 – hearsay; FRE 901 – lacks authentication | of unfair prejudice or jury confusion outweighed by probative value. "[FRE 602] does not apply to a witness's expert testimony." See Fed. R. Civ. P. 602. Falls within hearsay exception for statements in periodicals called to attention of expert. See Fed. R. Evid. 803(18). Will be authenticated by expert witnesses as facts or data relied upon in forming opinion. See Fed. R. Evid. 703. |
| P-132 | Kaplan, Inc. pay slips (through May 25, 2018) (DJ815) | *[N/A]* | |
| P-133 | The American Lawyer, The Am Law 200: An Exclusive Report (June 2018) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion; FRE 602 – lacks foundation; FRE 802 – hearsay; FRE 901 – lacks authentication | Relevant to amount of damages; industry custom and practice; and vocational expert testimony. Any risk of unfair prejudice or jury confusion outweighed by probative value. "[FRE 602] does not apply to a witness's expert testimony." See Fed. R. Civ. P. 602. Falls within hearsay exception for statements in periodicals called to attention of expert. See Fed. R. Evid. 803(18). Will be authenticated by expert witnesses as facts or data relied upon in forming opinion. See Fed. R. Evid. 703. |
| P-134 | Email from J. Schneider to D. Joffe (June 18, 2018) (DJ859-71) | *[N/A]* | |

| P-135 | Expert Report of Gordon Kamisar (Oct. 10, 2018) | FRE 702 – improper expert opinion; FRE 802 – hearsay | Opinion set forth in report admitted together with rebuttal based on same report.  Not offered to prove truth of matter asserted; to extent offered to prove truth of matter asserted, "is consistent with the declarant's testimony" and may be offered "to rebut an express or implied charge that the declarant … acted from a recent improper influence or motive … [and/or] to rehabilitate the declarant's credibility," see Fed. R. Evid. 801(d)(1)(B). |
|---|---|---|---|
| P-136 | Massachusetts Bar, Look Up An Attorney (Nov. 14, 2018) (Pl.'s Dep. Ex. 64) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion | Relevant to vocational expert testimony, weight of vocational expert opinion, and vocational expert credibility. |
| P-137 | New York State Bar, Attorney Detail (Nov. 14, 2018) (Pl.'s Dep. Ex. 65) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion | Relevant to vocational expert testimony, weight of vocational expert opinion, and vocational expert credibility. |
| P-138 | A Revised Appraisal of Economic Loss to David A. Joffe (Dec. 6, 2019) | FRE 702 – improper expert opinion; FRE 802 – hearsay | Opinion set forth in report admitted together with rebuttal based on same report.  Not offered to prove truth of matter asserted; to extent offered to prove truth of matter asserted, "is consistent with the declarant's testimony" and may be offered "to rebut an express or implied charge that the declarant … acted from a recent improper influence or motive … [and/or] to rehabilitate the |

| | | | declarant's credibility," <u>see</u> Fed. R. Evid. 801(d)(1)(B). |
|---|---|---|---|
| P-139 | Defendant's Memorandum of Law in Support of Their Partial Motion to Dismiss, <u>Cardwell v. Davis Polk & Wardwell LLP</u>, 19-cv-10256 (S.D.N.Y.) (Feb. 10, 2020) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion; FRE 602 – lacks foundation; FRE 802 – hearsay | Relevant to industry custom; foreseeability; proximate cause; and vocational expert testimony. Any risk of unfair prejudice or jury confusion outweighed by probative value.  "[FRE 602] does not apply to a witness's expert testimony."  <u>See</u> Fed. R. Civ. P. 602.  Falls within hearsay exception for statements in periodicals called to attention of expert, <u>see</u> Fed. R. Evid. 803(18); and within residual exception as "supported by sufficient guarantees of trustworthiness … and more probative on the point … than any other evidence that the proponent can obtain," <u>see</u> Fed. R. Evid. 807. |
| P-140 | The Corporate and Criminal Fraud Accountability Act of 2002, S. Rep. No. 107-146 (May 6, 2002) | FRE 402 – irrelevant | Relevant to industry custom; foreseeability; proximate cause; and vocational expert testimony. |
| P-141 | PLACEHOLDER | | |
| P-142 | Docket, <u>IUE-CWA, Indus. Div. of the Commc'ns Workers of Am. v. General Motors Co.</u>, Adv. Proc. No. 15-01389 (MG) [current] (Bankr. S.D.N.Y.) | FRE 402 – irrelevant | Relevant to Plaintiff's work performance; Defendant's retaliatory motive; and Defendant's proffered reason(s) for adverse employment actions. |
| P-143 | Excerpt from Defendant's 56.1 Reply with page containing ¶ 403 thereto, <u>Joffe v. K&S</u>, (Doc. No. 64 | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion | Relevant to Defendant's interference with pension benefits under ERISA claim.  Any risk of unfair |

| | | | |
|---|---|---|---|
| | at 124) (Feb. 15, 2018) | | prejudice or jury confusion outweighed by probative value. |
| P-144 | Rebuttal Expert Report of Carlynn Magliano Sweeney (Doc. No. 144-4) (Nov. 9. 2018) | FRE 802 – hearsay | Not hearsay because consists of statements opposing party "manifested that it adopted or believed to be true" and/or statements "made by a person whom [opposing] party authorized to make a statement on the subject." See Fed. R. Evid. 801(d)(2)(B)-(C). |
| P-145 | [Professor Thomas N. Hubbard's Rebuttal] Report in the Matter of David A. Joffe v. King & Spalding LLP (Doc. No. 141-1) (Nov. 9. 2018) | FRE 802 – hearsay | Not hearsay because consists of statements opposing party "manifested that it adopted or believed to be true" and/or statements "made by a person whom [opposing] party authorized to make a statement on the subject." See Fed. R. Evid. 801(d)(2)(B)-(C). |
| P-146 | Email from M. Moss to P. Straus (Aug. 11, 2015) (K&S_0002375) | [N/A] | |
| P-147 | PLACEHOLDER | | |
| P-148 | Email from D. Joffe to M. Moss (Jan. 3, 2016) (K&S_0002419) | [N/A] | |
| P-149 | Email from A. Haas to D. Joffe and M. Moss (Apr. 17, 2015) (K&S_0002055) | [N/A] | |
| P-150 | Email from D. Fine to M. Moss and D. Joffe (July 30, 2015) (K&S_0002315) | [N/A] | |

