

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

Joseph Baumgarten
Member of the Firm
d 212.969.3002
f 212.969.2900
jbaumgarten@proskauer.com
www.proskauer.com

November 5, 2021

<u>Via ECF</u>

Hon. Valerie Caproni
United States District Judge
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

Re:   *David A. Joffe v. King & Spalding LLP*
      <u>17 Civ. 3392 (VEC)(SDA)</u>

Dear Judge Caproni:

We write on behalf of Defendant King & Spalding ("K&S") regarding various issues raised during the pretrial conference and in the Court's November 3, 2021 Order (Dkt. 291).

### ZTE Documents (Plaintiff's Exhibits 28, 49, 54, 56, and 61)

Defendant continues to object to the admission of these documents as exhibits. Subject to that objection, Defendant's position with respect to redactions is as follows:

- P-28:  To the extent that a portion of the footnote of the memorandum endorsement is admitted, the remainder of the document should be admitted as well. The document is short and admitting the document in its entirety will enable Defendant to provide context.

- P-49:  Defendant does not propose adding any additional text.

- P-54:  Defendant does not propose adding any additional text.

- P-56:  Defendant does not propose adding any additional text.

- P-61:  In its November 3, 2021 Order, the Court ordered that Plaintiff's ZTE exhibits, including P-61, "may be admitted with the redactions ordered at the final pretrial conference." However, the Court did not order any specific redactions with respect to this document. To the contrary, the Court stated that it was "inclined to exclude all of 61, under 403." Nov. 2, 2021 Tr. at 92:6-7. We believe that the document should not be admitted into evidence. We note, among other things, that P-61 was an order by Judge Kaplan made on a motion prepared by Clifford Chance seeking relief from the order compelling the Guo deposition. The comments for which the exhibit is being offered



Hon. Valerie Caproni
November 5, 2021
Page 2

concerning K&S were not central to Judge Kaplan's determination of the motion; indeed, Judge Kaplan made no finding whatsoever that the firm had engaged in any intentional misrepresentation (and Mr. Joffe has acknowledged that there was no intentional misrepresentation). Moreover, footnote 75 asserts that Clifford Chance had not submitted "sworn substantiation" that K&S "was not aware of Mr. Guo's unwillingness to travel to the U.S. at the time of the prior briefing." However, Mr. Straus and Mr. Perry had by that point submitted declarations attesting to this very point in response to Judge Kaplan's Order to Show Cause. *See* P-59 at ¶ 6 and P-60 at ¶ 7. Finally, we note that the decision in P-61 was dated August 11, 2015. By this point in time, Mr. Joffe claims to have <u>already</u> reported "concerns" to Mr. Forlenza and Mr. Thornton, *i.e.,* the decision post-dated Mr. Joffe's alleged report and the involvement of more senior attorneys at the firm. *See* Compl. ¶ 46. Accordingly, Judge Kaplan's August 11, 2015 order could not possibly have caused Mr. Joffe to have a reasonable and good faith belief that Messrs. Straus or Perry engaged in conduct that was "prejudicial to the administration of justice." For all of these reasons, the document is either irrelevant or, even if relevant, unduly prejudicial to K&S. The Court should adhere to the inclination expressed at the November 2 conference and exclude this document in its entirety.

**Privilege Log (Plaintiff's Exhibit 125)**

As K&S argued in its motion *in limine*, the privilege log should be excluded because privilege logs are not evidence, and any inferences drawn from the privilege log would be speculative and unduly prejudicial. *See* Dkt. 194 at 8-12 (citing cases). Indeed, if Mr. Joffe is permitted to speculate about the contents of privileged emails that neither he nor the jury will have seen, K&S will find itself in an untenable situation, as it will be unable to fully respond to Joffe's speculation without risking waiver of the privilege to rebut Mr. Joffe's suggested inferences.

In granting K&S's motion *in limine* to exclude the privilege log, the Court recognized these concerns, stating that "introducing the privilege log as evidence would require complex limiting instructions to the jury" as to "what a privilege log is and how it relates to attorney-client privilege," and would require the Court to "direct the jury not to draw adverse inferences" based on K&S's assertions of privilege. *See* Dkt. 256 at 63:13-64:4. The Court also noted that, if necessary, nothing prevented Mr. Joffe from "using the privilege log to refresh recollection of any witness regarding the chronology of relevant chains of communications." *Id*. at 64:4-7.

During the final pretrial conference, the Court initially said that it would adhere to its previous decision, explaining that while Mr. Joffe was entitled to show the privilege log to witnesses for purposes of cross-examination, "[t]he privilege log itself is not admissible" because it is "more confusing than enlightening," "essentially has no relevance," and "explaining it to the jury would be a very difficult undertaking." Nov. 2, 2021 Tr. at 129:6-131:4. The Court subsequently directed the parties to discuss a potential stipulation with respect to some of the privileged communications. *Id.* at 138:4-9.



Hon. Valerie Caproni
November 5, 2021
Page 3

We subsequently met and conferred with Mr. Joffe and were unable to agree upon a stipulation that would alleviate the risk of undue prejudice to K&S.  Disclosing a stipulation listing the same basic details about the privileged emails as would appear in a privilege log would subject K&S to the exact same risk presented by admission of the privilege log itself; namely, that that the jury would speculate about the contents of privileged communications and draw impermissible inferences.  The Court should adhere to its previous rulings and exclude the privilege log in its entirety.

**Public Dial Out Number for Trial**

Defendant has no objection to the Court's current intent not to provide a public dial out number for the trial.

**Electronic Exhibits and Redactions**

Defendant is sending electronic copies of the "Joint" and "Defendant's" exhibits to Chambers using Mimecast, which will provide a link from which the documents can be downloaded.

Defendant has made the following modifications to these exhibits:

- J-20:  Redacted client names.  *See* Nov. 2, 2021 Tr. at 47:24-48:12.

- D-42:  Added attachments to email, which bear bates numbers K&S_0003201-3205.  *See* Nov. 2, 2021 Tr. at 183:16-184:13.

- D-100:  Redacted Magistrate Judge Aaron's name; redacted last paragraph on first page.  *See* Nov. 2, 2021 Tr. 198:11-19.

- D-104:  Redacted apartment number and employer ID number.  *See* Nov. 2, 2021 Tr. at 199:14-18.

- D-106:  Redacted Magistrate Judge Aaron's name; redacted first, second, and eighth paragraphs on first page.  *See* Nov. 2, 2021 Tr. at 202:6-16, 202:24-205:2.

- D-108:  Redacted apartment number, employer ID number, and social security number.  *See* Nov. 2, 2021 Tr. at 203:15-22.

- D-119:  Redacted Magistrate Judge Aaron's name.  *See* Nov. 2, 2021 Tr. 198:18-19.

**Proposed Instruction Regarding Questions Read to Mr. Joffe**

Because Mr. Joffe has indicated that his direct testimony will be elicited through questions he has written that will be read to him by a non-lawyer friend, the Court permitted Defendant to

**Proskauer**

Hon. Valerie Caproni
November 5, 2021
Page 4

submit a proposed instruction on this subject.  *See* Nov. 2, 2021 Tr. 246:15-248:9.  Defendant proposes that the following charge be included in the preliminary jury instructions:

> Because Mr. Joffe is acting as his own lawyer in this case, he will have a non-lawyer friend ask him questions that Mr. Joffe himself has prepared.  Those questions are not evidence.  Only Mr. Joffe's answers under oath are evidence.

\* \* \*

We thank the Court for its attention to this matter.

Respectfully submitted,

By:   */s/ Joseph Baumgarten*

cc:  Counsel of record (via ECF)