**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**DAVID A. JOFFE,**

        **Plaintiff,**

**v.**

**KING & SPALDING LLP,**

        **Defendant.**

**Case No. 17-cv-3392 (VEC) (SDA)**

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
SECOND MOTION TO EXCLUDE THE TESTIMONY OF KRISTIN K. KUSCMA**

David A. Joffe, Esq. (pro se)
155 Christopher Columbus Drive
Jersey City, NJ 07302
516-695-7086
davidajoffe@gmail.com

## PRELIMINARY STATEMENT

Faced with mounting evidence of its unlawful retaliation and non-credible story,[1] Defendant King & Spalding LLP ("K&S" or "the Firm") makes yet another attempt to have the Court rescue the Firm from the consequences of its own conduct.  But if Defendant's second motion to exclude the testimony of the undersigned's damages expert—and its seemingly umpteenth motion to sidestep damages—looks familiar, that's because it is: K&S recycles the exact same arguments this Court already rejected more than two years ago.  See Op. & Order, Sept. 24. 2019 (Doc. No. 183) ("Expert Opinion").  Nothing has changed in the interval, except that now the verdict is mere hours away.  Respectfully, this Court should permit the jury to perform its role as the trier of fact.

## ARGUMENT

Defendant's latest attempt to avoid liability via motion to preclude the testimony of damages expert Ms. Kristin Kucsma (Doc. No. 320 ("New Brief")) is a rewrite of the Firm's initial brief with the same title (see Doc. No. 149 ("Old Brief")).  Indeed, other than the substitution of citations to trial testimony in the New Brief in place of citations to deposition testimony in the Old Brief, the two documents say the nearly the exact same thing.  Compare, e.g., Old Brief at 7 ("Kucsma Relies On The Unreliable Opinions of Joffe's Purported Employability Expert Gordon Kamisar"), and Old Brief at 24 (later-rejected argument to preclude based on "improper and unsupported assumptions that Joffe would have been promoted to partner or counsel ... and then started earning the purported average partner or counsel compensation just three years later"), with New Brief at 5 ("Kamisar's Testimony Does Not Establish A Predicate For Kucsma's calculations."), and id. (criticizing "assumption that Joffe

---

[1] See, e.g., Nov. 18, 2021 Trial Tr. at 959:23-961:7 (impeaching testimony of lead K&S witness Mr. David Tetrick).

would have achieved average (or median) earnings of a partner or counsel within three years of promotion").

K&S's arguments should be rejected for the exact same reasons as last time around:

_**First**_. Ms. Kucsma's calculations with respect to lost earnings in the But-For World _at King & Spalding_ are admissible independently of any "predicate" provided by vocational expert Mr. Gordon Kamisar.  See New Brief at 5.  And King & Spalding knows this, because it was explained to the Firm by no less an authority than Chief Justice Warren E. Burger in his opinion on behalf of a unanimous Supreme Court in Hishon v. King & Spalding, 467 U.S. 69 (1984), which held that a K&S senior associate may properly seek "compensatory damages in lieu of … promotion to partnership" under Title VII and that a contract claim like the one here "would lead to the same result," id. at 75.  Indeed, Mr. Kamisar was not permitted to testify at trial, see Expert Opinion at 13, and did not testify at trial, about K&S-specific promotion policies.  The undersigned's previous position as a partner-track King & Spalding associate—and, separately, even as an off-track associate eligible for consideration for return to partnership track—provide a sufficient foundation to admit Ms. Kucsma's damages calculations, which use the same numbers to calculate lost earnings with respect K&S specifically as with respect to Am Law 100 firms generally.

_**Second**_, K&S's argument against Ms. Kucsma's "assumption that Joffe would have achieved average (or median) earnings of a partner or counsel within three years of promotion," New Brief at 5, is a broken record.  This Court has already held:

> While the Court tends to agree with K&S that at the end of three-years, a newly minted partner is unlikely to be earning average partner compensation, the parties can present their competing evidence as to the typical length of time it takes for a newly minted partner to reach mean partner compensation, and the model can be adjusted as the trier of fact finds appropriate.

Expert Opinion at 18.

___*Third*___, Defendant seeks to exclude Ms. Kucsma's calculations of three alternative scenarios—that the undersigned would have become "**[i]** partner or **[ii]** counsel at one of an AmLaw 100 or **[iii]** [partner at an] AmLaw 200 firm or at a 'smaller' film that recruits lawyers with similar qualifications," New Brief at 5—on the basis that Mr. Kamisar "acknowledged that the chances of making partner at any AmLaw 100 firm are small," id.  But that misses the point of the Court's holding that Ms. Kucsma simply "provides three estimates for three discrete scenarios that do not consist of the entire universe of possibilities."  Expert Opinion at 17.  As the Court previously explained, the jury is smart enough to hold two notions simultaneously: while "there are other worse possibilities than the ones to which Mr. Kamisar testified—[e.g.,] Plaintiff might not have found a job at a top-200 firm at all"—"the damages estimates for each of the three scenarios [Ms. Kucsma] analyzed" can also be considered.  See id  Defendant provides no basis to now reconsider the well-reasoned law of the case.

___*Fiunally*___, King & Spalding's faultfinding arguments that Ms. Kucsma failed to weight the figures to control for differences between equity and non-equity partner compensation, see New Brief at 7-8, and that she used average compensation figures, see id. at 8, have also already been rejected by this Court.  Here again, as the Court held, "K&S can criticize Kucsma's methodology on cross-examination, and if the jury credits [K&S rebuttal damages expert Professor Thomas] Hubbard's testimony, it can appropriately reject or adjust Kucsma's estimates."  See Expert Opinion at 19.

**<u>CONCLUSION</u>**

For the reasons set forth herein, the undersigned respectfully requests that this Court deny in its entirety Defendant's second motion to preclude the testimony of Kristin Kuscma, and grant such other relief as the Court deems proper.


Dated: November 20, 2021                    By:        */s/ David A. Joffe*

                                            David A. Joffe, Esq. (<u>pro</u> <u>se</u>)
                                            155 Christopher Columbus Drive
                                            Jersey City, NJ 07302
                                            516-695-7086
                                            davidajoffe@gmail.com