# DAVID A. JOFFE, ESQ.

155 Christopher Columbus Drive, Jersey City, NJ 07302 • 516-695-7086 • davidajoffe@gmail.com

November 21, 2021

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: Joffe v. King & Spalding LLP, No. 17-cv-3392-VEC-SDA

Dear Judge Caproni:

The undersigned writes concerning several matters that arose during the first week of trial in the above-captioned action.

**Request for Curative Instruction Regarding Law-Firm Termination Practices**

During Mr. David Tetrick's examination by the undersigned, the Court asked the witness the following question:

> THE COURT: Perhaps -- could I ask a question to clarify, perhaps there are two ways that people -- three ways that people could leave a firm. They can **[i]** voluntarily leave on their own accord when everybody loves them and they have a party when they go, **[ii]** they can be told it's time for to you leave and you've got three months to leave, and **[iii]** they can be told you're fired and you're walked out the door. Is that a fair statement of the three possibilities?
>
> THE WITNESS: Those are three very common possibilities, yes.

Trial Tr. 961:8-17.

Per the undersigned's contemporaneous objection, the undersigned is concerned that the jury will accept the premise of the Court's question—that the three categories as stated above are a fair statement of the possibilities—as fact, when actually whether those categories are or are not a fair statement about an associate's possibilities is very much in contention between the parties. Notably, the evidence adduced so far shows that, at least at K&S, Category **[iii]** above—"*you're walked out the door*"—has been reserved for one and only one associate in the Firm's history: David A. Joffe.

The undersigned respectfully submits that he will be prejudiced by the undue weight the jury is likely to give to the factual premise of the above-quoted question. Accordingly, the undersigned respectfully requests a curative instruction from the Court to the jury stating that the Court

The Honorable Valerie E. Caproni                                                                                        Page 2
November 21, 2021

expresses no view on how frequently, if at all, national law firms terminate attorneys without any period of notice.

**Proposed Verdict Form**

The Court's initial proposed verdict form contained one check-yes-or-no question on liability. On November 19, Defendant proposed a new verdict form that required checking yes-or-no for every individual element of the undersigned's claim. The undersigned would be prejudiced by Defendant's version because it is unduly suggestive in that it requires up to four times as many check-marks for Plaintiff to win as it does for Defendant. See generally Richard H. Thaler & Cass R. Sunstein, Nudge (Yale University Press 2008). However, the undersigned also recognizes K&S's interest in setting forth the elements of the claim on which the undersigned bears the burden of proof in the verdict form.

Accordingly, the undersigned respectfully proposed a fair compromise version which returns the original check-yes-or-no question from the Court's proposed verdict sheet, but also sets forth the elements of the claim as they are summarized in the jury instructions. Per the parties' practice, the undersigned will contemporaneously email his proposed version to Chambers.

**Privilege Waiver**

Previously K&S had asserted attorney-client privilege over its internal ethics investigation into the ZTE Matter in 2015. At trial, however, Defendant waived that privilege with its questioning of ethics counsel Mr. Philip Forlenza on the subject of the internal investigation and its non-objection to the undersigned's questioning on the same matters. See, e.g., Nov. 19, 2021 Trial Tr. 1336:1-2 ("Q. And if this wasn't an internal investigation, why did you feel [reviewing the background of the case] was necessary?"); id. at 1337:20-23 ("Q. Do you recall learning anything about what had happened in the case to incur Judge Kaplan's displeasure that was not actually reflected in the pleadings and orders and transcripts that were filed in the case?").

Because Defendant's assertion of privilege over the 2015 investigation has now been waived, the undersigned respectfully requests that K&S be ordered to produce the emails in its privilege log (P-125) that contain the following subject matter description: "Reference to legal advice previously provided in connection with the ZTE matter." Each of these emails involved Mr. Bob Thornton, whose connection to the ZTE Matter was the very internal investigation over which privilege has now been waived. Accordingly, these emails should be produced immediately.

**Meredith Moss Testimony**

Defendant had proffered Ms. Moss's testimony because "Moss was a decision maker with respect to a [] significant decision upon which Plaintiff's claims are premised—his removal from the partnership track one year prior in 2015." (See Def.'s Letter (Doc. No. 227) at 1.)

The Honorable Valerie E. Caproni                                                                                          Page 3
November 21, 2021

Now, it turns out Ms. Moss wasn't quite the decisionmaker K&S had made her out to be:

> Q. And who is the person or who were the persons who made decision to remove Mr. Joffe from partnership track at the end of 2015?
>
> A. I made that decision, and I made it in conjunction with conversations with Mr. Ciatti, who was the chair of the [Associate Evaluation Committee], and with Ms. Keyes, who was the partner development partner, and Mr. Marooney.
>
> * * *
>
> *Q. What role, if any, did Ms. Moss play in the decision?*
>
> *A. Very little. Very little.*

Nov. 18, 2021 Trial Tr. 1028:25-1029:12.

The undersigned respectfully submits that Ms. Moss's testimony should be excluded as cumulative and a waste of time pursuant to Federal Rule of Civil Procedure 403.

Thank you for your consideration of the foregoing.

Respectfully submitted,

_/s/ David A. Joffe_
David A. Joffe, Esq. (pro se)
155 Christopher Columbus Drive
Jersey City, NJ 07302
516-695-7086
davidajoffe@gmail.com

Cc (via ECF): Counsel of record