| P-151 | PLACEHOLDER | | |
|---|---|---|---|
| P-152 | PLACEHOLDER | | |
| P-153 | PLACEHOLDER | | |
| P-154 | Defendant's Objections and Responses to Plaintiff's First Requests for Admission (Sept. 5, 2017) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion | Relevant to Defendant's proffered reason(s) for adverse employment actions. Any risk of unfair prejudice or jury confusion outweighed by probative value. |
| P-155 | Email from P. Straus to D. Joffe (July 30, 2015) (K&S_0002329) | [N/A] | |
| P-156 | Email from D. Joffe (July 27, 2016) (K&S_0003246) | [N/A] | |
| P-157 | Joffe v. King & Spalding, Defendant's Categorical Privilege Log re: K&S emails with outside counsel | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion; FRE 501 – attorney/client privilege | Relevant to Plaintiff's reporting efforts and good-faith, reasonable belief. Any risk of unfair prejudice or jury confusion outweighed by probative value. Assertions in privilege log "inform the jury of the fact that counsel was consulted on the subject matter underlying this litigation—a fact that in and of itself is not privileged." Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams., 04 Civ. 10014 (PKL), 2009 U.S. Dist. LEXIS 89183, at *46 (S.D.N.Y. |

| | | | Sept. 28, 2009). |
|---|---|---|---|
| P-158 | Joffe v. King & Spalding, Defendant's Line-by-Line Privilege Log Concerning Emails; pending Plaintiff's request for leave to file motion in limine concerning same | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion; FRE 501 – attorney/client privilege | Relevant to Plaintiff's reporting efforts and good-faith, reasonable belief. Any risk of unfair prejudice or jury confusion outweighed by probative value. Assertions in privilege log "inform the jury of the fact that counsel was consulted on the subject matter underlying this litigation—a fact that in and of itself is not privileged." Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams., 04 Civ. 10014 (PKL), 2009 U.S. Dist. LEXIS 89183, at *46 (S.D.N.Y. Sept. 28, 2009). |
| P-159 | Email from M. Carter to D. Tetrick, copying L. Keyes and attachment thereto (Aug. 3, 2016) (K&S_0002493-95) | [N/A] | |
| **[The following exhibit is proffered only if and to the extent that Defendant's Exhibit 82 is admitted; and without waiving any objections made to Defendant's Exhibit 82:]** | | | |
| P-160 | Email from D. Fine to D. Tetrick and W. Waszmer (Nov. 9, 2016) (K&S_0002587) | [N/A] | |
| **[The following exhibits are proffered only if and to the extent that the pending motion in limine concerning media coverage is denied and expert-witness opinions are permitted to be updated; and without waiving any objections on the basis of the grounds set forth in the pending motion in limine concerning media coverage:]** | | | |

| P-161 | Braden Campbell, King & Spalding Draws Rebuke In Bid To Toss Firing Suit, Law360 (May 22, 2018) (redacted) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion | To the extent subject matter of former counsel's fee action is admitted: article "in fairness ought to be considered at the same time," see Fed. R. Evid. 106; article is relevant to proximate cause, damages amount, and vocational expert testimony; and any marginal risk of added prejudice or confusion from article outweighed by marginal probative value. |
| --- | --- | --- | --- |
| P-162 | Debra Cassens Weiss, Federal judge finds King & Spalding's reasons for firing associate 'incredibly hard' to believe, ABA Journal (May 23, 2018) (redacted) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion | To the extent subject matter of former counsel's fee action is admitted: article "in fairness ought to be considered at the same time," see Fed. R. Evid. 106; article is relevant to proximate cause, damages amount, and vocational expert testimony; and any marginal risk of added prejudice or confusion from article outweighed by marginal probative value. |
| P-163 | Summary Judgment Opinion (June 8, 2018) (Doc. No. 74) (redacted) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion | To the extent subject matter of former counsel's fee action is admitted: Summary Judgment Opinion "in fairness ought to be considered at the same time," see Fed. R. Evid. 106; Summary Judgment Opinion is relevant to proximate cause, damages amount, and vocational expert testimony; and any marginal risk of added prejudice or confusion from Summary Judgment |

37

| | | | Opinion outweighed by marginal probative value. |
|---|---|---|---|
| P-164 | Braden Campbell, <u>King & Spalding To Face Trial In Ex-Associate's Firing Suit</u>, Law360 (June 8, 2018) (redacted) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion | To the extent subject matter of former counsel's fee action is admitted: article "in fairness ought to be considered at the same time," <u>see</u> Fed. R. Evid. 106; article is relevant to proximate cause, damages amount, and vocational expert testimony; and any marginal risk of added prejudice or confusion from article outweighed by marginal probative value. |
| P-165 | Emma Cueto, <u>King & Spalding, Ex-Atty Spar Over Experts In Firing Suit</u>, Law360 (Jan. 17, 2019) (redacted) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion | To the extent subject matter of former counsel's fee action is admitted: article "in fairness ought to be considered at the same time," <u>see</u> Fed. R. Evid. 106; article is relevant to proximate cause, damages amount, and vocational expert testimony; and any marginal risk of added prejudice or confusion from article outweighed by marginal probative value. |
| P-166 | Vin Guerrieri, <u>Fired King & Spalding Attorney Says High Court's On His Side</u>, Law360 (Feb. 14, 2019) (redacted) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion | To the extent subject matter of former counsel's fee action is admitted: article "in fairness ought to be considered at the same time," <u>see</u> Fed. R. Evid. 106; article is relevant to proximate cause, damages amount, and vocational expert testimony; and any marginal risk of added prejudice or confusion from |

| | | | article outweighed by marginal probative value. |
|---|---|---|---|
| P-167 | Andrew Strickler, <u>King & Spalding Seeks To DQ Ex-Atty's Experts In Firing Row</u>, Law360 (Mar. 1, 2019) (redacted) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion | To the extent subject matter of former counsel's fee action is admitted: article "in fairness ought to be considered at the same time," <u>see</u> Fed. R. Evid. 106; article is relevant to proximate cause, damages amount, and vocational expert testimony; and any marginal risk of added prejudice or confusion from article outweighed by marginal probative value. |
| P-168 | Email from A. Cohen (July 22, 2019) (DJ878-81) | *[N/A]* | |
| P-169 | Andrew Strickler, <u>King & Spalding Ethics Expert 'Unhelpful' In Firing Dispute</u>, Law360 (Sept. 25, 2019) (redacted) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion | To the extent subject matter of former counsel's fee action is admitted: article "in fairness ought to be considered at the same time," <u>see</u> Fed. R. Evid. 106; article is relevant to proximate cause, damages amount, and vocational expert testimony; and any marginal risk of added prejudice or confusion from article outweighed by marginal probative value. |
| P-170 | Payslips (through Sept. 29, 2019) (DJ882-90) | *[N/A]* | |
| P-171 | Andrew Strickler, <u>Ex-King & Spalding Atty Asks To Exclude News Articles</u>, Law360 (Jan. 13, 2020) (redacted) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion | To the extent subject matter of former counsel's fee action is admitted: article "in fairness ought to be considered at the same time," <u>see</u> Fed. R. Evid. |

| | | | |
|---|---|---|---|
| | | | 106; article is relevant to proximate cause, damages amount, and vocational expert testimony; and any marginal risk of added prejudice or confusion from article outweighed by marginal probative value. |
| P-172 | Kevin Stawicki, <u>Ex-King & Spalding Atty Says Pro Se Status Is Not A Ploy</u>, Law360 (Jan. 21, 2020) (redacted) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion | To the extent subject matter of former counsel's fee action is admitted: article "in fairness ought to be considered at the same time," <u>see</u> Fed. R. Evid. 106; article is relevant to proximate cause, damages amount, and vocational expert testimony; and any marginal risk of added prejudice or confusion from article outweighed by marginal probative value. |
| P-173 | Braden Campbell, <u>King & Spalding Says Atty Can't Bar Bad Press In Firing Suit</u>, Law360 (Jan. 27, 2020) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion | To the extent subject matter of former counsel's fee action is admitted: article "in fairness ought to be considered at the same time," <u>see</u> Fed. R. Evid. 106; article is relevant to proximate cause, damages amount, and vocational expert testimony; and any marginal risk of added prejudice or confusion from article outweighed by marginal probative value. |
| P-174 | Braden Campbell, <u>Ex-King & Spalding Atty Slams Firm's Yiddish In Firing Suit</u>, Law360 (Jan. 31, 2020) (redacted) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion | To the extent subject matter of former counsel's fee action is admitted: article "in fairness ought to be considered at the same time," <u>see</u> Fed. R. Evid. |

| | | | 106; article is relevant to proximate cause, damages amount, and vocational expert testimony; and any marginal risk of added prejudice or confusion from article outweighed by marginal probative value. |
|---|---|---|---|
| P-175 | Emily Brill, <u>King & Spalding Calls Atty's Bad Press Worries 'Academic'</u>, Law360 (Feb. 10, 2020) (redacted) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion | To the extent subject matter of former counsel's fee action is admitted: article "in fairness ought to be considered at the same time," <u>see</u> Fed. R. Evid. 106; article is relevant to proximate cause, damages amount, and vocational expert testimony; and any marginal risk of added prejudice or confusion from article outweighed by marginal probative value. |
| P-176 | Docket Sheet, <u>Joffe v. King & Spalding LLP</u>, 17-cv-3392 [as of trial date] (redacted) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion | To the extent subject matter of former counsel's fee action is admitted: docket sheet "in fairness ought to be considered at the same time," <u>see</u> Fed. R. Evid. 106; docket sheet is relevant to proximate cause, damages amount, and vocational expert testimony; and any marginal risk of added prejudice or confusion from docket sheet outweighed by marginal probative value. |
| P-177 | <u>Augustson v. Linea Aerea Nacional-Chila S.A.</u>, 76 F.3d 658 (5th Cir. 1996) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion; FRE 802 – hearsay | To the extent subject matter of former counsel's fee action is admitted: judicial opinion "in fairness ought to be considered at the same |

41

| | | | |
|---|---|---|---|
| | | | time," see Fed. R. Evid. 106; judicial opinion is relevant to proximate cause, damages amount, and vocational expert testimony; and any marginal risk of added prejudice or confusion from judicial opinion outweighed by marginal probative value. |
| P-178 | Robert Kolker, The Gay Flannel Suit, New York Magazine (Feb. 23, 2007) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion; FRE 602 – lacks foundation; FRE 802 – hearsay | To the extent subject matter of former counsel's fee action is admitted: article "in fairness ought to be considered at the same time," see Fed. R. Evid. 106; article is relevant to proximate cause, damages amount, and vocational expert testimony; and any marginal risk of added prejudice or confusion from article outweighed by marginal probative value. |
| P-179 | Kurt Orzeck, Vringo Wants ZTE Sanctioned For Atty's IP Row Depo Refusal, Law360 (Aug. 19, 2015) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion; FRE 802 – hearsay | To the extent subject matter of former counsel's fee action is admitted: article "in fairness ought to be considered at the same time," see Fed. R. Evid. 106; article is relevant to proximate cause, damages amount, and vocational expert testimony; and any marginal risk of added prejudice or confusion from article outweighed by marginal probative value. |
| P-180 | WITHDRAWN | | |

| P-181 | Conference Transcript, <u>Joffe v. King & Spalding LLP</u>, 17-cv-3392 (Aug. 29, 2018) (Doc. No. 96) (redacted) | *[N/A]* | |
|---|---|---|---|
| P-182 | Order, <u>Joffe v. King & Spalding LLP</u>, 17-cv-3392 (Sept. 11, 2018) (Doc. No. 90) (redacted) | *[N/A]* | |
| P-183 | Memo-Endorsed Order, <u>Joffe v. King & Spalding LLP</u>, 17-cv-3392 (Sept. 11, 2018) (Doc. No. 93) (redacted) | *[N/A]* | |
| P-184 | Conference Transcript, <u>Joffe v. King & Spalding LLP</u>, 17-cv-3392 (Dec. 7, 2018) (Doc. No. 134) (redacted) | FRE 402 – irrelevant | Relevant to damages and reasonableness of mitigation. |
| P-185 | Memo-Endorsed Order, <u>Joffe v. King & Spalding LLP</u>, 17-cv-3392 (Jan. 21, 2020) (Doc. No. 202) (redacted) | FRE 402 – irrelevant | Relevant to damages and reasonableness of mitigation. |
| P-186 | Stipulation and Order, <u>Joffe v. King & Spalding LLP</u>, 17-cv-3392 (Jan. 27, 2021) (Doc. No. 262) (redacted) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion | To the extent subject matter of former counsel's fee action is admitted, Stipulation and Order "in fairness ought to be considered at the same time," <u>see</u> Fed. R. Evid. 106; Stipulation and Order is relevant to proximate cause, damages amount, and vocational expert testimony; and any marginal risk of added prejudice or confusion from article does not substantially outweigh marginal probative value. |
| P-187 | Hailey Konnath, <u>Fired King & Spalding Atty Cuts Lien Deal With Former Counsel</u>, Law360 (Jan. 27, 2021) (redacted) | FRE 402 – irrelevant; FRE 403 – unfair prejudice and jury confusion | To the extent subject matter of former counsel's fee action is admitted, article "in fairness ought to be considered at the same |

| | | | |
|---|---|---|---|
| | | | time," <u>see</u> Fed. R. Evid. 106; Stipulation and Order is relevant to proximate cause, damages amount, and vocational expert testimony; and any marginal risk of added prejudice or confusion from article does not substantially outweigh marginal probative value. |
| | | | |
| P-188 | Associates Committee of the Business Litigation Practice Group—Charter (as of Feb. 1, 2013) (K&S_0003621-26) | *[N/A]* | |
| P-189 | Kelly Knaub, <u>ZTE Atty Ordered To Appear In NY Despite Fear Of Arrest</u>, Law360 (Aug. 12, 2015) | FRE 403 – unfair prejudice, jury confusion and cumulative; FRE 802 – hearsay | Any marginal risk of added prejudice or confusion from article does not substantially outweigh marginal probative value.  Not offered to prove truth of the matter asserted. |
| P-190 | Email from D. Fine to P. Straus and D. Joffe (Aug. 13, 2015) (K&S_0003634-41) | No objection if headline and accompanying blurb about ZTE case on pages K&S_00003635-36 are redacted in their entirety; otherwise: FRE 403 – unfair prejudice, jury confusion and cumulative; FRE 802 – hearsay | Any marginal risk of added prejudice or confusion from headline and accompanying blurb does not substantially outweigh marginal probative value.  Headline and accompanying blurb not offered to prove truth of the matter asserted. |
| P-191 | Email from M. Maloney to D. Coker (Oct. 20, 2015) (K&S_0002395) | *[N/A]* | |
| P-192 | Email from M. Carter to D. Tetrick (Apr. 19, 2016) (K&S_0002429-30) | *[N/A]* | |

| P-193 | Summary Plan Description, King & Spalding LLP Profit Sharing—401(k) Plan (effective as of Apr. 1, 2016) (K&S_0002431-49) | [*N/A*] | |
|---|---|---|---|
| P-194 | D. Joffe Employee File (K&S_0000440-577) | FRE 402 – irrelevant; FRE 403 – unfair prejudice, jury confusion and cumulative | Employee File relevant to Defendant's retaliatory motive and Defendant's proffered reason(s) for adverse employment actions. Any marginal risk of added prejudice or confusion from Employee File does not substantially outweigh marginal probative value. |

### C.    Defendant's Exhibits

| **Ex.** | **Description** | **Objection** | **Response** |
|---|---|---|---|
| D-1 | New York Rules of Professional Conduct – Rule 8.3 | FRE 106—incomplete; FRE 403—jury confusion and cumulative | Rule 8.3 replaced former DR 1-103(A), the only rule at issue in *Wieder*; danger of confusion or cumulative evidence does not substantially outweigh probative value |
| D-2 | New York Rules of Professional Conduct – Rule 1.6 | FRE 106—incomplete; FRE 403—jury confusion and cumulative | Rule 8.3 explicitly incorporates Rule 1.6; danger of confusion or cumulative evidence does not substantially outweigh probative value |
| D-3 | Guidelines for Recording Time Entries (K&S_0000582-86) | [*N/A*] | |
| D-4 | Acknowledgment of Time-Entry Policies (K&S_0000866) | [*N/A*] | |

| D-5 | Office Manual Acknowledgment (K&S_0000868) | [N/A] | |
| D-6 | 10/26/12 memorandum (K&S_0000978-85) | [N/A] | |
| D-7 | 6/10/13 – 6/11/13 email thread (K&S_00001215) | [N/A] | |
| D-8 | 6/9/14 email and attachment (K&S_0001429-34) | [N/A] | |
| D-9 | 6/25/14 email (K&S_0003079-82) | [N/A] | |
| D-10 | 6/30/14 email and attachments (K&S_0003083-3105) | FRE 403—cumulative; FRE 602—lacks foundation | Danger of cumulative evidence does not substantially outweigh probative value; supported by testimony of a witness with knowledge |
| D-11 | 7/2/14 email (K&S_0000068-82) | [N/A] | |
| D-12 | 7/11/14 email (K&S_0003106-07) | [N/A] | |
| D-13 | 7/15/14 email (K&S_0001446) | [N/A] | |
| D-14 | 7/29/14 email (K&S_0000085) | [N/A] | |
| D-15 | 7/29/14 email thread (K&S_0001475) | [N/A] | |
| D-16 | 9/22/14 email (K&S_0001493) | [N/A] | |
| D-17 | 11/4/14 email and attachment (K&S_0001536-37, 1574-75) | [N/A] | |
| D-18 | 11/19/14 email and attachment (K&S_0003545-48) | FRE 402—irrelevant; FRE 403—jury confusion and cumulative | Relevant to Defendant's defense against Plaintiff's *Wieder* claim; danger of confusion or cumulative evidence does not substantially outweigh probative value |
| D-19 | 12/15/14 email (K&S_0003549) | FRE 402—irrelevant; FRE 403—jury confusion and cumulative | Relevant to Defendant's defense against Plaintiff's *Wieder* claim; danger of confusion or |

| | | | |
|---|---|---|---|
| | | | cumulative evidence does not substantially outweigh probative value |
| D-20 | 12/23/14 email thread (K&S_0001642) | [N/A] | |
| D-21 | 12/30/14 email thread (K&S_0001664) | [N/A] | |
| D-22 | 1/20/15 email thread (K&S_0001695) | [N/A] | |
| D-23 | 2/10/15 email thread (K&S_0001760) | [N/A] | |
| D-24 | 2/17/15 email thread (K&S_0001827) | [N/A] | |
| D-25 | 3/9/15 email thread (K&S_0001882) | FRE 402—irrelevant; FRE 403—jury confusion and cumulative | Relevant to establish legitimate reasons for Plaintiff's removal from partnership track; danger of confusion or cumulative evidence does not substantially outweigh probative value |
| D-26 | 3/24/15 email thread (K&S_0001885) | [N/A] | |
| D-27 | 3/25/15 email thread (K&S_0001928) | FRE 402—irrelevant; FRE 403—jury confusion and cumulative | Relevant to establish legitimate reasons for Plaintiff's removal from partnership track; danger of confusion or cumulative evidence does not substantially outweigh probative value |
| D-28 | 4/6/15 email thread (K&S_0001929) | FRE 403—jury confusion and cumulative | Danger of confusion or cumulative evidence does not substantially outweigh |

| | | | probative value |
|---|---|---|---|
| D-29 | 4/14/15 email (K&S_0001933) | FRE 402—irrelevant; FRE 403—jury confusion and cumulative | Relevant to establish legitimate reasons for Plaintiff's removal from partnership track; danger of confusion or cumulative evidence does not substantially outweigh probative value |
| D-30 | 4/17/15 email with attachment (K&S_0001944-47, K&S_0002019-42) | [N/A] | |
| D-31 | 4/17/15 email thread (K&S_0002051-52) | [N/A] | |
| D-32 | 4/17/15 email thread (K&S_0002167-69) | [N/A] | |
| D-33 | 4/29/15 email (K&S_0002170) | FRE 402—irrelevant; FRE 403—jury confusion and cumulative | Relevant to establish legitimate reasons for Plaintiff's removal from partnership track; danger of confusion or cumulative evidence does not substantially outweigh probative value |
| D-34 | 5/26/15 email thread (K&S_0002171) | [N/A] | |
| D-35 | 6/10/15 email (K&S_0002201) | FRE 402—irrelevant; FRE 403—jury confusion and cumulative | Relevant to establish legitimate reasons for Plaintiff's removal from partnership track; danger of confusion or cumulative evidence does not substantially outweigh probative value |
| D-36 | 6/15/15 email (K&S_0000096-98) | [N/A] | |

| | | | |
|---|---|---|---|
| D-37 | 6/16/15 order (K&S_0002868-69) | *[N/A]* | |
| D-38 | 6/17/15 email thread (K&S_0002220-21) | FRE 402—irrelevant; FRE 403—jury confusion and cumulative | Relevant to establish legitimate reasons for Plaintiff's removal from partnership track; danger of confusion or cumulative evidence does not substantially outweigh probative value |
| D-39 | 6/22/15 email thread (K&S_0002222) | *[N/A]* | |
| D-40 | 6/26/15 email (K&S_0003198) | FRE 402—irrelevant; FRE 403—jury confusion and cumulative | Relevant to establish legitimate reasons for Plaintiff's removal from partnership track; danger of confusion or cumulative evidence does not substantially outweigh probative value |
| D-41 | 7/6/15 email (K&S_0002257) | FRE 403—jury confusion and cumulative | Danger of confusion or cumulative evidence does not substantially outweigh probative value |
| D-42 | 7/13/15 email (K&S_0003199-3200) | FRE 106—incomplete | Attachments are not relevant to purpose for which document is offered |
| D-43 | 7/28/15 email (K&S_0000120) | *[N/A]* | |
| D-44 | 7/28/15 email thread (K&S_0002258) | *[N/A]* | |
| D-45 | 7/30/15 email thread (K&S_0002325-26) | FRE 106—incomplete | Document is complete |
| D-46 | 7/30/15 email thread (K&S_0002332) | *[N/A]* | |
| D-47 | 8/7/15 memorandum | *[N/A]* | |

| | | | |
|---|---|---|---|
| | (K&S_0002355-66) | | |
| D-48 | 8/7/15 motion (K&S_0002771-72) | *[N/A]* | |
| D-49 | 8/16/15 email thread (K&S_0002380-81) | *[N/A]* | |
| D-50 | 8/18/15 email thread (K&S_0002382-83) | FRE 802—hearsay | FRE 803—offered to prove then-existing state of mind |
| D-51 | 8/28/15 email thread (K&S_0002385-86) | *[N/A]* | |
| D-52 | 9/4/15 email (K&S_0002388) | *[N/A]* | |
| D-53 | 9/17/15 email and attachment (K&S_0002389-92) | *[N/A]* | |
| D-54 | 9/22/15 email thread (K&S_0002393) | FRE 402—irrelevant | Relevant to Defendant's defense against Plaintiff's *Wieder* claim |
| D-55 | 10/23/15 email thread (K&S_0002401) | *[N/A]* | |
| D-56 | 11/10/15 email and attachment (K&S_0003550-53) | FRE 402—irrelevant (see Def.'s Mot. in Limine No. 4 & Pl.'s Opp'n thereto); FRE 403—jury confusion | Relevant to Defendant's defense against Plaintiff's *Wieder* claim; danger of confusion does not substantially outweigh probative value |
| D-57 | 11/17/15 email thread (K&S_0002404) | *[N/A]* | |
| D-58 | 11/24/15 email (K&S_0003554) | FRE 402—irrelevant (see Def.'s Mot. in Limine No. 4 & Pl.'s Opp'n thereto); FRE 403—jury confusion | Relevant to Defendant's defense against Plaintiff's *Wieder* claim; danger of confusion does not substantially outweigh probative value |
| D-59 | 12/8/15 email (K&S_0002408) | *[N/A]* | |
| D-60 | 5/26/16 email thread (K&S_0002473) | FRE 402—irrelevant; FRE 403—jury confusion and cumulative | Relevant to establish legitimate reasons for Plaintiff's termination; danger of |

| | | | |
|---|---|---|---|
| | | | confusion or cumulative evidence does not substantially outweigh probative value |
| D-61 | 6/16/16 email (K&S_0000121-22) | [*N/A*] | |
| D-62 | 6/23/16 email and attachment (K&S_0003208-25) | [*N/A*] | |
| D-63 | 6/28/16 email (K&S_0003244) | FRE 402—irrelevant | Relevant to establish legitimate reasons for Plaintiff's termination |
| D-64 | 7/23/15 memorandum (K&S_002876-81) | [*N/A*] | |
| D-65 | 2016 Self-Evaluation (K&S_0000529-36) | [*N/A*] | |
| D-66 | 7/27/16 email (K&S_0003245) | FRE 106—incomplete | Document is complete |
| D-67 | 8/11/16 email (K&S_0003247) | [*N/A*] | |
| D-68 | 8/12/16 email thread and attachment (K&S_0003257-64) | [*N/A*] | |
| D-69 | 8/15/16 email thread (K&S_0002499) | [*N/A*] | |
| D-70 | 4/15/16 – 9/26/16 email thread (DJ102-112) | [*N/A*] | |
| D-71 | 9/29/16 email and attachment (K&S_0003555-58) | FRE 402—irrelevant; FRE 403—jury confusion | Relevant to Defendant's defense against Plaintiff's *Wieder* claim; danger of confusion does not substantially outweigh probative value |
| D-72 | 10/14/16 email (K&S_0002556) | FRE 106—incomplete; FRE 402—irrelevant; FRE 403—unfair prejudice and jury confusion; FRE 802—hearsay | Document is complete; relevant to establish legitimate reasons for Plaintiff's termination; danger of unfair prejudice or confusion does not substantially outweigh probative value; FRE |

| | | | 803—offered to prove then-existing state of mind |
|---|---|---|---|
| D-73 | 10/20/16 email (K&S_0003559) | [*N/A*] | |
| D-74 | Jan. 2015 – Dec. 2016 Multiple Year Time Analysis (K&S_0003033-34) | [*N/A*] | |
| D-75 | 1/31/17 – 5/11/17 email thread (DJ186-92) | [*N/A*] | |
| D-76 | 5/29/17 email and attachments (DJ193-96) | [*N/A*] | |
| D-77 | 6/4/17 email and attachments (DJ203-12) | [*N/A*] | |
| D-78 | 6/5/17 email and attachments (DJ141-64) | [*N/A*] | |
| D-79 | 7/12/17 – 7/18/17 email thread (DJ304-07) | [*N/A*] | |
| D-80 | 8/11/17 email (DJ314) | [*N/A*] | |
| D-81 | 8/28/17 email (DJ437) | [*N/A*] | |
| D-82 | 9/15/17 email (DJ684) | [*N/A*] | |
| D-83 | 8/20/17 email (DJ346) | [*N/A*] | |
| D-84 | 8/29/17 email (DJ439) | [*N/A*] | |
| D-85 | 10/28/17 email (DJ768) | [*N/A*] | |
| D-86 | 2017 Federal Application for Automatic Extension (DJ806) | [*N/A*] | |
| D-87 | 1/4/18 email (DJ827-28) | [*N/A*] | |
| D-88 | 1/5/18 email thread (DJ829-31) | [*N/A*] | |
| D-89 | 4/26/18 – 5/3/18 email thread (DJ813-14) | [*N/A*] | |
| D-90 | 3/14/17 – 6/15/18 email thread (DJ848-55) | [*N/A*] | |
| D-91 | 9/20/18 – 6/15/18 email thread (DJ856-58) | [*N/A*] | |
| D-92 | 7/16/18 Law360 article: "Ex-King & Spalding Atty's Counsel Seeks Exit Over Unpaid Bill" (K&S_0003598- | FRE 402—irrelevant; FRE 403—unfair prejudice and jury confusion; FRE | Relevant to damages; danger of unfair prejudice or confusion does not substantially |

| | | | |
|---|---|---|---|
| | 99) (redacted) | 602—lacks foundation; FRE 701—opinion testimony by lay witnesses; FRE 702—outside scope of expert opinion; see Pl.'s Mot. in Limine [Concerning Media Coverage] (Doc. No. 196) | outweigh probative value; FRE 602 does not apply to expert testimony; falls within scope of expert testimony |
| D-93 | 7/25/18 Law360 article: "Ex-King & Spalding Atty Rebukes Counsel's Reasons For Exit" (K&S_0003590-91) (redacted) | FRE 402—irrelevant; FRE 403—unfair prejudice, jury confusion; FRE 602—lacks foundation; FRE 701—opinion testimony by lay witnesses; FRE 702—outside scope of expert opinion; see Pl.'s Mot. in Limine [Concerning Media Coverage] (Doc. No. 196) | Relevant to damages; danger of unfair prejudice or confusion does not substantially outweigh probative value; FRE 602 does not apply to expert testimony; falls within scope of expert testimony |
| D-94 | 8/7/18 Law360 article: "Atty Says Ex-King & Spalding Lawyer Won't Settle With Firm" (K&S_0003570-71) (redacted) | FRE 402—irrelevant; FRE 403—unfair prejudice and jury confusion; FRE 602—lacks foundation; FRE 701—opinion testimony by lay witnesses; FRE 702—outside scope of expert opinion; see Pl.'s Mot. in Limine [Concerning Media Coverage] (Doc. No. 196) | Relevant to damages; danger of unfair prejudice or confusion does not substantially outweigh probative value; FRE 602 does not apply to expert testimony; falls within scope of expert testimony |
| D-95 | 8/8/18 The American Lawyer article: "Attorney-Client Dispute Delays Ex-King & Spalding Associate's Suit | FRE 402—irrelevant; FRE 403—unfair prejudice and jury | Relevant to damages; danger of unfair prejudice or confusion |

| | | | |
|---|---|---|---|
| | Against Firm" (K&S_0003567-69) (redacted) | confusion; FRE 602—lacks foundation; FRE 701—opinion testimony by lay witnesses; FRE 702—outside scope of expert opinion; see Pl.'s Mot. in Limine [Concerning Media Coverage] (Doc. No. 196) | does not substantially outweigh probative value; FRE 602 does not apply to expert testimony; falls within scope of expert testimony |
| D-96 | 8/29/18 Law360 article: "King & Spalding, Ex-Associate Pushed To Settle Feud" (K&S_0003605-06) (redacted) | FRE 402—irrelevant; FRE 403—unfair prejudice and jury confusion; FRE 602—lacks foundation; FRE 701—opinion testimony by lay witnesses; FRE 702—outside scope of expert opinion; see Pl.'s Mot. in Limine [Concerning Media Coverage] (Doc. No. 196) | Relevant to damages; danger of unfair prejudice or confusion does not substantially outweigh probative value; FRE 602 does not apply to expert testimony; falls within scope of expert testimony |
| D-97 | 9/11/18 Law360 article: "Ex-King & Spalding Associate's Atty Let Out Of Firing Suit" (K&S_0003582-83) (redacted) | FRE 402—irrelevant; FRE 403—unfair prejudice and jury confusion; FRE 602—lacks foundation; FRE 701—opinion testimony by lay witnesses; FRE 702—outside scope of expert opinion; see Pl.'s Mot. in Limine [Concerning Media Coverage] (Doc. No. 196) | Relevant to damages; danger of unfair prejudice or confusion does not substantially outweigh probative value; FRE 602 does not apply to expert testimony; falls within scope of expert testimony |
| D-98 | 9/28/18 Law360 article: "Ex-King & Spalding Atty Aims To Block | FRE 402—irrelevant; FRE 403—unfair | Relevant to damages; danger of unfair |

| | | | |
|---|---|---|---|
| | Lawyer's Lien Bid" (K&S_0003584-85) | prejudice and jury confusion; FRE 602—lacks foundation; FRE 701—opinion testimony by lay witnesses; FRE 702—outside scope of expert opinion; see Pl.'s Mot. in Limine [Concerning Media Coverage] (Doc. No. 196) | prejudice or confusion does not substantially outweigh probative value; FRE 602 does not apply to expert testimony; falls within scope of expert testimony |
| D-99 | 10/2/18 Opinion and Order of Magistrate Judge Aaron (Dkt. 113) (redacted) | FRE 402—irrelevant; FRE 403—unfair prejudice and jury confusion; FRE 602—lacks foundation; FRE 701—opinion testimony by lay witnesses; FRE 702—outside scope of expert opinion; see Pl.'s Mot. in Limine [Concerning Media Coverage] (Doc. No. 196) | Relevant to damages; danger of unfair prejudice or confusion does not substantially outweigh probative value; FRE 602 does not apply to expert testimony; falls within scope of expert testimony |
| D-100 | 10/2/18 Law360 article: "Ex-King & Spalding Atty's Counsel Have Dibs On Any Award" (K&S_0003596-97) (redacted) | FRE 402—irrelevant; FRE 403—unfair prejudice and jury confusion; FRE 602—lacks foundation; FRE 701—opinion testimony by lay witnesses; FRE 702—outside scope of expert opinion; see Pl.'s Mot. in Limine [Concerning Media Coverage] (Doc. No. 196) | Relevant to damages; danger of unfair prejudice or confusion does not substantially outweigh probative value; FRE 602 does not apply to expert testimony; falls within scope of expert testimony |
| D-101 | 10/16/18 Law360 article: "Ex-King | FRE 402—irrelevant; | Relevant to damages; |

| | | | |
|---|---|---|---|
| | & Spalding Atty Fights Lien In Termination Suit" (K&S_0003588-89) | FRE 403—unfair prejudice and jury confusion; FRE 602—lacks foundation; FRE 701—opinion testimony by lay witnesses; FRE 702—outside scope of expert opinion; see Pl.'s Mot. in Limine [Concerning Media Coverage] (Doc. No. 196) | danger of unfair prejudice or confusion does not substantially outweigh probative value; FRE 602 does not apply to expert testimony; falls within scope of expert testimony |
| D-102 | 11/7/18 Law360 article: "Ex-King & Spalding Atty Says No Payout For Former Counsel" (K&S_0003592-93) (redacted) | FRE 402—irrelevant; FRE 403—unfair prejudice and jury confusion; FRE 602—lacks foundation; FRE 701—opinion testimony by lay witnesses; FRE 702—outside scope of expert opinion; see Pl.'s Mot. in Limine [Concerning Media Coverage] (Doc. No. 196) | Relevant to damages; danger of unfair prejudice or confusion does not substantially outweigh probative value; FRE 602 does not apply to expert testimony; falls within scope of expert testimony |
| D-103 | 2018 Form 1099-MISC (DJ876) | [N/A] | |
| D-104 | 2018 Form W-2 (DJ877) | [N/A] | |
| D-105 | 9/25/19 Opinion and Order of Judge Caproni (Dkt. 184) (redacted) | FRE 402—irrelevant; FRE 403—unfair prejudice and jury confusion; FRE 602—lacks foundation; FRE 701—opinion testimony by lay witnesses; FRE 702—outside scope of expert opinion; see Pl.'s Mot. in Limine | Relevant to damages; danger of unfair prejudice or confusion does not substantially outweigh probative value; FRE 602 does not apply to expert testimony; falls within scope of expert testimony; underlying merit of trial judge's opinion is irrelevant |

| | | [Concerning Media Coverage] (Doc. No. 196); see also Care Travel Co. v. Pan Am. World Airways, 944 F.2d 983, 992 (2d Cir. 1991) ("a trial judge is not permitted to add to the facts") | |
|---|---|---|---|
| D-106 | 9/26/19 Law360 article: "Ex-King & Spalding Atty Can't Nix Former Counsel's Payout" (K&S_0003586-87) (redacted) | FRE 402—irrelevant; FRE 403—unfair prejudice and jury confusion; FRE 602—lacks foundation; FRE 701—opinion testimony by lay witnesses; FRE 702—outside scope of expert opinion; see Pl.'s Mot. in Limine [Concerning Media Coverage] (Doc. No. 196); see also Care Travel Co. v. Pan Am. World Airways, 944 F.2d 983, 992 (2d Cir. 1991) ("a trial judge is not permitted to add to the facts") | Relevant to damages; danger of unfair prejudice or confusion does not substantially outweigh probative value; FRE 602 does not apply to expert testimony; falls within scope of expert testimony; underlying merit of trial judge's opinion is irrelevant |
| D-107 | 10/25/19 Law360 article: "Ex-King & Spalding Atty To Appeal Order On Counsel Payout" (K&S_0003594-95) (redacted) | FRE 402—irrelevant; FRE 403—unfair prejudice and jury confusion; FRE 602—lacks foundation; FRE 701—opinion testimony by lay witnesses; FRE 702—outside scope of expert opinion; see Pl.'s Mot. in Limine [Concerning Media Coverage] (Doc. No. | Relevant to damages; danger of unfair prejudice or confusion does not substantially outweigh probative value; FRE 602 does not apply to expert testimony; falls within scope of expert testimony; underlying merit of trial judge's opinion is irrelevant |

| | | 196); see also Care Travel Co. v. Pan Am. World Airways, 944 F.2d 983, 992 (2d Cir. 1991) ("a trial judge is not permitted to add to the facts") | |
|---|---|---|---|
| D-108 | 2019 Form W-2 (DJ891-92) | [N/A] | |
| D-109 | Website screenshot: Harvard Law School Career Services for Alumni (K&S_0003574-81) | FRE 602—lacks foundation | FRE 602 does not apply to expert testimony |
| D-110 | Website screenshot: Harvard Law School Job Search Resources (K&S_0003600-04) | FRE 602—lacks foundation; FRE 701—opinion testimony by lay witnesses; FRE 702—outside scope of expert opinion | FRE 602 does not apply to expert testimony; falls within scope of expert testimony |
| D-111 | Website screenshot: Harvard Law School Networking and Interviews (K&S_0003607-11) | FRE 602—lacks foundation; FRE 701—opinion testimony by lay witnesses; FRE 702—outside scope of expert opinion | FRE 602 does not apply to expert testimony; falls within scope of expert testimony |
| D-112 | Website screenshot: NYCBA Career Counselors Referral Program (K&S_0003572-73) | FRE 602—lacks foundation | FRE 602 does not apply to expert testimony |
| D-113 | Website screenshot: NYSBA Solo And Small Firm Resource Center (K&S_0003612-13) | FRE 602—lacks foundation; FRE 701—opinion testimony by lay witnesses; FRE 702—outside scope of expert opinion | FRE 602 does not apply to expert testimony; falls within scope of expert testimony |
| D-114 | Website screenshot: NYCBA Small Law Firm Overview (K&S_0003619-20) | FRE 602—lacks foundation; FRE 701—opinion testimony by lay witnesses; FRE 702—outside scope of | FRE 602 does not apply to expert testimony; falls within scope of expert testimony |

| | | expert opinion | |
|---|---|---|---|
| D-115 | Website screenshot: ABA Solo and Small Firm Resource Center (K&S_0003560-66) | FRE 602—lacks foundation; FRE 701—opinion testimony by lay witnesses; FRE 702—outside scope of expert opinion | FRE 602 does not apply to expert testimony; falls within scope of expert testimony |
| D-116 | 6/24/20 Memorandum Opinion and Order of Judge Caproni (Dkt. 243) (redacted) | FRE 402—irrelevant; FRE 403—unfair prejudice, jury confusion, and cumulative; FRE 602—lacks foundation; FRE 701—opinion testimony by lay witnesses; FRE 702—outside scope of expert opinion | Relevant to damages; danger of unfair prejudice or confusion does not substantially outweigh probative value; FRE 602 does not apply to expert testimony; falls within scope of expert testimony |
| D-117 | 6/24/20 Law360 article: "Ex-BigLaw Atty's In-Person Depo Bid Tossed As 'Tomfoolery'" (redacted) | FRE 402—irrelevant; FRE 403—unfair prejudice, jury confusion, and cumulative; FRE 602—lacks foundation; FRE 701—opinion testimony by lay witnesses; FRE 702—outside scope of expert opinion | Relevant to damages; danger of unfair prejudice or confusion does not substantially outweigh probative value; FRE 602 does not apply to expert testimony; falls within scope of expert testimony |
| D-118 | 9/11/20 Summary Order of Second Circuit (redacted) | FRE 402—irrelevant; FRE 403—unfair prejudice, jury confusion, and cumulative; FRE 602—lacks foundation; FRE 701—opinion testimony by lay witnesses; FRE 702—outside scope of | Relevant to damages; danger of unfair prejudice or confusion does not substantially outweigh probative value; FRE 602 does not apply to expert testimony; falls within scope of expert testimony |

| | | expert opinion | |
|---|---|---|---|
| D-119 | 9/11/20 Law360 article: "2nd Circ. Upholds Lien Against Fired King & Spalding Atty" (redacted) | FRE 402—irrelevant; FRE 403—unfair prejudice, jury confusion, and cumulative; FRE 602—lacks foundation; FRE 701—opinion testimony by lay witnesses; FRE 702—outside scope of expert opinion | Relevant to damages; danger of unfair prejudice or confusion does not substantially outweigh probative value; FRE 602 does not apply to expert testimony; falls within scope of expert testimony |

## XIII.   DEPOSITION DESIGNATIONS FOR USE IN CASE-IN-CHIEF

The parties do not anticipate that they will offer deposition testimony in their respective cases in chief.

## XIV.   FULL TRANSCRIPTS OF DESIGNATED DEPOSITIONS

N/A.

## XV.   DEPOSITION TRANSCRIPTS FOR IMPEACHMENT PURPOSES

### A.   Plaintiff:

Full transcripts of the depositions of David Tetrick, Phyllis Sumner, Christopher Jackson, Lisa Keyes, Robert Thornton, Paul Straus, Robert Perry, Wendy Waszmer, Richard Marooney, Carlynn Magliano Sweeney, Thomas Hubbard, Meredith Moss, and David Fine, which Plaintiff intends to use for impeachment purposes, are attached hereto as Exhibits F, G, H, I, J, K, L, M, N, O, P, Q, and R, respectively.

### B.   Defendant:

Full transcripts of the depositions of David A. Joffe, Gordon Kamisar, and Kristin Kucsma, which Defendant intends to use for impeachment purposes, are attached hereto as Exhibits S, T, and U, respectively.

PROSKAUER ROSE LLP

By: */s/ Joseph Baumgarten*

Joseph Baumgarten
Pinchos Goldberg
Eleven Times Square
New York, New York 10036
(212) 969-3000
jbaumgarten@proskauer.com
pgoldberg@proskauer.com

*Attorneys for Defendant*

DAVID A. JOFFE

*/s/ David A. Joffe*

David A. Joffe
155 Christopher Columbus Drive
Jersey City, NJ 07302
(516) 695-7086
davidajoffe@gmail.com

*Plaintiff Pro Se*


**SO ORDERED:**


_____
**Honorable Valerie Caproni, U.S.D.J.**